UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  | ) | |
|  | ) | |
| In re: DAILY FANTASY SPORTS LITIGATION | ) | MDL No. 16-02677-GAO |
|  | ) | |
| This Document Relates To: | ) | |
|  | ) | |
| All Cases | ) | |
|  | ) | |
|  | ) | |

MDL PROCEDURAL ORDER No. 3 APPOINTING CO-LEAD COUNSEL,
LIAISON COUNSEL, AND EXECUTIVE COMMITTEE
March 31, 2016

O'TOOLE, D.J.

1.   After review of the various submitted applications for the leadership positions outlined in MDL Procedural Order No. 2 and in accordance with Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby appoints the following attorneys to positions within the plaintiffs' leadership structure:

A.  As co-lead counsel, Hunter J. Shkolnik, Melissa Emert, and Jasper D. Ward, IV.

B.  As liaison counsel, Christopher Weld, Jr.

C.  As members of the Executive Committee, John A. Yanchunis, Jennifer L. Duffy, D. Todd Mathews, W. Lewis Garrison, Jr., Kevin S. Hannon, Robert K. Shelquist, Michael J. Flannery, Alan Carl Milstein, and Richard S. Cornfeld.

On the basis of the submissions, I find that the above-named attorneys are able litigators who bring ample experience, knowledge, and resources to this complex litigation. See Fed. R. Civ. Pro. 23(g)(1)(A)(ii)–(iv). Notably, several of the above attorneys have performed substantial work in identifying, investigating, and developing the claims alleged. See id. at 23(g)(1)(A)(i).

This slate of attorneys also appears to have broad support among the plaintiffs' attorneys as a whole, further supporting a conclusion that they will fairly and adequately represent the interests of any plaintiff class. See Fed. R. Civ. Pro. 23(g)(1)(B), 23(g)(4).

The following additional provisions will govern the administration of the plaintiffs' leadership structure, subject to further order:

2. The appointments are personal in nature and may not be changed except by order of the Court.

3. Except with prior permission from the Court, no motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any plaintiff except through the Executive Committee.

4. Co-lead counsel shall have the following responsibilities:

   A. to chair the Executive Committee, which shall be generally responsible for coordinating the activities of plaintiffs' counsel during pretrial proceedings;

   B. to present, after consultation with the Executive Committee and other counsel as may be appropriate, personally or by a designee, the position of the plaintiffs on any matter arising during pretrial proceedings;

   C. to delegate specific tasks to other counsel to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically, including the creation of subject matter-specific or other working groups;

   D. to prepare and distribute to the parties periodic status reports, as appropriate;

   E. to prepare and to ensure the preparation by others of adequate and reasonable time and disbursement records where appropriate;

F.  to coordinate and lead discussions with the Court, other plaintiffs' counsel, defense counsel, and non-parties to ensure that court orders are followed, schedules are met, discovery is conducted and provided consistent with the requirements of Fed. R. Civ. P. 26, unnecessary expenditures of time and funds are avoided, and any negotiations are reasonably efficient and productive;

G.  to maintain an up-to-date comprehensive service list of plaintiffs' counsel in this MDL proceeding;

H.  to maintain and make available to other plaintiffs' counsel, on reasonable notice and at reasonable times, a complete set of all pleadings and orders filed and/or served in this MDL proceeding;

I.  to establish and maintain, in conjunction with the Executive Committee and to the extent deemed desirable by the Executive Committee, a physical or virtual depository of copies of exhibits and other documents produced in discovery located within the Court's jurisdiction, or otherwise accessible to all plaintiffs' counsel; and

J.  to participate in any class or group settlement discussions.

5.  Liaison Counsel shall have the following responsibilities:

A.  to serve in the Executive Committee;

B.  to communicate with the Court, Court staff, and other parties concerning scheduling, filing, case developments, and other non-substantive matters;

C.  to receive and distribute to plaintiffs' counsel, as appropriate, orders, notices, and correspondence from the Court;

3

D. to convene meetings of counsel, advise parties of developments, and otherwise assist in the coordination of activities and positions;

E. to act for the group in managing document depositories and in resolving scheduling conflicts.

6. The Executive Committee shall have the following responsibilities:

A. Discovery

i.   to initiate, coordinate, and conduct all pretrial discovery on behalf of the plaintiffs in all actions subject to this order;

ii.  to develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

iii. to cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas concerning any witnesses and documents needed to prepare for the trial of this litigation (similar requests, motions, and subpoenas may be caused to be issued by the Executive Committee upon written request by an individual attorney in order to assist him or her in the preparation of the pretrial stages of his or her client's particular claims); and

iv.  to conduct all discovery, by members or their designees approved by co-lead counsel, in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs.

B. Hearings and Meetings

    i.    to call meetings of counsel for the plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court;

    ii.    to initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters concerning pretrial proceedings;

    iii.    to examine witnesses and introduce evidence at hearings on behalf of the plaintiffs; and

    iv.    to speak for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

C. Trial

    i.    to coordinate the selection, management, and presentation of any common issue, "bellwether," and/or "test" case trials.

D. Settlement and Miscellaneous

    i.    to negotiate and propose settlement of cases on behalf of the plaintiffs or plaintiff groups, including exploring and, where appropriate, pursuing all settlement options concerning any claim or portion of any case filed in this litigation;

    ii.    to litigate any motions presented to the Court that involve matters within the responsibilities of the Executive Committee;

iii.    to negotiate and enter into stipulations with the defendants concerning this litigation, subject where appropriate to the objections of individual counsel and/or the approval of the Court;

iv.    to maintain adequate files of all discovery and pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all plaintiffs' counsel;

v.    to perform any task necessary and proper for the Executive Committee to accomplish its responsibilities, including organizing subcommittees or workgroups comprised of plaintiffs' attorneys not on the Executive Committee and assigning them tasks consistent with the duties of the Executive Committee; and

vi.    to perform such other functions as may be expressly authorized by further orders of this Court.

7.    Because cooperation among counsel and the parties is essential for the orderly and expeditious resolution of the litigation, the communication, transmission, or dissemination of information among plaintiffs' counsel shall be subject to the joint attorney-client privilege and the protections afforded by the attorney work-product doctrine, so long as the conditions necessary to create such a privilege or protection have been satisfied and the privilege or protection has not been waived.

8.   Accordingly, the "Weld Slate's" Motion for Appointment as Class Counsel (dkt. no. 132) is GRANTED. The alternative slate's Motion to Appoint Class Counsel (dkt. no. 131) is DENIED. The applications by Guy M. Burns (dkt. no. 130) and Frank L. Watson, III (dkt. no. 136) are also DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge