## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: DAILY FANTASY SPORTS LITIGATION<br><br>This Document Relates to:<br><br>All Cases | MDL No. 16-02677-GAO |

## CASE MANAGEMENT ORDER NO. 1

WHEREAS, on July 19, 2016, this Court conducted a status conference during which the parties and the Court discussed an Amended Master Complaint and after hearing oral argument, the Court instructed counsel to submit an agreed upon First Amended Master Complaint by August 19, 2016.

IT IS HEREBY ORDERED as follows:

### A. GENERAL PROVISIONS

1.     In its February 4, 2016 Transfer Order transferring MDL 2677, 2678 and 2679 proceedings to this Court, consolidated as MDL No. 2677, the Judicial Panel on Multidistrict Litigation found that "[c]entralization in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation... Centralization, therefore, will eliminate duplicative discovery, prevent inconsistent pretrial rulings, particularly with respect to class certification, and conserve the resources of the parties, their counsel, and the judiciary."

2.     Procedural Order No. 1 dated February 18, 2016, Procedural Order No. 3 (Appointing Plaintiffs' Co-Lead Counsel, Liaison Counsel and Executive Committee) dated March 31, 2016, and this Order were and are intended to streamline and simplify the operation

and management of MDL 2677 by reducing the need of the parties to file or respond to (and the Court to decide) pretrial motions in multiple underlying complaints. The Master Complaint is intended to bring together common allegations and claims asserted against Defendants in these MDL proceedings. The Master Complaint is and will continue to be a critical tool to organize and conduct motion practice, to address class certification, and to manage the discovery process. The Master Complaint shall be the operative pleading for these purposes. *In Re: General Motors LLC Ignition Switch Litigation,* MDL No: 11:14-md-02543-JMF, ECF Docket 875, Order No. 50, p. 3, ¶ 2.

3.     The provisions of this Order do not extinguish the claims of individual plaintiffs in the event class certification is denied, or the presentation of claims by individual plaintiffs who exclude themselves from any class that is certified, under procedures to be prescribed by the Court (after hearing from the parties) in connection with its class certification determinations. *In Re: General Motors LLC Ignition Switch Litigation,* MDL No: 11:14-md-02543-JMF, ECF Docket 875, Order No. 50, p. 3, ¶ 3.

**B.     MASTER COMPLAINT**

4.     By agreement with defense counsel and approval from the Court, Plaintiffs are granted until September 2, 2016 to file a First Amended Master Complaint. The First Amended Master Complaint will be the operative complaint that supersedes all previously filed individual complaints, and shall amend the claims and allegations in the Consolidated Consumer Class Action Complaint ("Consolidated Complaint") filed on June 30, 2016, and all complaints (a) now pending before the Court and coordinated as part of MDL 2677 by order of the Judicial Panel on Multidistrict Litigation, and (b) in any class actions filed directly in this Court under its original jurisdiction. *In Re: Pharmaceutical Industry Average Wholesale Price Litigation,*

MDL No. 1456, 1:01-cv-12257-PBS (D. Mass.), ECF Docket 135, CMO No. 2, p. 1.  With regard to any class actions subsequently transferred to the Court or filed directly in this Court under its original jurisdiction, the First Amended Master Complaint shall supersede and be the operative complaint as to any claims that are the same or substantially similar to claims asserted in the First Amended Master Complaint.  All other causes of action shall be dismissed without prejudice consistent with this Case Management Order.

5.    This superseding First Amended Master Complaint can include any and all claims and allegations against the Defendants regardless of whether or not they were included in previously filed individual complaints referred to MDL 2677. The permissibility of additional claims and parties to an MDL master complaint is evidenced in the court's treatment of the addition of plaintiffs and claims added to a consolidated complaint in *In re Fluidmaster, Inc. Water Connector Components Products Liability Litigation,* 1:14-cv-05696 (N.D. Ill. February 3, 2016) Memorandum Opinion and Order at p. 7 (emphasis in original):

> Shifting back to the question at hand, although the exercise of *consolidation* implies a gathering of *existing* claims, the fact that the consolidated complaint is not a perfect reflection of the underlying claims does not offend the consolidation process, nor does it unduly prejudice or benefit any party to this litigation . The complained-of additions here *(i.e.,* the addition of one putative state subclass and, as discussed below, an expansion in the number of Plaintiffs raising claims brought under California consumer protection laws) are not bad-faith attempts to refocus the litigation or to otherwise avoid some necessary procedural framework as was the case with Plaintiffs' attempt to add Plaintiff Smith; they are minor reworkings of *existing* claims amongst *existing* parties that reflect the natural evolution of claims in an MDL proceeding, and allowing these changes will assist in the efficient litigation of this consolidated proceeding.

6.    To the extent service has not been completed for any Defendant named in the First Amended Master Complaint, service of the First Amended Master Complaint in accordance with Fed. R. Civ. P. 4 will constitute proper service as to all related actions.

7.    The First Amended Master Complaint shall consist of:

a.   plaintiffs who have previously filed individual complaints transferred to
MDL 2677; and

b.   additional plaintiffs in cases that have been transferred to or consolidated
in this Court, including those designated as related actions if filed in the
District of Massachusetts.

8.   All plaintiffs to be named in the Master Complaint consent to the jurisdiction of
MDL 2677 and agree, only subject to further Order of the Court, to Massachusetts as venue
with respect to trial and all other related proceedings, without affecting any party's position on
choice of substantive law.

9.   Plaintiffs who have previously filed individual actions but have not been included
in the First Amended Master Complaint will be voluntarily dismissed without prejudice. The
Plaintiffs dismissing claims without prejudice will continue to be putative class members in the
lead case with respect to the claims asserted to the extent they are included in the putative class
definition.

