IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re:  DAILY FANTASY SPORTS LITIGATION

MDL No. 1:16-md-02677-GAO

## NOTICE OF INTENT TO FILE MOTION TO DISMISS AND STATEMENT REGARDING MOTION TO COMPEL ARBITRATION

Pursuant to the Court's order at the September 29, 2016, hearing (Dkt. No. 291) ("Order"), Defendants Paysafecard.com USA, Inc., and Vantiv, Inc., ("Payment Processor Defendants") hereby state that they will not move to compel arbitration against the following plaintiffs:  Nelson Steiner, Brackie Bryant (as to claims related to the FanDuel Terms of Use only), Peter Johnson (as to claims related to the FanDuel Terms of Use only), and Aissa Khirani (as to claims related to the FanDuel Terms of Use only) ("Remaining Plaintiffs").

Pursuant to the Order, the Payment Processor Defendants hereby file a placeholder motion stating their grounds for their motion to dismiss the First Amended Master Class Action Complaint and Jury Demand (Dkt. No. 269) ("Complaint") as to the Remaining Plaintiffs.[1]  The grounds on which the Payment Processor Defendants currently intend to move to dismiss the Complaint include the following.

1. The Complaint fails to state a claim as to Count XXV, plaintiffs' Racketeer Influenced and Corrupt Organizations ("RICO") Act claim, against the Payment Processor Defendants for the following reasons.

---

[1] The Court's Order (Dkt. No. 291) directed the parties to file a "placeholder motion[], without accompanying briefing, stating the grounds for their motions to dismiss."  At the October 29 hearing, the Payment Processor Defendants' understanding was that only a statement of the bases for their anticipated motions was requested.  Nonetheless, in light of the wording of the Order, Payment Processor Defendants have styled this as a Notice of Intent.  Payment Processor Defendants expect to submit a fully briefed motion to compel arbitration on November 16, 2016, in accordance with the parties' September 28, 2016 stipulated scheduling order (Dkt. No. 283), and a subsequent motion to dismiss on such date as the Court further may determine.

    a. Plaintiffs do not have RICO Act standing because the alleged "gambling losses" are not an "injury to property" under the RICO Act, and because defendants' alleged actions did not proximately cause plaintiffs' injuries.

    b. The Complaint fails to state specific facts alleging the Payment Processor Defendants' operation or management of the alleged enterprises. The Payment Processor Defendants' alleged activities are merely the standard services of financial organizations performed for the alleged enterprises. Extensive case law holds that a financial organization's provision of standard services cannot amount to operation or management of a RICO enterprise.

    c. The Complaint fails to state specific facts that would show that the members of the alleged enterprises, each an alleged association-in-fact, have relationships with one another.

    d. The Complaint fails to state predicate acts that the Payment Processor Defendants allegedly committed.

    e. The Complaint fails to state specific facts sufficient to support the predicate acts asserted.

2. The Complaint fails to state a claim as to Count XXVI, plaintiffs' conspiracy to violate the RICO Act claim, against the Payment Processor Defendants for the following reasons.

    a. The Complaint fails to state a violation of the RICO Act for the reasons stated above.

  b. The Complaint fails to state nonconclusory allegations that the Payment Processor Defendants agreed to enter a conspiracy regarding the alleged enterprises.

3. The Complaint fails to state a claim as to Count XIII, plaintiffs' unjust enrichment claim against the Payment Processor Defendants, for the following reasons.

  a. The alleged benefit transferred from plaintiffs to the Payment Processor Defendants is either insufficiently alleged or too attenuated.

  b. An unjust enrichment theory cannot stand where, as here, a contract governs plaintiffs' transfer of the alleged benefit.

  c. The Complaint fails to state nonconclusory allegations sufficient to show that the alleged transfer to the Payment Processor Defendants was unjust, in light of plaintiffs' failure to show that the Payment Processor Defendants violated the RICO Act or any other statute.

4. Plaintiffs failed to effectuate service of process on defendant Paysafecard.com USA, Inc.

Additionally, the Payment Processor Defendants incorporate by reference any grounds for a motion to dismiss asserted by defendants DraftKings, Inc., and FanDuel, LLC that may be applicable to plaintiffs' claims against the Payment Processor Defendants.

Dated: November 2, 2016
Washington, District of Columbia

Respectfully submitted,

By: */s/ Lee F. Berger*  
    Behnam Dayanim (*pro hac vice*)  
    Lee F. Berger (*pro hac vice*)  
    Kathleen Sheridan (*pro hac vice*)  
    bdayanim@paulhastings.com  
    leeberger@paulhastings.com  
    kathleensheridan@paulhastings.com  
    Paul Hastings LLP  
    875 15th Street, N.W.  
    Washington, DC  20005  
    Telephone: (202) 551-1700  
    Facsimile:  (202) 551-1705  

    David S. Godkin (BBO#196530)  
    James E. Kruzer (BBO#670827)  
    Birnbaum & Godkin, LLP  
    280 Summer Street  
    Boston, MA 02210  
    Tel: (617) 307-6100  
    godkin@birnbaumgodkin.com  
    kruzer@birnbaumgodkin.com  

*Attorneys for Defendant Paysafecard.com USA, Inc.*

By: */s/ George R. Calhoun, V*  
    George R. Calhoun, V (*pro hac vice*)  
    Ifrah PLLC  
    1717 Pennsylvania Ave., N.W.  
    Washington, DC  20006  
    Tel: (202) 524-4140  
    george@ifrahlaw.com  

    David S. Godkin (BBO#196530)  
    James E. Kruzer (BBO#670827)  
    Birnbaum & Godkin, LLP  
    280 Summer Street  
    Boston, MA  02210  
    Tel: (617) 307-6100  
    godkin@birnbaumgodkin.com  
    kruzer@birnbaumgodkin.com  

*Attorneys for Defendant Vantiv, Inc.*

## **LOCAL RULE 7.1(a)(2) CERTIFICATE OF CONSULTATION**

    We, Lee F. Berger and George R. Calhoun, V, hereby certify pursuant to Local Rule 7.1(a)(2) that counsel for Defendant Paysafecard.com USA, Inc. and Defendant Vantiv, Inc. corresponded with counsel for Plaintiffs by phone on November 1, 2016 in an attempt to resolve the issue presented by this motion, but were unable to do so.

    /s/ *Lee F. Berger*  
    Lee F. Berger

    /s/ *George R. Calhoun, V*  
    George R. Calhoun, V

-5-

**<u>CERTIFICATE OF SERVICE</u>**

   I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 2, 2016.

                       */s/ Lee F. Berger*
                        Lee F. Berger (*pro hac vice*)