IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re:  DAILY FANTASY SPORTS LITIGATION

MDL No. 1:16-md-02677-GAO

**DEFENDANT DRAFTKINGS, INC.'S STATEMENT REGARDING PLAINTIFFS FOR WHOM IT WILL NOT MOVE TO COMPEL ARBITRATION**

Pursuant to the Court's order at the September 29, 2016 hearing (*see* ECF No. 291), Defendant DraftKings, Inc. ("DraftKings") hereby states that it will move to compel arbitration as to all named plaintiffs in the First Amended Master Class Action Complaint ("Master Complaint")[1] except for plaintiff Nelson Steiner.

As alleged in the Master Complaint, Mr. Steiner is a resident and citizen of Florida who purports to bring claims against DraftKings as a representative for the use and benefit of the State of Florida.  Compl. ¶ 50.  Mr. Steiner has never had an account with or entered a contest on DraftKings.  *Id.*  Rather, he asserts claims for alleged gambling losses as a "concerned citizen of the State of Florida."  *Id.*  Mr. Steiner contends that he "is authorized by Florida Statutes § 849.12, *et seq.*, to pursue these claims."  *Id.*

Upon resolution of DraftKings' motion to compel arbitration, DraftKings intends to move to dismiss Mr. Steiner's claims pursuant to Federal Rules of Procedures 12(b)(1) and 12(b)(6) for

---

[1] DraftKings notes that 21 of the 51 putative state subclasses set forth in the Master Complaint lack named plaintiffs (these states include Alaska, Delaware, Hawaii, Idaho, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Mississippi, Montana, Nebraska, Nevada, North Dakota, Oklahoma, Rhode Island, South Dakota, Vermont, Washington, and Wyoming).  To the extent named plaintiffs representing these putative classes are later added to the Master Complaint, DraftKings reserves the right to move to compel those plaintiffs to arbitrate their claims.  If no named plaintiffs are added to represent those putative classes, DraftKings intends to move to dismiss or strike all claims brought on those classes' behalf for lack of standing.

lack of subject matter jurisdiction and failure to state a claim. DraftKings anticipates that the motion will be based on at least the following grounds:[2]

*First*, because he does not allege to have suffered any cognizable injury, Mr. Steiner lacks Article III standing to bring any federal or state statutory or common law claims against DraftKings.

*Second*, Florida law does not permit Mr. Steiner to act as a private attorney general to recover others' losses on the state's behalf. Mr. Steiner cannot bring a claim "for the use and benefit of the State of Florida" under Florida Statutes § 849.12 *et seq.* because the Florida Legislature repealed the private right of action under that section in 1974. *See Crawley v. Clear Channel Outdoor, Inc.*, No. 8:10-CV-01238, 2011 WL 748162, at *2-3 (M.D. Fla. Feb. 24, 2011) (dismissing claim for recovery of plaintiff's own gambling losses because "[t]here fails to exist a statute within Chapter 849 that creates a cause of action and authorizes a particular suit"). Even before the private right of action was repealed, it was limited to plaintiffs who suffered losses and, under certain circumstances, extended family members and did not extend to "concerned citizens" with no injury-in-fact. *See* § 849.27, Fla. Stat. (1973) (repealed 1974) (permitting loser to recover, for his own benefit, the amount of his loss and reasonable attorney's fees and to seek, for the benefit of the State of Florida, an amount equal to the losses, and permitting extended family members to bring claims if the loser does not file within 90 days).

*Third*, even if a private right of action for plaintiffs with no injury and no relation to an injured party existed, Mr. Steiner fails to state a claim for the recovery of gambling losses by any resident of Florida who lost money on DraftKings' website because he fails to identify the nature, amount, and date of any specific losses he seeks to recover.

---

[2] DraftKings reserves the right to amend or supplement these arguments as necessary.

Dated: November 2, 2016                                                  Respectfully submitted,

/s/ Leigh M. Nathanson
Damien Marshall (*pro hac vice*)
Leigh M. Nathanson (*pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, New York 10022
212.446.2365
dmarshall@bsfllp.com
lnathanson@bsfllp.com

*Attorneys for Defendant DraftKings, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that this document has been filed through the ECF system on November 2, 2016 and that, as a result, each counsel of record received an electronic copy of this filing on November 2, 2016.

      /s/ Leigh M. Nathanson
      Leigh M. Nathanson (*pro hac vice*)