UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| In re: DAILY FANTASY SPORTS LITIGATION | ) | MDL No. 16-02677-GAO |
| | ) | |
| This Document Relates To: | ) | |
| | ) | |
|    All Cases | ) | |
| | ) | |

**PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING
FANDUEL ARBITRATION FORMATION**

Plaintiffs submit the following in response to this Court's Order (DE#357) to address *Meyer v. Uber*, Docket Nos. 162750cv, 162752cv, 2017 WL 3526682 (2d. Cir. Aug. 17, 2017). At oral argument on FanDuel's Motion to Compel Arbitration, this Court sought a clearly defined, objective standard to apply to registration screens to determine if a user had reasonably conspicuous notice of an arbitration agreement and unambiguously manifested assent to it. In *Meyer,* the Second Circuit has provided the closest thing yet to a bright line rule. Under that bright line rule, FanDuel's registration method fails and Plaintiffs never agreed to an arbitration agreement.

The Second Circuit honed in on the registration screen's details to analyze how the arbitration agreement was presented to the user: "we must consider whether Meyer was on inquiry notice of the arbitration provision by virtue of the hyperlink to the Terms of Service on the Payment Screen and, thus, manifested his assent to the agreement by clicking 'Register.'" *Id.* at *21. The Second Circuit began its analysis by noting that "a reasonably prudent smartphone user knows that text that is highlighted in blue and underlined is hyperlinked to another webpage where additional information will be found." *Id.* at *24. The court found that the reason those blue, underlined hyperlinks gave reasonable notice was that the screen where the user

1

encountered them was "uncluttered" by other information. *Meyer* at *24. Further, the blue and underlined hyperlinks, though small, were in "dark print [that] contrasts with the bright white background." *Id.* Finally, the Second Circuit noted that because the account creation was "coupled with the mechanism for manifesting assent - *i.e.,* the register button - the notice is temporally coupled." *Id.* at 25. In sum, the Second Circuit broke down the analysis into four factors, with the first a thread running through the last three: (1) what the hyperlinks look like; (2) how cluttered the screen appears around those hyperlinks; (3) the visibility of the hyperlinks in relation to the background; and (4) whether the hyperlinks were coupled with the mechanism for user assent. FanDuel objectively fails all four prongs.

Under the first and most important prong, FanDuel's link to the Terms of Use were neither blue nor highlighted, while other hyperlinks *were* blue. *See, e.g.,* FanDuel's Motion to Compel Arbitration, DE#318-2 at pg. 2; DE#318-3 at pg. 2 and Plaintiffs' First Amended Master Class Action Complaint and Jury Demand ("Complaint") (DE#269) at ¶272. This should end the analysis, as the Second Circuit clearly found the presentation of clear, universally recognized hyperlinks was the most relevant factor as to whether there was reasonably conspicuous notice, and it used the other three factors to determine whether Uber obscured those hyperlinks. FanDuel's links were not reasonably conspicuous because they do not look like what a reasonably prudent internet user knows to be hyperlinks; instead they were disguised so as to *not* resemble the other hyperlinks.

Under the second prong, FanDuel's non-blue, non-underlined hyperlink is contained in lines of text that are more cluttered than Uber's screen, which did not include any additional language or communication to the user. *See Meyer* at Addendum A. This further obscures the existence of a link to an arbitration agreement, especially when the other elements are the more

well-known blue hyperlink. *See* DE#318-2 at pg. 2; DE#318-3 at pg. 2, Complaint at ¶272.

FanDuel fails the third prong as well. The Second Circuit found that Uber's hyperlink was clearly communicated despite its small font because the "dark print contrasts with the bright white background." *Id.* at *25. However, FanDuel's hyperlink was only slightly more bolded than the text around it and was not clearly set against a white background, and was not blue or underlined.

Finally, Uber's manifestation of assent was through a button that said "Register" and was directly above the link to the arbitration agreement, which was temporally and spatially connected to the user's assent, and communicated to the user that "By creating an Uber account" the user was agreeing to the arbitration agreement. *See Meyer* at Addendum A. The Second Circuit found that a button saying "Register Now" meant that "a reasonably prudent smartphone user would understand the terms were connected to the creation of a user account." *Meyer* at *25-26. In contrast, the FanDuel "Play Now" button is *not* immediately above a clear hyperlink to the Terms of Service. In between is a larger font, blue hyperlink that separates the button manifesting assent from the less obvious link to the arbitration agreement. Perhaps more importantly, FanDuel's registration button said "Play Now" and the arbitration agreement was linked after language that said "By signing up" (*See* DE#318-2 at pg. 2) or "By joining" (Complaint at ¶272). A reasonably prudent user may not understand "Play Now" was the same as joining because FanDuel heavily advertised free games and free money. *See* Complaint at, e.g., ¶¶142, 233, 269. FanDuel thus fails this factor.

Although the Court of Appeals in *Meyer* compelled arbitration, it relied on objectively identified factors that show that FanDuel falls well short of the notice and assent requirements to form a contract to arbitrate in the Second Circuit.

Respectfully Submitted,

/s/ Christopher Weld, Jr.
Christopher Weld, Jr. (BBO#522230)
TODD & WELD LLP
One Federal Street
Boston, MA 02110
Telephone: (617) 720-2626
Email: cweld@toddweld.com

*Liaison Counsel and Executive Committee Member*

Hunter J. Shkolnik
NAPOLI SHKOLNIK, PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Telephone: (212) 397-1000
hunter@napolilaw.com

Jasper D. Ward IV
Alexander C. Davis
JONES WARD PLC
1205 E. Washington Street, Suite 111
Louisville, KY 40206
Telephone: (502) 882-6000
jasper@jonesward.com
alex@jonesward.com

Melissa R. Emert
Howard T. Longman
STULL, STULL & BRODY
6 East 45th Street New York, NY 10017
Telephone: (212) 687-7230
memert@ssbny.com
hlongman@ssbny.com

*Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

  I, Christopher Weld, Jr., hereby certify that on this 25th day of August, 2017, this document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), pursuant to Local Rule 5.4(C).

                  /s/ Christopher Weld, Jr.