**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| )<br>**In re: DAILY FANTASY SPORTS** )<br>**LITIGATION** )<br>)<br>**This Document Relates to:** )<br>**No. 1:16-cv-10036** )<br>**Rohrs v. DraftKings, Inc.,** )<br>) | **MDL No. 16-02677-GAO** |

**MOTION FOR AN ORDER TO PERMIT PARTICIPATION
IN MEDIATION SCHEDULED FOR JUNE 13, 2019**

Plaintiffs Jeremy Rohrs, Scott Tyler and Owen McGrew hereby move to be permitted to attend and participate in the mediation currently scheduled to take place in this litigation on June 13, 2018.  Plaintiff Rohrs is a Massachusetts resident who has alleged only one count arising under Massachusetts state law, G.L. c.137, a statute that entitles Massachusetts customers to a refund of triple all *entry fees* they paid since December 14, 2012.  G.L. c.137 is a pure rescission statute that does not require Plaintiffs to prove damages or to demonstrate anything other than payment for a chance to win a prize.  Plaintiffs Tyler and McGrew are the only Ohio residents to have filed a class action against DraftKings and FanDuel, including under the Ohio statute that permits recovery of all gambling losses, ORC §3763.04.  Furthermore, in both Massachusetts and Ohio, all losses throughout the state can be recovered by one Plaintiff, without the necessity of a class action.

Plaintiff Rohrs has argued that his lawsuit presents a unique, more valuable claim that is not subject to removal or to many of the defenses alleged by DraftKings in this litigation.  Likewise, Plaintiffs Tyler and McGrew contend that their claim arising under

the Ohio state statute makes their claims more valuable than the claims of class members whose states of residence have no parallel law.

Attorney Connick has requested permission to attend the mediation on behalf of Ohio class members, but has been rebuffed with no assurance that the Ohio Subclass's rights will be adequately protected. *See Exhibit A*.

Plaintiffs Rohrs, Tyler and McGrew assert the right to attend the scheduled mediation, through their respective counsel John Pentz and Thomas Connick, in order to protect the unique rights of Massachusetts and Ohio class members. While these Plaintiffs understand the need to limit the number of attorneys in attendance for logistical reasons, there should be separate, independent representation at the mediation for each distinct subclass. Because class members from Massachusetts and Ohio arguably have more valuable claims than the rest of the class, they should have an independent representative in attendance at the mediation to protect their interests in order to avoid what happened in *Espinosa v. Ahearn*, 881 F.3d 679, 700 fn. 19 (9th Cir. 2018) (multistate settlement rejected for failure to properly compensate more valuable Virginia claims, among other problems).

**CONCLUSION**

WHEREFORE, Plaintiffs Rohrs, Tyler and McGrew move for entry of an ORDER requiring Plaintiffs' Lead Counsel to permit Attorneys Pentz and Connick to attend the mediation scheduled for June 13, 2018.

Respectfully submitted,
Plaintiff Jeremy Rohrs,
By his attorney,

*/s/ John J. Pentz*
John J. Pentz, Esq.
BBO #561907
19 Widow Rites Lane
Sudbury, MA 01776
T: 978.261.5725
F: 978.405.5161
jjpentz3@gmail.com

Plaintiffs Tyler and McGrew,
By their attorney,

*/s/ Thomas J. Connick*
Thomas J. Connick (0070527)
Connick Law, LLC
25550 Chagrin Blvd., Suite 101
Cleveland, OH 44122
PH: (216) 364-0512
FX: (216) 609-3446
tconnick@connicklawllc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2018 I filed the foregoing via the ECF filing system for the United States District Court for the District of Massachusetts, and that as a result each counsel of record received an electronic copy of this filing on June 1, 2018.

*/s/ John J. Pentz*
John J. Pentz
