**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In Re: DAILY FANTASY SPORTS LITIGATION**<br><br>**This document relates to:**<br><br>　　All Cases | MDL No. 16-02677-GAO<br>Leave Granted:<br>07/13/18 (Docket: 377)<br>(O'Toole, J.) |

**PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING**
**FANDUEL ARBITRATION FORMATION**

Plaintiffs submit the following in response to this Court's Order (DE#377) to address the First Circuit Court of Appeal's opinion in *Cullinane v. Uber*, Docket No. 2016-2023 (1st Cir. June 25, 2018).

One of the major attacks on the enforceability of FanDuel's arbitration claim is that the design and content of its user interface on which Plaintiffs allegedly agreed to arbitration did not make these terms sufficiently conspicuous such that the user evidenced unambiguous assent to the terms. The focus of the argument was on the format and content of the user screen. At oral argument on FanDuel's Motion to Compel Arbitration, this Court sought a clearly defined, objective standard to apply to registration screens to determine if a user had reasonably conspicuous notice of an arbitration agreement and unambiguously manifested assent to it. Since the argument, the First Circuit has, like the Second Circuit in *Meyer v. Uber*, 868 F.3d 66 (2d Cir. 2017), provided further guidance and clarity on the standard applied to FanDuel's method of assent.

Specifically, the First Circuit has made clear that "conspicuous notice" means that terms are "so written, displayed or presented that a reasonable person against which it is to operate ought to have noticed it." *Cullinane* at \*19, *citing* Mass. Gen. Laws ch. 106, § 1-201(b)(10)[1]. Further, the *Cullinane*

---

[1] Although New York law applies to the FanDuel formation issues, the New York UCC counterparts to the Massachusetts UCC provision upon which the *Cullinane* Court relied are the same. New York law defines "conspicuous" as follows:

1

Court held that the issue of whether a term is conspicuous is for the court to decide. *Cullinane* at *19 (citing Massachusetts UCC which is identical to New York UCC provision.) ("Whether a term is conspicuous or not is a decision for the courts.") NY CLS UCC §1-201(b)(10).

As to FanDuel's registration screen, the First Circuit, like the Second Circuit in *Meyer*, honed in on the details to analyze whether how Uber presented the arbitration agreement to the user was "conspicuous": "Several nonexhaustive characteristics that make a term conspicuous include using larger and contrasting font, the use of headings in capitals, or somehow setting off the term from the surrounding text by the use of symbols or other marks." *Id.* at *19-20. In addition, how the link itself was displayed was crucial. *Id.* at *20, citing Ajemian v. Yahoo!, Inc.,* 987 N.E. 2d 604, 612 (Mass. App. Ct. 2013). The First Circuit found Uber's sign-in method wanting, for the same reasons this Court should find FanDuel did not conspicuously convey the arbitration provisions to its users.[2]

"First, Uber's 'Terms of Service & Privacy Policy' hyperlink did not have the common appearance of a hyperlink. While not all hyperlinks need to have the same characteristics, they are 'commonly blue and underlined.'" *Id.* at *21, citing *CR Assocs. L.P. v. Sparefoot, Inc.*, No. 17-10551-LTS, 2018 WL 988056 at *4, n.4 (D. Mass. Feb. 20, 2018) and *Fteja v. Facebook, Inc.*, 841 F.Supp. 2d 829, 835 (S.D.N.Y. 2012). In *Cullinane*, the "hyperlink was presented in a gray rectangular box in white bold text…[which] raise[d] concerns as to whether a reasonable user would have been aware that the gray rectangular box was actually a hyperlink." *Id.* at *21. Here, FanDuel's hyperlink was not blue and not underlined, while other hyperlinks *were* blue. The First Circuit in *Cullinane* also noted that the hyperlink actually looked like other elements of the sign-in screen, further obscuring its identity as a hyperlink. *Id.* at *22. Similarly, FanDuel's links were the same font as other, non-link elements. Finally, the First Circuit found that including a "large blue PayPal button in the middle of the screen was

---

"'Conspicuous', with reference to a term, means so written, displayed, or presented that a reasonable person against which it is to operate ought to have noticed it." NY CLS UCC § 1-201(b)(10).
[2] For the Court's convenience, color copies of the registration screens in Uber and FanDuel are attached as Exhibit A.

more attention-grabbing and displaced the hyperlink to the bottom of the screen", which made the Terms "even less conspicuous." *Id.* at *23. FanDuel's "Play Now" button was large, green, in the middle of the screen and above the hyperlink. *See, e.g.,* FanDuel's Motion to Compel Arbitration, DE#318-2 at pg. 2; DE#318-3 at pg. 2 and Plaintiffs' First Amended Master Class Action Complaint and Jury Demand ("Complaint") (DE#269) at ¶272. Taken together, FanDuel's sign-in screen does not pass muster under either *Meyer* or *Cullinane.*

In sum, under both *Meyer* and *Cullinane*, FanDuel's sign-in method fails the test for reasonable and conspicuous notice and, therefore, FanDuel did not form an arbitration agreement with Plaintiffs.

Respectfully Submitted,

/s/ Christopher Weld, Jr.
Christopher Weld, Jr. (BBO#522230)
TODD & WELD LLP
One Federal Street
Boston, MA 02110
Telephone: (617) 720-2626
Email: cweld@toddweld.com

*Liaison Counsel and Executive Committee Member*

Hunter J. Shkolnik
NAPOLI SHKOLNIK, PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Telephone: (212) 397-1000
hunter@napolilaw.com

Jasper D. Ward IV
Alexander C. Davis
JONES WARD PLC
1205 E. Washington Street, Suite 111
Louisville, KY 40206
Telephone: (502) 882-6000
jasper@jonesward.com
alex@jonesward.com

>Melissa R. Emert
>Howard T. Longman
>STULL, STULL & BRODY
>6 East 45th Street New York, NY 10017
>Telephone: (212) 687-7230
>memert@ssbny.com
>hlongman@ssbny.com
>
>*Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I, Christopher Weld, Jr., hereby certify that on this 20th day of July, 2018, this document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), pursuant to Local Rule 5.4(C).

>/s/ Christopher Weld, Jr.

4821-7539-2621, v. 4