# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: DAILY FANTASY SPORTS LITIGATION | 1:16-md-02677-GAO |

**DEFENDANTS FANDUEL, INC. AND FANDUEL DEPOSITS, LLC'S
RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEFING REGARDING FANDUEL
<u>ARBITRATION FORMATION (LEAVE TO FILE GRANTED ON AUGUST 10, 2018)</u>**

Pursuant to the Court's August 10, 2018 Order (ECF No. 380), Defendants FanDuel, Inc. and FanDuel Deposits, LLC (collectively, "FanDuel") submit this Response to Plaintiffs' Supplemental Briefing Regarding FanDuel Arbitration Formation. (Dkt. No. 378.)

Plaintiffs claim that the First Circuit's recent opinion in *Cullinane v. Uber Technologies, Inc.*, 893 F.3d 53 (1st Cir. 2018), clarifies the law on Internet-based contract formation and effectively precludes a finding that Plaintiffs — players who voluntarily chose to register accounts and participate on FanDuel's site — agreed to arbitrate their claims with FanDuel. Respectfully, Plaintiffs are wrong. *Cullinane* does not change the fact that, under the great weight of applicable, on-point authority, the parties here entered into a valid, binding agreement to arbitrate. FanDuel submits that that agreement should be enforced.

*First*, and fundamentally, *Cullinane* was decided under the law of the wrong jurisdiction — Massachusetts rather than New York. While the Federal Arbitration Act ("FAA") governs enforcement of FanDuel's arbitration provision as a general matter, state-law principles govern whether the parties formed an agreement to arbitrate in the first instance. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). For purposes of FanDuel's motion, there is no question as to which state's law governs the issue of contract formation. On September 28, 2016, the parties filed a stipulation in which they agreed that **New York law** applies. (*See* ECF No. 283; *accord* ECF No. 332 at 6 (admitting that formation is a "question of state contract law" and acknowledging that "[t]he parties have stipulated that New York law applies . . . ."); ECF No. 378 at 1 n.1.) *Cullinane*'s formation analysis, on the other hand, relies entirely on **Massachusetts state law**. *See* 893 F.3d at 61.

Although Plaintiffs try to brush this distinction aside, in fact, it matters. The *Cullinane* court expressly acknowledged that the Massachusetts Supreme Judicial Court "has not addressed the issue of contract formation for online agreements." *Id.* The First Circuit thus was forced to look to a single Massachusetts intermediate appellate court opinion, *Ajemian v. Yahoo!, Inc.*, 83 Mass. App. Ct. 565 (2013), and Massachusetts state statutes for guidance. *Cullinane*, 893 F.3d at 61. In New York, on the other hand, courts have repeatedly addressed online agreements and

1

concluded that formation processes virtually identical to those of Uber, FanDuel, and various other companies, were sufficient to establish mutual assent. *See, e.g.*, *Meyer v. Kalanick*, 291 F. Supp. 3d 526, 533 (S.D.N.Y. 2018); *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 839-41 (S.D.N.Y. 2012); *5381 Partners LLC v. Shareasale.com, Inc.*, No. 12-CV-4263 (JFB)(AKT), 2013 WL 5328324, at *3-9 & n.2 (E.D.N.Y. Sept. 23, 2013); *Starke v. Gilt Groupe, Inc.*, No. 13 Civ. 5497(LLS), 2014 WL 1652225, at *1 (S.D.N.Y. Apr. 24, 2014). In fact, less than one year ago, the Second Circuit Court of Appeals reached the opposite conclusion of *Cullinane* and found that Uber's Internet-based registration process provided sufficient notice of Uber's Terms of Service, including the arbitration agreement. *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 77-78 (2d Cir. 2017). As the Second Circuit explained, when plaintiff arrived at the payment screen, the screen was uncluttered, "[t]he entire screen [wa]s visible at once, and the user d[id] not need to scroll beyond what [wa]s immediately visible to find the notice of the Terms of Service." *Id.* at 78. The print advising the user of the terms was in dark print set against a white, contrasting background. *Id.* Thus, "a reasonably prudent smartphone user would have constructive notice of the terms." *Id.* at 79.[1]

FanDuel's registration process shares all of these characteristics. (*See* ECF No. 359 at 2-3 (detailing similarities between Uber's registration process upheld in *Meyer* and FanDuel's registration process.) In fact, at the hearing on FanDuel's motion on July 12, 2017 (just before the Second Circuit decided *Meyer* in Uber's favor), Plaintiffs' counsel asserted that Uber's registration process in *Meyer* was the "closest" or "most similar" to that of FanDuel. (ECF No. 353, Jul. 12, 2017 Hrg. Tr. at 36:10-25.) Under *Meyer* and the numerous other, controlling decisions of the New York courts and the Second Circuit, FanDuel's registration process was more than sufficient to provide Plaintiffs with at least constructive knowledge of FanDuel's

