# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: DAILY FANTASY SPORTS LITIGATION<br><br>*This Document Relates To:*<br><br>**All Actions** | MDL No. 1:16-MD-02677-GAO |

## DEFENDANTS' JOINT REQUEST FOR STATUS CONFERENCE REGARDING ARBITRATION DEMANDS BY PURPORTED CLASS MEMBERS

Defendants FanDuel, Inc. and DraftKings Inc. request a status conference to address issues raised by demand letters sent to FanDuel and DraftKings by the Keller Lenkner firm seeking to resolve – ***on an aggregated basis*** – arbitration claims of thousands of putative class members in this action.[1] (See Decl. of M. Zwillinger, Ex. 1; Decl. of D. Marshall, Ex. 1). Keller Lenkner claims it represents a group of nearly 10,000 clients who intend to file individual arbitrations if FanDuel and DraftKings do not agree to discuss an "alternative process" for resolving their clients' claims. *Id.*[2]

As the attachments to Keller Lenkner's letters make clear, the arbitration demands are little more than yet another putative class action, raising materially identical claims to the claims asserted in the actions consolidated in this proceeding. (See Decl. of M. Zwillinger, Ex. 2; Decl. of D. Marshall, Ex. 2). The attached arbitration demands allege facts and claims nearly identical to the core allegations in these proceedings, including claims under state unfair trade practice

---

[1] Defendants conferred with Plaintiffs' counsel regarding this request and Plaintiffs do not object.
[2] Keller Lenkner's letters requested a response by April 12, 2019 but have not indicated a specific date on which they intend to begin filing arbitration demands against FanDuel or DraftKings.

statutes[3] based on deposit match promotions, statements regarding the legality of fantasy sports, insider play, and treatment of high-value players.  The arbitration demands seek the same damages and any arbitration will address the same issues of law as this proceeding.  Taken together, the threatened "arbitrations" are a mass action that substantially duplicates these proceedings and, if it were a case filed in or removed to federal court would be consolidated before this Court.

A status conference is necessary to minimize harm to Defendants and the putative class members.  If Keller Lenkner files thousands of individual arbitrations before this Court rules on the pending motions, the putative class members and Defendants will face a substantial risk of inconsistent rulings regarding the threshold issue of in which forum these issues will be litigated.  Here, a putative class seeks to avoid arbitration based on the alleged unenforceability of each clause, and in FanDuel's case, a claim that no contract was formed.  But Keller Lenkner's thousands of purported clients seek to enforce these exact same arbitration clauses against both FanDuel and DraftKings.  This Court's decision on Defendants' motions to compel arbitration will influence any concurrent arbitrations.  The decisions of arbitrators in individual actions could conflict with this Court's rulings on threshold issues of arbitration, arbitrability, and contract formation. And while Defendants agree that any question of arbitrability of claims is delegated to the arbitrator, under their Terms of Use's delegation clauses, the putative class has challenged the enforceability of these Terms.  Moreover, any dispute over either parties' refusal to pay arbitration fees for certain arbitration claims would likely need to be resolved by this Court and/or be consolidated into the MDL.

---

[3] N.Y. Gen. Bus. L. §§ 349 & 350; Mass. Gen. Laws ch. 93A, *et seq.*, Cal. Civ. Code § 1750, *et seq.* & 17200; 815 Ill. Comp. Stat. § 505, *et seq.*; Tex. Bus. & Com. Code § 17.41 *et seq.*; and 73 Pa. Stat. Ann. § 201-1 *et seq.*; N.J. Stat. Ann. § 56:8-1, *et seq.*; and common law fraud and unjust enrichment.

Defendants believe that a status conference is appropriate to discuss the status of this proceeding, whether Keller Lenkner's stated positions that contradict the representative plaintiffs' response to Defendants' motions to compel arbitration will result in either the opt out or exclusion from the class of thousands of purported class members, and how this case will proceed if thousands of arbitrations are filed while this Court's ruling remains pending on Defendants' motions to compel arbitration.

Dated: April 25, 2019

Respectfully submitted,

FANDUEL, INC. and FANDUEL DEPOSITS, LLC

By their counsel,
ZWILLGEN PLLC

By: /s/ Jacob A. Sommer
    Jacob A. Sommer
    Marc J. Zwillinger
    ZWILLGEN PLLC
    1900 M St. NW, Suite 250
    Washington, DC 20036
    Tel: (202) 296-3585
    Facsimile: (202) 706-5298
    jake@zwillgen.com
    marc@zwillgen.com

DRAFTKINGS, INC.

By their counsel,
BOIES SCHILLER FLEXNER LLP

By: /s/ Damien J. Marshall
    Damien J. Marshall
    Leigh M. Nathanson
    BOIES SCHILLER FLEXNER LLP
    55 Hudson Yards
    New York, New York 10001
    Phone: (212) 446-2300
    dmarshall@bsfllp.com
    lnathanson@bsfllp.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 25th day of April, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), under Local Rule 5.4(C).

Dated: April 25, 2019

                                          /s/Jacob A. Sommer
                                            Jacob A. Sommer