

December 6, 2019

<u>Via ECF</u>

The Honorable George A. O'Toole, Jr.
United States District Court
   for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

      Re:    *In re Daily Fantasy Sports Litigation*, No. 2016-MD-2677

Dear Judge O'Toole:

      On April 25, 2019 and June 11, 2019, DraftKings wrote to provide the Court with notice of a threat by the law firm Keller Lenkner to file "mass arbitrations" on behalf of a group of more than 20,000 clients asserting claims similar to those at issue in this multidistrict litigation. *See* ECF Nos. 394 & 395.  As DraftKings informed the Court on October 21, 2019, Keller Lenkner filed "mass arbitrations" on behalf of 1,000 claimants against DraftKings before the American Arbitration Association ("AAA") on October 11, 2019.  *See* ECF No. 399.

      Among other things, DraftKings believes that "mass arbitrations" consisting of identical, or virtually identical, claims brought in a coordinated manner violate its Terms of Use ("TOU"), which provide that "[a]ny and all claims shall be arbitrated on an individual basis only, and shall not be consolidated or joined with or in any arbitration or other proceeding involving a Claim of any other party."  DraftKings also believes that "mass arbitrations" represent a distortion of the fundamental intent of arbitration (i.e., that arbitration is an informal, one-on-one, expedited dispute resolution process) into a mechanism that seeks to leverage the prospect of the significant administrative costs associated with thousands of coordinated arbitrations into class action-style settlements.

      On October 24, 2019, the AAA informed DraftKings that certain provisions of DraftKings' TOU—specifically, a Massachusetts venue provision and a prohibition on punitive damages—differ from the AAA's Consumer Due Process Protocol and that "[i]t is the policy of the American Arbitration Association not to administer disputes arising out of consumer arbitration agreements where the agreement contains material deviations from the Protocol or the Consumer Arbitration Rules, unless such provisions are waived by the business party for all future cases."  On November 15, 2019, the AAA required DraftKings to make a decision on waiver by December 6, 2019.

      By separate letter of this same date, DraftKings notified AAA that it would not waive the conflicting provisions in connection with the "mass arbitrations" but that, instead, DraftKings



intends to implement a revised arbitration clause that comports with AAA protocol. Additionally, although DraftKings believes that the TOU's prohibition on "mass arbitrations" is unambiguous, the revised TOU clarifies that DraftKings users are prohibited from bringing claims as part of "mass arbitrations."

DraftKings has submitted the revised TOU agreement to the AAA for review.  If approved by the AAA, DraftKings will implement the revised TOU through a clickwrap agreement for new DraftKings users.  *See* Op. 16-17 (approving form of DraftKings' clickwrap user agreement).  Among other reasons, existing DraftKings users will be bound by the revised TOU based, as the Court has noted, on their agreement in the current TOU that, if the terms "subsequently changed, a player's continued use of the site would amount to acceptance of the revised terms."  Op. 4-5.  DraftKings will provide existing DraftKings users with notice of the revised TOU, among other means, by posting the revised TOU to the DraftKings Website, and via email.

The arbitration provision in the revised TOU will read as follows, with changes shown in redline:

~~ARBITRATION, CONSENT TO JURISDICTION IN MASSACHUSETTS, ATTORNEY'S FEES~~<ins>DISPUTE RESOLUTION, MANDATORY AND BINDING ARBITRATION, AND CLASS ACTION AND COLLECTIVE ARBITRATION WAIVER ("DISPUTE RESOLUTION SECTION")</ins>

<ins>BY ENTERING INTO THIS AGREEMENT, YOU AND DRAFTKINGS ARE EACH AGREEING TO WAIVE THE RIGHT TO A TRIAL BY JURY OR A TRIAL BY A JUDGE (OTHER THAN CERTAIN SMALL CLAIMS CASES) AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR A "COLLECTIVE ARBITRATION" AS DEFINED BELOW, OR TO BRING A CLAIM IN A REPRESENTATIVE CAPACITY.</ins>

