**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE DAILY FANTASY SPORTS LITIGATION | 1:16-md-02677-GAO |

**DEFENDANT DRAFTKINGS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF ROHRS' RENEWED MOTION TO REMAND**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY.................................................................................................... 2

ARGUMENT ......................................................................................................................... 2

    I.    Rohrs Pleads his Claims as a Class Action. .................................................... 3

    II.    This is a Putative Class Action Involving at Least 100 Class Members. ......................... 6

    III.    The Parties Satisfy CAFA's Minimal Diversity Requirements. ...................................... 6

    IV.    The Aggregate Amount in Controversy Exceeds $5 Million,
            Exclusive of Interest and Costs. ...................................................................... 8

CONCLUSION....................................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Badeaux v. Goodell*,
  358 F. Supp. 3d 562 (E.D. La. 2019) ..................................................................... 5

*Baker v. Equity Residential Mgmt., L.L.C.*,
  996 F. Supp. 2d 1 (D. Mass. 2014) ..................................................................... 10

*Bank One, Texas, N.A. v. Montle*,
  964 F.2d 48 (1st Cir. 1992) .................................................................................. 8

*Baumann v. Chase Inv. Servs. Corp.*,
  747 F.3d 1117 (9th Cir. 2014) ............................................................................ 7

*Composite Co., Inc. v. Am. Int'l Grp., Inc.*,
  988 F. Supp. 2d 61 (D. Mass. 2013). ................................................................... 9

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  135 S. Ct. 547 (2014) ......................................................................................... 9

*In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*,
  564 F.3d 75 (1st Cir. 2009) ................................................................................. 3

*Levin v. Jordan's Furniture, Inc.*,
  944 N.E.2d 1096 (Mass. App. Ct. 2011) .............................................................. 6

*Lundquist v. Precision Valley Aviation, Inc.*,
  946 F.2d 8 (1st Cir. 1991) ................................................................................... 8

*Mack v. Wells Fargo Bank, N.A.*,
  No. CIV.A. 11-40020-FDS, 2011 WL 1344194, (D. Mass. Apr. 8, 2011) .............. 3

*McMorris v. TJX Cos., Inc.*,
  493 F. Supp. 2d 158 (D. Mass. 2007) ............................................................ 4, 8, 9

*Rohrs v. DraftKings, Inc.*,
  No. 1584-CV-03764-B (Mass. Supp. Suffolk Cnty. Dec. 14, 2015) ....................... 1

*Rohrs v. DraftKings, Inc.*,
  No. 16-cv-10036-GAO (D. Mass Jan. 11, 2016) ................................................... 2

*Schwartz v. SCI Funeral Servs. of Florida, Inc.*,
  931 F. Supp. 2d 1191 (S.D. Fla. 2013) ................................................................ 4

*Standard Fire Ins. Co. v. Knowles*,
  568 U.S. 588 (2013) ........................................................................................... 4

**Statutes**

28 U.S.C. § 1332.................................................................................................... 2, 3, 6, 7

Mass. Gen. Laws c. 137 §1 ........................................................................................... 5

Defendant DraftKings Inc. ("DraftKings") respectfully submits this Memorandum in Opposition to Plaintiff Jeremy Rohrs' Renewed Motion to Remand dated March 5, 2020 (the "Motion") (ECF No. 429).

## PRELIMINARY STATEMENT

Jeremy Rohrs is a named plaintiff in the First Amended Master Class Action Complaint and Jury Demand, dated September 2, 2016 (ECF No. 269) (the "Master Complaint"). The Master Complaint is the only operative pleading in this multidistrict litigation ("MDL"). In the Master Complaint, Rohrs alleges that he brings this "action on behalf of himself individually, and on behalf of a class of persons similarly situated." Master Complaint ¶ 59. When Rohrs elected to join the Master Complaint, he agreed pursuant to this Court's Case Management Order No. 1 that the "First Amended Master Complaint will be the operative complaint that supersedes all previously filed individual complaints." *See* Case Management Order No. 1 (ECF No. 287) ¶ 4. He also expressly consented to the jurisdiction of this MDL with respect to trial and all other related proceedings. *Id.* ¶ 8. It is therefore wholly improper for Rohrs to seek remand to state court in this instance.