10.   Except to the extent previously agreed upon or stipulated to by the parties, no
party subject to this Order waives any defense or concedes that the First Amended Master
Complaint relates back to the filing of any complaint in any action now coordinated before the
Court or subsequently transferred to the Court. No party waives any rights under the Federal
Rules governing joinder. This Order is made without prejudice to the right of any party to seek
severance of any claim or action, or otherwise to seek individual or distinct treatment of any
claim or issue. *In Re: Pharmaceutical Industry Average Wholesale Price Litigation,* MDL No.
1456, 1:01-cv-12257-PBS (D. Mass.), ECF Docket 135, CMO No. 2, p.1, ¶ 2.

**C.  DISMISSALS WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. 41(a)**

11. Plaintiffs' Lead-Counsel, as appointed by the Court on March 31, 2016, act as fiduciaries for the class. In an effort to represent the best interests of all purported classes, Plaintiffs' Lead-Counsel have the authority to put forth plaintiffs and claims in the First Amended Master Complaint.

12. In the process of selecting class representatives for the Consolidated Complaint filed on June 30, 2016 and the First Amended Master Complaint to be filed on September 2, 2016, Plaintiffs' Co-Lead Counsel and other Plaintiffs' counsel involved in the process did not (and will not) seek to prejudice any named Plaintiffs' existing claims or ability to continue participating as an absent class member for the claims asserted in the First Amended Master Complaint. *See generally In re GM LLC Ignition Switch Litigation,* MDL No. 2543, 2015 WL 3619584 (S.D.N.Y. June 10, 2015). *In Re: Pacquiao-Mayweather Boxing Match Pay-Per-View Litigation*, MDL No. 2639, 2:15-ml-02629-RGK (PLAx) (C.D. CA.), ECF Docket 85 p. 20, ¶ 15.

13. By joining the First Amended Master Complaint, those plaintiffs named in the First Amended Master Complaint, who had previously filed individual actions, have amended their prior pleadings in those actions, and their underlying individual complaints are hereby consolidated with the designated First Amended Master Complaint. *In Re: Pacquiao-Mayweather Boxing Match Pay-Per-View Litigation*, MDL No. 2639, 2:15-ml-02629-RGK (PLAx) (C.D. CA.), ECF Docket 85 p. 21, ¶ 17; *In Re: General Motors LLC Ignition Switch Litigation,* MDL No: 11:14-md-02543-JMF, ECF Docket 875, Order No. 50, p. 4, ¶ 5 (a). The Court shall order that the dockets of any underlying individual actions consolidated into the First Amended Master Complaint be administratively closed upon the filing of the First

Amended Master Complaint, and all subsequent filings pertaining to these actions shall be filed on the consolidated MDL 2677 docket only.

14.   With respect to plaintiffs whose complaints were filed in or transferred to MDL 2677, up until the entry of this Order, and have not been included as a plaintiff in the Consolidated Complaint and will not be named as a plaintiff in the First Amended Master Complaint, their claims that were included in the Consolidated Complaint and will be included in the First Amended Master Complaint are properly before the court by amendment of the individual complaints.

15.   With respect to plaintiffs whose complaints were filed in or transferred to MDL 2677, up until the entry of this Order, any allegations, claims and defendant(s) that are not included in the First Amended Master Complaint shall be deemed dismissed *without prejudice* with respect to individual plaintiffs who are not named in the First Amended Master Complaint pursuant to Fed. R. Civ. P. 41(a), unless such plaintiff not named in the First Amended Master Complaint is granted leave of Court to add his/her claims and/or allegations to the First Amended Master Complaint as described below. *In Re: Pacquiao-Mayweather Boxing Match Pay-Per-View Litigation*, MDL No. 2639, 2:15-ml-02629-RGK (PLAx) (C.D. CA.), ECF Docket 85 p. 21, ¶ 18; *In Re: General Motors LLC Ignition Switch Litigation*, MDL No: 11:14-md-02543-JMF, ECF Docket 875, Order No. 50, p. 5-6, ¶ 7.

16.   Subject to the approval of the Court, any such plaintiff not named in the First Amended Master Complaint and that has not already filed a notice of voluntary dismissal may object and seek leave of Court to add his/her claims to the First Amended Master Complaint for good cause shown, within five (5) days of the filing of the First Amended Master Complaint. Co-Lead Counsel and Defendants shall each have five (5) days to respond in writing to any such

objections. Any such objections and responses shall not exceed five (5) double-spaced pages and shall be electronically filed in MDL No. 16-02677 as well as the applicable case's individual docket. No replies shall be allowed without leave of Court. If the Court grants any objecting plaintiff's request to be added to the First Amended Master Complaint, Co-Lead Counsel shall have ten (10) days to file another amended pleading including that plaintiff's claims. *In Re: Pacquiao-Mayweather Boxing Match Pay-Per-View Litigation*, MDL No. 2639, 2:15-ml-02629-RGK (PLAx) (C.D. Cal.), ECF Docket 85 p. 2122, ¶ 19; *In Re: General Motors LLC Ignition Switch Litigation*, MDL No: 11:14-md-02543-JMF, ECF Docket 875, Order No. 50, p. 5-6, ¶ 7.

### D. STAY OF CASES FILED AFTER FIRST AMENDED MASTER COMPLAINT

17.    Any action transferred to this Court for inclusion in MDL 2677 after the filing of the First Amended Master Complaint shall be stayed, and no motion or responsive pleading to any allegations or claims or on behalf of a defendant reinstated by the Court shall be due unless and until ordered by the Court.

SO ORDERED:

Dated this **28** day of **Sept.** , 2016.

**/s/ George A. O'Toole, Jr.**

Hon. George A. O'Toole, Jr. United States
District Judge