---

[1] Another New York federal court reaffirmed this conclusion just months ago. *See Meyer*, 291 F. Supp. 3d at 533 ("[T]he Second Circuit concluded last August that the notice provided by Uber [of the arbitration provision] was sufficient as a matter of law.").

terms.  (*See* ECF No. 318 at 7-9; ECF No. 336 at 1-6; ECF No. 359 at 1-3.)[2]

   ***Second***, even if the *Cullinane* analysis applies here, it would dictate a result in favor of FanDuel, not Plaintiffs.  *Cullinane* evaluated whether Uber's terms were "reasonably communicated" to plaintiffs — that is, whether Uber provided "reasonably conspicuous notice" of the terms' existence.  893 F.3d at 61 (citation and quotation marks omitted).  The court noted that Uber's bolded (but not blue or underlined) hyperlink to its terms "may have been sufficient" to create such notice but for certain other features that "diminished the conspicuousness of the 'Terms of Service & Privacy Policy' hyperlink."  *Id.* at 63.  Many of those other features are not present here.  For example, *Cullinane* took issue with the presence of multiple buttons, headers, and hyperlinks of equal or greater prominence taking up significant real estate on Uber's registration screen.  *Id.*  FanDuel's registration screen is comparatively free of purported distractions.  (*See* ECF Nos. 318-2, 318-3.)  And, far from being outshined by other, more prominent hyperlinks, the bolded reference to FanDuel's Terms of Service stands out to the user.  (*See id.*)[3]  Further, in *Cullinane*, the language advising the user that, by creating an Uber account, he or she was agreeing to Uber's terms of service was written in dark grey text against a black background.  893 F.3d at 56-57.  Here, by contrast, FanDuel's text notifying the user of the Terms of Service was prominent and in dark text set against a light background.  (*See* ECF No. 359 at 3.)  Even under *Cullinane*'s test, FanDuel passes.

---

  [2] Although *Meyer* applied California law, it concluded that "New York and California apply 'substantially similar rules for determining whether the parties have mutually assented to a contract term.'"  868 F.3d at 74.  And, indeed, California courts have repeatedly found that Uber's registration process, as well as other processes like FanDuel's, were sufficient to provide constructive notice.  *See, e.g., Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 988-89 (N.D. Cal. 2017); *Crawford v. Beachbody, LLC*, No. 14CV1583-GPC (KSC), 2014 WL 6606563, at *1 (S.D. Cal. Nov. 5, 2014); *see also Lainer v. Uber Techs., Inc.*, No. CV 15-09925-BRO (MRWx), 2016 WL 7444925, at *3-4 (C.D. Cal. May 11, 2016) (enforcing Uber's arbitration agreement).

  [3] Plaintiffs (as before) make much of the fact that FanDuel's hyperlink to the Terms of Service was bolded, rather than in blue text and/or underlined.  But *Cullinane* itself noted that there is no formatting requirement for hyperlinks.  893 F.3d at 63.  Rather, reasonable conspicuousness is the standard.  *See id.* at 62-63.

*Cullinane* does not control here, and even if the Court found it persuasive, Plaintiffs were clearly and unmistakably on constructive notice of FanDuel's Terms of Service, because a reasonable person would have noticed it before signing up for FanDuel.

Dated: August 17, 2018
                                                            Respectfully submitted,

                                                            /s/ David F. McDowell

                                                            DAVID F. McDOWELL
                                                            DMcDowell@mofo.com
                                                            MORRISON & FOERSTER LLP
                                                            707 Wilshire Boulevard, Suite 6000
                                                            Los Angeles, CA 90017-3543
                                                            Telephone: (213) 892-5200
                                                            Facsimile: (213) 892-5454

                                                            KAI S. BARTOLOMEO
                                                            Kbartolomeo@mofo.com
                                                            MORRISON & FOERSTER LLP
                                                            12531 High Bluff Drive Suite 100
                                                            San Diego, CA 92130-2040
                                                            Telephone: (858) 720-5100
                                                            Facsimile: (858) 720-5125

                                                            ***Attorneys for Defendants FanDuel, Inc.
                                                            and FanDuel Deposits, LLC***

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of August 2018, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), pursuant to Local Rule 5.4(C).

                                    /s/  David F. McDowell
                                    David F. McDowell