A. Any and all disputes, claims or controversies arising out of or relating to this Agreement, the breach thereof, or any use of the Website (including all commercial transactions conducted through the Website) ("~~Claims~~<ins>Disputes" as further defined in subsection (E), below</ins>), except for claims filed in a small claims court that proceed on an individual (non-class, non-representative) basis, shall be settled by binding arbitration before a single arbitrator appointed by the American Arbitration Association ("AAA") in accordance with its then governing rules and procedures, including the Supplementary Procedures for Consumer-Related Disputes, where applicable. ~~In agreeing to arbitrate all Claims, you and DraftKings waive all rights to a trial by jury in~~<ins>, excluding</ins> any <ins>rules for class</ins> action or ~~proceeding involving any Claim~~<ins>collection arbitration actions, as modified by this Agreement. In the event of</ins>



any conflict or inconsistency between this Dispute Resolution Section and the applicable rules and procedures of the AAA, the terms and conditions of this Dispute Resolution Section shall control. The arbitration shall be held at a location in ~~Suffolk County, Massachusetts~~the county of your registered address then appearing in DraftKings' records, unless you and DraftKings agree to another location or a telephonic or "desk" arbitration, and judgment on the award rendered by the arbitrator may be entered by any court having jurisdiction thereof if the arbitrator's award is not paid in full within thirty (30) days. This arbitration undertaking is made pursuant to and in connection with a transaction involving interstate commerce, and shall be governed by and construed and interpreted in accordance with the Federal Arbitration Act at 9 U.S.C. Section 1, et seq. This ~~arbitration provision~~Dispute Resolution Section shall survive termination of this Agreement. Subject to the limitations set forth below, the arbitrator shall have authority to award legal and equitable relief available in the courts of the Commonwealth of Massachusetts~~,~~. ~~provided that:¶~~

~~The arbitrator shall not have authority to award punitive damages; and¶~~

~~Any~~ any and all claims shall be arbitrated on an individual basis only, and shall not be consolidated ~~or~~, joined or coordinated with or in any arbitration or other proceeding involving a ~~Claim~~Dispute of any other party. You and DraftKings agree that the arbitrator shall have no authority to arbitrate any ~~Claim~~Dispute as a class action or, as a Collective Arbitration as defined below, or in any other form other than on an individual basis.

B. For any ~~Claims~~claims that are not subject to arbitration: (a) the exclusive jurisdiction and venue for proceedings involving ~~Claims~~such claims shall be the courts of competent jurisdiction sitting within Suffolk County, Massachusetts (the "Forum"), and the parties hereby waive any argument that any such court is not a proper venue, does not have personal jurisdiction or that the Forum is not appropriate or convenient; (b) you and DraftKings waive any and all rights to trial by jury with respect to any ~~Claims~~such claims.

C. In the event that either party initiates a proceeding involving any ~~Claim~~Dispute other than an arbitration in accordance with this Dispute Resolution Section, or initiates a proceeding involving a ~~Claim under this Section~~claim that is not subject to arbitration other than in the Forum, the other party shall recover all attorneys' fees and expenses reasonably incurred in enforcing this Agreement to arbitrate and to use the Forum to which the parties have herein agreed.¶



D. Combined, Collective or Mass Arbitration. You agree that any action or agreement by you to bring claims or to participate in any claims to resolve any Dispute in a combined, collective, coordinated or mass arbitration (as further defined below, "Collective Arbitration") is contrary to your agreement herein that claims to resolve any Disputes will only be brought on an individual basis in an individual arbitration. Without limiting the generality of the foregoing, a claim to resolve any Dispute against DraftKings will be deemed to be a "Collective Arbitration" if (1) two (2) or more similar claims for arbitration are filed by or on behalf of one or more claimants; and (2) Counsel for the claimants are the same, share fees, are consistent or coordinated across the arbitrations.

E. Dispute Defined. The term "Dispute" means any and all past, present or future disputes, claims or controversies between you and DraftKings, whether based in contract, statute, regulation, ordinance, tort (including, without limitation, fraud, misrepresentation, fraudulent inducement, negligence or any other intentional tort) or any other legal or equitable theory, and includes, without limitation, any such disputes, claims or controversies arising out of or relating to the validity, enforceability, interpretation and/or scope of this Dispute Resolution Section, with the sole exception that the term "Dispute" does not include any such disputes, claims or controversies arising out of or relating to the validity, enforceability,

interpretation and/or scope of subsections (D), (E) and (F) of this Dispute Resolution Section, or whether claims to resolve any Disputes must proceed solely on an individual basis, all of which shall be resolved in the Forum, and not by an arbitrator. With that sole exception which shall be broadly construed, the term "Dispute" shall be given the broadest possible meaning.