Even if Rohrs had not joined the Master Complaint, which is undisputedly a class action, this Court—not Massachusetts state court—would have jurisdiction over his individual case pursuant to the Class Action Fairness Act ("CAFA"). Like the Master Complaint, Rohrs' now-defunct state court complaint, *Rohrs v. DraftKings, Inc.*, No. 1584-CV-03764-B (Mass. Supp. Suffolk Cnty. Dec. 14, 2015) (the "Superseded Complaint"), on which he relies in the current Motion, is also styled as a class action, alleging that Rohrs "brings this action on behalf of himself, individually, and every other Massachusetts resident who paid money to DraftKings." Superseded Complaint ¶ 17. Indeed, these class action allegations formed the basis of

DraftKings' removal of the Superseded Complaint to federal court in 2016 pursuant to CAFA. Rohrs' allegations in both the Master Complaint and the Superseded Complaint are pled as class actions and fulfill CAFA's jurisdictional requirements.

Because jurisdiction in this Court is proper, Rohrs' Motion must be denied.

## PROCEDURAL HISTORY

The Superseded Complaint that Rohrs filed in 2015 is unquestionably styled as a class action.  DraftKings promptly removed the Superseded Complaint to federal court pursuant to CAFA.  *See* Notice of Removal, *Rohrs v. DraftKings, Inc.*, No. 16-cv-10036-GAO (D. Mass Jan. 11, 2016), ECF No. 1.  Rohrs then filed a motion to remand, which DraftKings opposed.  *Id*. ECF Nos. 10, 11.  Shortly thereafter, Rohrs' individual case was consolidated into this MDL.  *Id.* ECF No. 17.

When Rohrs elected to become a named plaintiff in the Master Complaint, that pleading amended and superseded Rohrs' Superseded Complaint, and the individual docket for his individual action was administratively closed.  *See* Case Management Order No. 1 (ECF No. 287) ¶ 13.  DraftKings subsequently moved to compel arbitration as to the named plaintiffs in the Master Complaint, and this Court granted that motion in large part, including as to Rohrs. Opinion and Order (ECF No. 406) at 26.  Now, Rohrs seeks to renew his motion to remand from 2016.  This court should deny Rohrs' Motion and therefore maintain its jurisdiction over Rohrs' case.

## ARGUMENT

CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).  Rohrs' allegations in both the Master Complaint and the Superseded Complaint

satisfy the requirements for CAFA jurisdiction because (1) there are at least 100 members of the putative class; (2) minimal diversity exists between the parties because at least one class member is a citizen of a state different from that of DraftKings; and (3) the amount in controversy exceeds $5 million, exclusive of interest in costs.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).  While exceptions to CAFA jurisdiction exist, Rohrs bears the burden of showing that an exception would apply.  *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 78 (1st Cir. 2009) ("We hold that the burden is on the plaintiff to show that an exception to jurisdiction under CAFA applies.").  Rohrs does not even attempt to meet this burden.

To satisfy each prong, DraftKings must show a reasonable probability that the class contains at least 100 members, that minimal diversity exists, and that the amount in controversy exceeds $5 million.  *Mack v. Wells Fargo Bank, N.A.*, No. CIV.A. 11-40020-FDS, 2011 WL 1344194, at *3 (D. Mass. Apr. 8, 2011) ("To meet this burden, the defendant must show a 'reasonable probability' that the class contains more than 100 members and places more than $5 million in controversy."); *McMorris v. TJX Cos., Inc.*, 493 F. Supp. 2d 158, 162-64 (D. Mass. 2007) (denying the plaintiffs' motion to remand where the putative class was composed entirely of Massachusetts residents because the defendant "sufficiently alleged a 'reasonable probability' that at least one member of the [putative] class is domiciled in a state other than Massachusetts or Delaware, the two states in which [the defendant] is domiciled").

## I.    ROHRS PLEADS HIS CLAIMS AS A CLASS ACTION.

In determining whether an action meets CAFA's jurisdictional requirements, courts routinely look at the contents of the pleadings.  *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 588 (2013) ("To hold otherwise would, for CAFA jurisdictional purposes, [...] exalt form over substance, and run counter to CAFA's objective: ensuring 'Federal court consideration of interstate cases of national importance.'") (internal citations omitted).  Accordingly, courts must

3

look beyond mere labels to the substance of a complaint when determining whether federal

jurisdiction exists over a suit that appears to be a class action in all but name. *See Schwartz v.*

*SCI Funeral Servs. of Florida, Inc.*, 931 F. Supp. 2d 1191, 1197 (S.D. Fla. 2013) ("Courts

routinely look beyond labels to determine whether a lawsuit is a 'class action' [...] under the

Class Action Fairness Act.") (internal citations omitted).  Courts have rejected attempts to

remand where a plaintiff mischaracterizes the complaint as something other than a class action.

*Badeaux v. Goodell*, 358 F. Supp. 3d 562, 567 (E.D. La. 2019) ("A lawsuit resembling a class

action will not escape CAFA jurisdiction simply because it omits the words 'class action' or does

not include the state rule or statute under which it proceeds as a class action.").