F. Class Action and Collective Arbitration Waiver. NEITHER YOU NOR DRAFTKINGS SHALL BE ENTITLED TO CONSOLIDATE, JOIN OR COORDINATE DISPUTES BY OR AGAINST OTHER INDIVIDUALS OR ENTITIES, OR PARTICIPATE IN ANY COLLECTIVE ARBITRATION (AS DEFINED ABOVE), OR ARBITRATE ANY DISPUTE IN A REPRESENTATIVE CAPACITY, INCLUDING, WITHOUT LIMITATION, AS A REPRESENTATIVE MEMBER OF A CLASS OR IN A PRIVATE ATTORNEY GENERAL CAPACITY, IN CONNECTION WITH ANY DISPUTE (AS DEFINED ABOVE). ANY AND ALL SUCH RIGHTS ARE HEREBY EXPRESSLY AND UNCONDITIONALLY WAIVED. THE ARBITRATOR MAY NOT CONSOLIDATE, JOIN OR ALLOW THE COORDINATION OF MORE THAN ONE (1) PERSON'S CLAIMS, AND MAY NOT OTHERWISE PRESIDE OVER ANY FORM OF CLASS, COLLECTIVE OR REPRESENTATIVE PROCEEDINGS. NOTWITHSTANDING ANYTHING TO THE CONTRARY SET FORTH IN THESE TERMS OF USE, IN THE EVENT THAT ALL OR ANY PORTION OF SUBSECTIONS (D), (E) OR (F) OF THIS DISPUTE RESOLUTION SECTION ARE FOUND TO BE INVALID OR LESS THAN FULLY ENFOCEABLE TO ANY EXTENT OR IN ANY RESPECT AS TO TIME, SCOPE OR OTHERWISE, THEN THE ENTIRETY OF THIS DISPUTE RESOLUTION SECTION SHALL BE DEEMED TO HAVE BEEN TERMINATED IN ITS ENTIRETY AND SHALL BE OF NO FURTHER FORCE OR EFFECT.



G. Right to Opt Out. In the event that you are an existing DraftKings customer and do not wish to be bound by this Dispute Resolution Section, then you must notify DraftKings in writing within thirty (30) days following the date that we first give you notice of your right to elect to opt out by: (i) completing the Opt Out Form located at [insert website] and sending it to the Legal Dispute Resolution Notice Address (i.e., DraftKings, Inc., Attn: Dispute Resolution, [insert address]); or (ii) otherwise providing written notification to DraftKings at the Legal Dispute Resolution Notice Address that includes: (1) your legal name and registered user name; (2) your registered address; and (3) a clear statement that you do not wish to resolve Disputes with DraftKings through arbitration. In the event that you successfully complete the opt-out process above, we will at our option either terminate your use of the Services or allow you to continue to use the Services under the previous version of these Terms of Use. Any opt out that is not received within the thirty (30) day period described above or that does not comply with the procedures set forth above will not be valid and you must pursue any Disputes in accordance with the entirety of this Dispute Resolution Section (excluding this subsection (G), which in such event shall no longer apply).

H. Confidentiality. You and DraftKings agree to keep confidential any and all proceedings, participants, documents, evidence and decisions in connection with any arbitration, except as necessary to conduct the arbitration or in connection with any court application related to the arbitration or as otherwise required by law; provided that the parties agree to take all reasonable steps to ensure that all documents, pleadings and papers are filed and/or entered with any such court under seal and/or in a manner that would maintain their confidentiality, including without limitation, complying with all rules of procedure and local rules for filing documents, pleadings and papers under seal.

## MISCELLANEOUS

These Terms of Use shall be governed by the internal substantive laws of the Commonwealth of Massachusetts, without respect to its conflict of laws principles. ~~Any claim or dispute between you and DraftKings that arises in whole or in part from the Terms of Use, the Website or any Contest shall be decided exclusively by a court of competent jurisdiction located in Suffolk County, Massachusetts~~



We will keep the Court apprised of any developments with respect to AAA's review of the revised TOU.

Respectfully submitted,

/s/ Damien Marshall
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001
 (212) 446-2300
dmarshall@bsfllp.com

*Attorneys for DraftKings Inc.*

cc:  All parties (via ECF)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of December, 2019 the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), under Local Rule 5.4(c).

| | |
|---|---|
| December 6, 2019 | /s/ Damien Marshall |
| | Damien Marshall |