There is no dispute that Rohrs is a named plaintiff and class representative in the Master

Complaint, giving this Court jurisdiction over Rohrs' case pursuant to CAFA—indeed, this case

is a nationwide class action.  With respect to Rohrs specifically, the Master Complaint

unequivocally states that he brings his "action on behalf of himself individually, ***and on behalf***

***of a class of persons similarly situated***," plainly alleging a class action.  Master Complaint ¶ 59

(emphasis added).  Rohrs' inclusion in the Master Complaint entirely—which this Court held

superseded and amended all previously filed actions in this MDL—forecloses his remand motion

and obviates any further inquiry.  This Court should not entertain Rohrs' attempt, through

counsel not authorized to represent the class plaintiffs, to revert back to a defunct pleading so

that he can attempt to prosecute his case separately in circumvention of this Court's orders and

Rohrs' own decision to join the Master Complaint.

However, even if this Court were to consider the allegations in the Superseded

Complaint—which it should not—Rohrs' action is still subject to CAFA jurisdiction and should

not be in Massachusetts state court.  Although Rohrs does not use the word "class" in his

Superseded Complaint, he styles his allegations as a class action.  Rohrs alleges that he brings this case "individually and *as statutory representative of all persons* residing in Massachusetts who paid money to Defendant DraftKings[] Inc. as entry fees and deposits."  Superseded Complaint at 1 (emphasis added), ¶ 1 ("Plaintiff Jeremy Rohrs bring[s] this action on his own behalf and *as statutory representative of all Massachusetts residents*") (emphasis added), ¶ 17 ("He brings this action on behalf of himself, individually, *and every other Massachusetts resident* who paid money to DraftKings") (emphasis added), ¶ 32 ("Plaintiff brings this action on behalf of himself and *all other persons residing within Massachusetts* who paid any deposit, entry fee, or other consideration to DraftKings to play DraftKings' Daily Fantasy Sports during the past three years") (emphasis added).  Rohrs also seeks to recover damages on a class-wide basis.  He requests that the Court distribute damages "*pro rata* to [all Massachusetts customers of DraftKings] *pursuant to a plan of allocation* to be approved by the Court."  *Id.* ¶ 34 (emphasis added).

Rohrs' attempt to circumvent CAFA by characterizing his Superseded Complaint as a private attorney general or *parens patriae* action rather than a class action fails.  Rohrs' contention that the statute under which he sues, Mass. Gen. Laws c. 137 §1 "is not a statute that authorizes an action to be brought as a class action" such that his action *must be* a private attorney general action, Motion at 1-2, ignores Massachusetts authority addressing class actions filed under that very statute.  *See Levin v. Jordan's Furniture, Inc.*, 944 N.E.2d 1096, 1096 n.1 (Mass. App. Ct. 2011) (ruling on pleading deficiencies in class action complaint brought by plaintiff under Mass. Gen. Laws c. 137, § 1).  Rohrs' attempt to argue that the Massachusetts gambling statute looks similar to a California state statute that precludes class actions, Motion at 4, is irrelevant in the face of this relevant Massachusetts case law allowing such actions.  *Cf.*

*Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121 (9th Cir. 2014) ("California Supreme Court has authoritatively addressed that issue, holding that PAGA actions are not class actions under state law."). Consequently, Rohrs' attempts to classify his action as anything other than a class action fails.

## II.   THIS IS A PUTATIVE CLASS ACTION INVOLVING AT LEAST 100 CLASS MEMBERS.

The Master Complaint defines the class as "all persons in Massachusetts who deposited money into a DraftKings account within the last five (5) years." Master Complaint ¶ 526. The Master Complaint alleges that "DraftKings attracted millions of new players," suggesting there are at least 100 members of the putative class. Master Complaint ¶ 25.

Similarly, Rohrs' allegations in his Superseded Complaint make clear there are at least 100 members of the putative class. Rohrs seeks to represent a class that he alleges consists of "[t]housands of other Massachusetts residents" who "have delivered money to DraftKings . . . during the past three years." Superseded Complaint ¶ 29. Consequently, on its face, Rohrs' Superseded Complaint seeks relief on behalf of a class consisting of at least 100 class members.

## III.   THE PARTIES SATISFY CAFA'S MINIMAL DIVERSITY REQUIREMENTS.

To satisfy CAFA's minimal diversity requirements, "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). The appropriate standard for determining whether diversity jurisdiction exits under CAFA is citizenship or domicile, not residence. *See, e.g.*, *Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 53 (1st Cir. 1992) ("We add that citizenship or domicile, not residence, is the basis of subject matter jurisdiction."); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991) ("[Plaintiff] correctly notes that the relevant standard is 'citizenship,' *i.e.*, 'domicile,' not mere residence"). Indeed, this Court has made clear that "residence does not equal citizenship," and

that a class "composed entirely of residents of Massachusetts, does not . . . foreclose the

inclusion of non-citizens as well." *McMorris,* 493 F. Supp.  at 162-63 (emphasis added).

DraftKings is a Delaware corporation with its principal place of business in Massachusetts.

Master Complaint ¶ 95.  Accordingly, DraftKings is a citizen of both Delaware and

Massachusetts, and, in order to meet CAFA's diversity requirement, at least one putative class

member must be domiciled in a state other than Massachusetts or Delaware.  28 U.S.C. §

1332(c)(1).

The Master Complaint, rather than limiting the class to Massachusetts citizens, alleges

that the class consists of "all persons *in* Massachusetts."  Master Complaint ¶ 526 (emphasis

added).  By definition, this class includes persons in Massachusetts who were domiciled

elsewhere.  Consequently, there is a strong probability that at least one class member is a citizen

of states other than Massachusetts or Delaware such that the requisite minimal diversity of

citizenship exists.

Rohrs' Superseded Complaint similarly includes putative class members who are

domiciled in states other than Massachusetts or Delaware.  Rather than limiting the putative class

to Massachusetts citizens, Rohrs includes "all persons *residing* in Massachusetts."  Superseded

Complaint at 1 (emphasis added), ¶ 17 (alleging Plaintiff "brings this action on behalf of himself,

individually, and every other Massachusetts *resident* who paid money to DraftKings as entry

fees and deposits between December 14, 2012 and the date of the filing of this Complaint.")

(emphasis added).  Like his allegations in the Master Complaint, Rohrs includes persons in

Massachusetts who were domiciled elsewhere in his Superseded Complaint, suggesting that there

is a reasonable probability that at least one class member is a citizen of a state other than

Massachusetts or Delaware.  Consequently, the requisite minimal diversity of citizenship exists.

*See McMorris*, 493 F. Supp. at 162-64.

## IV.    THE AGGREGATE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION, EXCLUSIVE OF INTEREST AND COSTS.

DraftKings can satisfy the amount in controversy requirement by relying on the Master

Complaint's and the Superseded Complaint's allegations.  *See Composite Co., Inc. v. Am. Int'l*

*Grp., Inc.*, 988 F. Supp. 2d 61, 74 (D. Mass. 2013).  Plausible allegations that the amount in

controversy exceeds the jurisdictional threshold are enough to support removal.  *See Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (holding that, in

connection with the removal of a class action under CAFA, "a defendant's notice of removal

need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold").

Because the Master Complaint alleges that DraftKings "generated tens of millions of

dollars in revenue" and that "consumers pumped hundreds of millions of dollars into the DFS

economy," there is a reasonable probability that the class seeks recovery greater than $5 million.

Master Complaint ¶ 25.  Therefore, this Court properly has jurisdiction over Rohrs' claims and

his Motion must be denied.

The Superseded Complaint also alleges that the amount in controversy is in excess of $5

million.  Rohrs' claims encompass thousands of Massachusetts residents who allegedly paid

money as entry fees and deposits during the past three years.  *See* Superseded Complaint at 1, ¶¶

17, 31.  In addition to entry fees and deposits, Rohrs also seeks "other consideration paid by

Massachusetts residents to DraftKings at any time after December 14, 2012," and seeks to treble

all of these amounts.  *Id.* ¶ 33.  The treble damages must also be added to the amount in

controversy.  *See Baker v. Equity Residential Mgmt., L.L.C.*, 996 F. Supp. 2d 1, 7 (D. Mass.

2014) (including treble damages in computing the amount in controversy under CAFA).  These

amounts likely exceed $5 million, especially once trebled.  Therefore, Rohrs' allegations in his Superseded Complaint also satisfy CAFA's jurisdictional requirements.

## **CONCLUSION**

For the foregoing reasons, DraftKings respectfully requests that the Court deny Rohrs' Motion.

Dated: May 29, 2020                                 Respectfully submitted,

By:      /s/ Damien Marshall _____
         Damien Marshall (*pro hac vice*)
         Leigh M. Nathanson (*pro hac vice*)
         BOIES SCHILLER FLEXNER LLP
         55 Hudson Yards
         New York, New York 10001
         Phone: (212) 446-2300
         dmarshall@bsfllp.com
         lnathanson@bsfllp.com

         *Attorneys for Defendant DraftKings Inc.*

## CERTIFICATE OF SERVICE

I, Damien Marshall, hereby certify that on this 29th day of May 2020, this document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), pursuant to Local Rule 5.4(C).

/s/ Damien Marshall
Damien Marshall