## SETTLEMENT AGREEMENT

This Settlement Agreement is made as of _____March 3_____, 2021 (the "Agreement Execution Date") by and among the plaintiffs listed on **Exhibit A** attached hereto individually and in their capacity as the proposed Class Representatives for the proposed Settlement Class ("Class Representative Plaintiffs"), and Defendant DraftKings Inc. ("DraftKings"), a Delaware corporation (the "Settlement Agreement" or the "Agreement").

## RECITALS

WHEREAS, DraftKings operates a daily fantasy sports ("DFS") platform in which fantasy or simulation teams are selected by authorized participants who enter competitions on the platform and compete against family, friends and other sports enthusiasts;

WHEREAS, commencing on or about June 12, 2015, the Class Representative Plaintiffs, among others, began filing putative class action complaints against, among other defendants, DraftKings in various courts (the "Actions");

WHEREAS, the various Actions were consolidated into three separate MDL actions in the United States District Court for the District of Massachusetts (the "Court"), captioned, *In re Daily Fantasy Sports Marketing and Sales Practices Litigation*, MDL Case No. 2677; *In Re: DraftKings, Inc., Fantasy Sports Litigation*, MDL Case No. 2678; and *In Re: FanDuel, Inc., Fantasy Sports Litigation* MDL No. 2679 (the "MDL Actions");

WHEREAS, pursuant to the Court's February 4, 2016 Transfer Order, the actions pending outside the District of Massachusetts were transferred to and consolidated with the MDL Actions for coordinated or consolidated pretrial proceedings under MDL Case No. 2677, and MDL Case No. 2677 was renamed to *In re: Daily Fantasy Sports Litigation* (the "Litigation") (*In re: Daily Fantasy Sports Litig.*, Case No. 16-MD-2677 (D. Mass.), Dkt. 1);

1

WHEREAS, on June 30, 2016, the Class Representative Plaintiffs and others filed a proposed Consolidated Consumer Class Action Complaint and Jury Demand;

WHEREAS, on September 2, 2016, the Class Representative Plaintiffs and others filed the First Amended Master Class Action Complaint and Jury Demand (Dkt. 269) superseding all previously filed complaints;

WHEREAS, on September 28, 2016, the Court entered Case Management Order No. 1, in which the parties agreed that the Court would have jurisdiction over all pretrial and trial proceedings for claims in the First Amended Master Class Action Complaint (Dkt. 287);

WHEREAS, on November 27, 2019, the Court issued an order compelling arbitration of the claims of the Class Representative Plaintiffs and the other named plaintiffs who were participants in contests operated by DraftKings and/or FanDuel;

WHEREAS, on March 9, 2020, DraftKings moved to dismiss the claims in the First Amended Master Class Action Complaint that were not ordered to arbitration (*i.e.,* the claims of Family Members) and that motion remains pending and is not affected by this Settlement Agreement;

WHEREAS, based on the investigation and evaluation of the facts and law relating to the matters alleged in the Complaint, the Class Representative Plaintiffs and DraftKings have agreed to settle the Litigation in accordance with the terms and conditions set forth in this Settlement Agreement.  The settlement was reached after considering, among other things: (1) the benefits available to the Class Representative Plaintiffs and the Settlement Class under the terms of this Agreement, (2) the risks and uncertainty of litigation, especially in actions such as this, as well as the difficulties and potential delays inherent in such litigation, and (3) the desirability of

consummating this Agreement promptly to provide effective relief to the Class Representative

Plaintiffs and the Settlement Class; and

WHEREAS, DraftKings denies wrongdoing of any kind whatsoever, denies the factual

allegations in the various complaints, and has agreed to enter into this Agreement to avoid

further expense, inconvenience, and the distraction of litigation, and to be completely free of

further participation in the Litigation and any further controversy with respect to the Released

Claims (defined below).

NOW THEREFORE, in consideration of the mutual promises and covenants set forth

herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby

acknowledged, it is hereby agreed as follows:

## I.   DEFINITIONS.

A.   The following terms shall have the meanings set forth below:

1.   "Class Counsel" means the following individuals:

**TODD & WELD LLP**
Christopher Weld
One Federal Street
Boston, MA  02109
Telephone: (617) 720-2626
Email:    cweld@toddweld.com

**JONES WARD PLC**
Jasper D. Ward
1205 E. Washington Street, Suite 111
Louisville, KY  40206
Telephone: (502) 882-6000
Email:     jasper@jonesward.com

**NAPOLI SHKOLNIK PLLC**
Hunter Jay Shkolnik
1301 Avenue of the Americas
New York, NY  10019
Telephone: (212) 397-1000
Email:     hunter@napolilaw.com

**KANTROWITZ, GOLDHAMER**
**& GRAIFMAN, P.C.**
Melissa R. Emert
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, NY  10977
Telephone: (845) 356-2570
Email:     memert@kgglaw.com

**MORGAN & MORGAN**
**  COMPLEX LITIGATION GROUP**
John A. Yanchunis
201 N. Franklin Street, 7th Floor
Tampa, FL  33602
Telephone: (813) 318-5169
Email:      jyanchunis@forthepeople.com

**THE GORI LAW FIRM, P.C.**
D. Todd Mathews
156 N. Main Street
Edwardsville, IL  62025
Telephone: (618) 659-9833
Email:      Todd@GoriLaw.com

**HANNON LAW FIRM, LLC**
Kevin S. Hannon
1641 Downing Street
Denver, CO  80218
Telephone: (303) 861-8800
Email:      khannon@hannonlaw.com

**CUNEO GILBERT & LADUCA, LLP**
Michael J. Flannery
500 North Broadway
Suite 1450
St. Louis, MO  63102
Telephone: (314) 226-1015
Email:      mflannery@cuneolaw.com

**LAW OFFICE OF RICHARD S.**
**CORNFELD**
Richard S. Cornfeld
1010 Market Street, Suite 1720
St. Louis, MO  63101
Telephone: (314) 241-5799
Email:      rcornfeld@cornfeldlegal.com

**LAW OFFICES OF**
**  JENNIFER DUFFY, APC**
Jennifer L. Duffy
28649 S. Western Avenue, #6571
San Pedro, CA  90734
Telephone: (310) 714-9779
Email:      jduffy@kamberlaw.com

**HENINGER, GARRISON & DAVIS, LLC**
W. Lewis Garrison, Jr.
2224 First Avenue North
PO Box 11310
Birmingham, AL  35203
Telephone: (205) 326-3336
Email:      lewis@hgdlawfirm.com

**LOCKRIDGE GRINDAL**
**  NAUEN, P.L.L.P.**
Robert K. Shelquist
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
Telephone: (612) 339-6900
Email:      rkshelquist@locklaw.com

**SHERMAN, SILVERSTEIN, KOHL,**
**  ROSE & PODOLSKY, P.A.**
Alan C. Milstein
308 Harper Drive, Suite 200
Moorestown, NJ  08057
Telephone: (856) 662-0700
Email:      amilstein@shermansilverstein.com

      2.    "Class Notice" means notice of the terms and conditions of the proposed

settlement as approved by the Court, as part of its entry of the Preliminary Approval Order.

3.      "Complaint" means the First Amended Master Class Action Complaint and Jury Demand filed on September 2, 2016 in the Litigation (Dkt. 269).

4.      "Defendant's Counsel" means the following individuals:

**KING & SPALDING LLP**
Damien J. Marshall
Leigh Nathanson
1185 Avenue of the Americas
34th Floor
New York, NY  10036
Email:  dmarshall@kslaw.com
          lnathanson@kslaw.com

5.      "DK Dollars" are cash-equivalent site credits that authorized participants can use for entry into any real money contest on DraftKings' DFS platform.  DK Dollars cannot be withdrawn or transferred, and can only be used to enter contests.  Payouts in cash contests are paid out in U.S. dollars which may be used as cash.

6.      "Effective Date" means the first date after which ***all*** of the following events and conditions have been met or have occurred or have been mutually waived by written agreement of the Parties:

(a)      All Parties have executed this Agreement;

(b)      The Court has certified the Settlement Class;

(c)      The Court has entered the Preliminary Approval Order (which shall be substantially identical to the form of **Exhibit B** attached hereto) issuing its Preliminary Approval (as defined herein) of this Agreement, the settlement set forth herein, and approving, among other things, the method for providing notice to the Settlement Class;

(d)      At Plaintiffs' request, the Court has entered an order dismissing with prejudice all claims in the Litigation against the Payment Processor Defendants;

(e)     The Court has entered Judgment (which shall be substantially identical to the form of **Exhibit E** attached hereto); and

(f)     There has occurred: (i) the passage of five (5) business days from entry of the Judgment where no formal objections have been filed; (ii) in the event that one or more formal objections to entry of the Judgment are timely filed, the expiration (without the filing or notice of an appeal) of the time to appeal from the Judgment; (iii) the final non-appealable dismissal of any appeal from the Judgment; (iv) if a ruling or decision has been entered by an appellate court affirming the Judgment in a form substantially identical to that of the Judgment entered by the Court, the time to petition for review to the United States Supreme Court with respect to such ruling or decision has expired; or (v) if a petition for review to the United States Supreme Court with respect to the Judgment has been filed, the petition has been denied or, if granted, has resulted in affirmance of the Judgment in a form substantially identical to the form of the Judgment entered by the Court.

7.     "Fairness Hearing" means the hearing at or after which the Court will make a final decision whether to approve this Agreement and the settlement set forth herein as fair, reasonable, and adequate.

8.     "Family Members" means the Persons identified in the Complaint as follows:

(a)     Georgia Family Members:  "All persons in the State of Georgia with a family member and/or next-of-kin that participated in [DraftKings'] DFS [contests], deposited money in a [DraftKings'] account, and lost money in any game or contest during the time period starting four years ago until six months prior to filing the original complaint."

(b)     Kentucky Family Members:  "All persons in the State of Kentucky that are spouses, children, next-of-kin, heirs, or creditors, of a person in the State of Kentucky that participated in [DraftKings'] DFS [contests], deposited money in a [DraftKings'] account, and lost money in any game or contest during the time period starting six months from the filing of the Complaint up until five years prior to the filing of the original complaint."

(c)     New Mexico Family Members:  "All persons in the State of New Mexico who are the spouse, children, heirs, executors, administrators and creditors of those persons in the State of New Mexico that participated in [DraftKings'] DFS [contests], deposited money in a [DraftKings'] account, and lost money in any game or contest during the one year prior to filing of the original complaint."

9.     "Judgment" means a judgment entered by the Court that is substantially identical to the form of **Exhibit E** attached hereto.

10.     "Litigation" shall have the meaning ascribed to that term above.

11.     "Parties" means the Class Representative Plaintiffs and DraftKings.

12.     "Person" means any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

13.     "Preliminary Approval" shall mean the Court's entry of an order (the "Preliminary Approval Order") that is substantially identical to the form of **Exhibit B** attached hereto approving, among other things, the timing, content, and manner of the Class Notice, conditionally certifying the Settlement Class for settlement purposes only, preliminarily approving this Agreement and the terms and conditions of settlement contained herein, and enjoining the commencement or continued prosecution by any Releasing Person of any Released Claim against any Released Person.

14. "Released Claims" means any and all manner of actions, causes of actions, claims, compensations, controversies, costs, damages, debts, demands, expenses, liens, liabilities, losses, rights or suits, including claims or suits for contribution or indemnity of every kind and nature or description whatsoever, whether foreseen or unforeseen, developed, fixed or contingent, direct or indirect, liquidated, unliquidated, at law, in equity or otherwise arising at any time prior to the Agreement Execution Date, (i) that were or could have been asserted in, the MDL Actions, the Complaint or the Litigation and/or (ii) in connection with, arising out of, or relating to any of the facts, circumstances, transactions, events, occurrences, acts, disclosure statements, submissions or failures to act as alleged in the MDL Actions, Complaint or the Litigation.

15. "Released Persons" means and includes:

(a)     DraftKings Inc., a Delaware corporation;

(b)     the Payment Processor Defendants as defined in the Complaint: Paysafecard.com USA Inc. and Vantiv, Inc. only as to claims involving DraftKings;

(c)     the Non-Defendant Banks as defined in the Complaint: JPMorgan Chase & Co. and Capital One Financial Corporation only as to claims involving DraftKings;

(d)     the Non-Defendant Facilitators as defined in the Complaint: Visa Inc., Mastercard Incorporated and American Express Credit Corporation only as to claims involving DraftKings;

(e)     the Non-Defendant Enterprise DraftKings Investors as defined in the Complaint: 21st Century Fox; Atlas Ventures Associates III, Inc.; BDS Capital Management LLC; Mail.ru Group, formerly known as DST Global, also known as Digital Sky Technologies; Fox Sports Interactive Media LLC; GGV Capital; Jason Robins; Hub Angels Management LLC;

Jordan Mendell; Kraft Group; Legends Hospitality LLC; MSG Sports & Entertainment, LLC; Major League Baseball Ventures; Major League Soccer LLC; M7 Tech Partners LLC; NHL Enterprises, Inc.; NHL Enterprises, L.P.; Redpoint Ventures LLC; The Raine Group LLC; and Wellington Management Company LLP only as to claims involving DraftKings; and

(f)     the past and present direct and indirect parents, subsidiaries, and affiliated Persons of all of the foregoing persons and entities; the officers, directors, employees, partners, shareholders, agents, attorneys, and insurers of all of the foregoing persons and entities; and the predecessors, successors, assigns, and legal representatives of all of the foregoing persons and entities only as to claims involving DraftKings.

16.     "Releasing Persons" means the Class Representative Plaintiffs, each Settlement Class Member and his, her or their attorneys, agents, administrators, devisees, assignees, executors, successors, predecessors, or other representatives.

17.     "Settlement Class" means all Persons in the United States who made a first-time deposit into their DraftKings Daily Fantasy Sports account prior to January 1, 2018, and who are not net lifetime winners on DraftKings as determined by DraftKings' business records not later than 48 hours prior to the Agreement Execution Date. For the avoidance of doubt, the Settlement Class does not include Family Members.

18.     "Settlement Class Member(s)," "Class Member(s)," or "Member(s)" means any Person who is included within the definition of the Settlement Class who does not validly and timely request exclusion from the Settlement Class in accordance with the provisions of the Notice of Pendency and Settlement of Class Action. Such Persons who request a valid and timely exclusion from the Settlement Class that fully complies with the provisions of the Notice of Pendency and Settlement of Class Action shall be known as the "Opt-Outs."

## II.   CERTIFICATION OF PLAINTIFF SETTLEMENT CLASS.

A.   The Parties stipulate to certification of the Settlement Class as defined in Section I.A.17 above for purposes of effectuating this settlement; stipulate to the appointment of the Class Representative Plaintiffs as representatives of the Settlement Class (the "Class Representatives"); and stipulate to the appointment of Class Counsel as counsel for the Settlement Class.  The Parties agree to cooperate in the preparation of such moving papers as the Court shall require to effectuate certification of the Settlement Class for settlement purposes.

B.   Certification of the Settlement Class and appointment of the Class Representatives and Class Counsel by the Court shall be binding only with respect to the settlement of the Litigation.  In the event the Effective Date for any reason does not occur, the certification of the Settlement Class and appointment of Class Representatives and Class Counsel shall be vacated, the Parties' stipulation shall be voided, and the Litigation shall proceed as though the certification and appointments had never occurred, without prejudice to the Class Representative's rights or the ability of Class Counsel to later fill such a role in accord with governing law.

## III.   SETTLEMENT RELIEF.

In consideration for the release hereinafter set forth, the termination and dismissal with prejudice of the Litigation, and in full and final settlement of all Released Claims against the Released Persons by Settlement Class Members, DraftKings agrees that the Judgment to be entered following Final Approval shall order the following relief:

A.      **Injunctive Relief.**

1.      **Scope:**

These Daily Fantasy Sports Procedures and Restrictions (the "Procedures and Restrictions") shall only apply to DraftKings' Daily Fantasy Sports platform. They shall not apply in any respect to DraftKings' other lines of business, including but not limited to, its sports betting and iGaming businesses.

2.      **Term:**

These Procedures and Restrictions shall apply for a period of two (2) years following the Effective Date.

3.      **Definitions.** The following definitions shall only apply for purposes of this Agreement:

(a)      "authorized participant" shall mean:  an individual, who is not a prohibited DraftKings employee, that participates in daily fantasy sports contests offered by DraftKings on its daily fantasy sports platform.

(b)      "daily fantasy sports contest(s)" or "contest(s)" shall mean: a daily fantasy contest with an entry fee (unless otherwise noted below) in which fantasy or simulation teams are selected by authorized participants who enter competitions on the platform. An entry fee is cash or cash equivalent that DraftKings collects in order for an authorized participant to participate in a contest.

(c)      "daily fantasy sports platform" or "platform" shall mean: the DraftKings' website, e.g., DraftKings.com, and the associated application solely with respect to daily fantasy sports contests.

(d)      "prohibited DraftKings Employee" shall mean:

an employee or employee's immediate family member (an immediate family member means an

employee's spouse, sibling, spouse's siblings, children or parents who reside at an employee's

residence) of DraftKings that participates in paid daily fantasy sports contests that DraftKings

offers to the general public; for the avoidance of doubt, and by way of example only, a

DraftKings employee shall not be considered a prohibited DraftKings Employee for purposes of

these Procedures and Restrictions if: (1) the employee uses a marked employee account; (2) the

employee participates in employee-only contests; (3) the employee participates in private

contests; or (4) the employee participates in free-to-play contests (i.e., contests for which there is

not an entry fee).

(e)      "highly experienced participant" shall mean:

an authorized participant who has (a) entered more than five hundred contests on DraftKings'

platform, or (b) won more than three prizes valued at one thousand dollars each or more on

DraftKings' platform.

4.    **Measures:**

(a)      DraftKings shall use commercially reasonable efforts to

implement the following measures with respect to the offering of daily fantasy sports contests on

the DraftKings' platform:

(i)      limit each authorized participant to one active and

continuously used account; and prevent prohibited DraftKings Employees from entering public

daily fantasy sports contests for which an entry fee is required on DraftKings' platform;

(ii)     enable authorized participants to exclude themselves from contests and prevent such participants from entering a contest from which they have excluded themselves;

(iii)     enable authorized participants to:  (i) set limits on the amount of funds an authorized participant can deposit; (ii) set limits on the number of entries an authorized participant can enter each week and/or (iii) set limits on an authorized participant's maximum entry fee per contest;

(iv)     provide a hyperlink on DraftKings' daily fantasy sports platform to make information available to customers about responsible play;

(v)     provide a hyperlink on DraftKings' daily fantasy sports platform to make statistics available to consumers about the percentage of all authorized participants who are net winners, breakeven, and net losers over the previous 30 days (to be calculated as of the last updated date);

(vi)     permit any authorized participant to permanently close an account registered to such participant on DraftKings' platform at any time and for any reason;

(vii)     identify all highly experienced participants in any contest by a symbol attached to such participants' usernames, or by other easily visible means, on DraftKings' platform;

(viii)     disclose the number of entries a single authorized participant may submit to each contest;

(ix)     use a hyperlink on DraftKings' platform directing participants to information concerning assistance for compulsive participants, including a toll-free number directing callers to reputable resources containing further information;

(x)     ensure the value of any prizes and awards offered to authorized participants are established and determinable prior to the start of the contest;

(xi)     ensure no winning outcome shall be based solely on the score, point spread, or performance of a single sports team; and

(xii)     ensure no winning outcome shall be based solely on any single performance of an individual athlete.

(b)     DraftKings shall further use commercially reasonable efforts to:

(i)     not permit the use of unauthorized scripts that give an authorized participant an unfair advantage over another authorized participant in a paid daily fantasy sports contest and shall use commercially reasonable efforts to monitor for and prevent the use of such scripts; and

(ii)     ensure that commercially reasonable measures are in place to deter, detect and, to the extent reasonably possible, prevent cheating, including collusion, and the use of automated means that:  (1) are not available to all participants, and (2) provide a competitive advantage.

B.     **DK Dollar Benefits and U.S. Dollar Benefits.**

1.     **Settlement Funds:**

DraftKings will create one settlement fund consisting of 7,280,000 DK Dollars and a second settlement fund consisting of U.S. $720,000 ("U.S. Dollars").  The

settlement funds shall be allocated according to eight levels which are based upon the amount of the first deposit made by the Settlement Class Member prior to January 1, 2018 as shown in the charts set forth below.

2.    **DK Dollar Settlement Fund:**

| Class Members With Open Accounts | | | | |
|---|---|---|---|---|
| **Acct. Levels** | **First Deposit Amount** | **Number of Depositors** | **Allocated % of Settlement DK Dollars** | **Aggregate Allocated DK Dollars** |
| Open Accts. Level 1 | <= $10 | 694,429 | 4.18% | 304,439.52   DK$ |
| Open Accts. Level 2 | > $10, <= $24.99 | 144,156 | 2.14% | 155,983.78   DK$ |
| Open Accts. Level 3 | Exactly $25 | 1,407,118 | 29.40% | 2,140,311.16   DK$ |
| Open Accts. Level 4 | > $25, <= $60 | 208,396 | 7.47% | 543,854.87   DK$ |
| Open Accts. Level 5 | > $60, <= $100 | 331,117 | 27.46% | 1,998,842.21   DK$ |
| Open Accts. Level 6 | > $100, <= $300 | 89,323 | 17.19% | 1,251,420.23   DK$ |
| Open Accts. Level 7 | > $300, <= $600 | 22,616 | 10.76% | 783,397.80   DK$ |
| Open Accts. Level 8 | > $600 | 1,109 | 1.40% | 101,750.42   DK$ |
| **Total** | | **2,898,264** | | **7,280,000.00   DK$** |

3.    **U.S. Dollar Settlement Fund:**

| Class Members With Closed Accounts | | | | |
|---|---|---|---|---|
| **Acct. Levels** | **First Deposit Amount** | **Number of Depositors** | **Allocated % of Settlement $** | **Aggregate Allocated U.S. Dollars** |
| Closed Accts. Level 1 | <= $10 | 62,980 | 4.45% | $32,042.34 |
| Closed Accts. Level 2 | > $10, <= $24.99 | 12,275 | 2.21% | $15,938.05 |
| Closed Accts. Level 3 | Exactly $25 | 135,654 | 34.10% | $245,490.21 |
| Closed Accts. Level 4 | > $25, <= $60 | 16,933 | 7.08% | $50,966.14 |
| Closed Accts. Level 5 | > $60, <= $100 | 23,571 | 23.51% | $169,260.15 |
| Closed Accts. Level 6 | > $100, <= $300 | 6,317 | 14.58% | $104,997.51 |
| Closed Accts. Level 7 | > $300, <= $600 | 2,037 | 11.61% | $83,573.64 |
| Closed Accts. Level 8 | > $600 | 203 | 2.46% | $17,731.96 |
| **Total** | | **259,970** | | **$720,000.00** |

17373.001 4846-1658-7992.1

IV.    **CLAIM PROCEDURE**

    A.    **Claims for DK Dollar Benefits.**

        All Settlement Class Members with an <u>open account</u> with DraftKings who provide a complete, timely and duly executed claim form and declaration in the form of **Exhibit D-1** attached hereto ("Claim Form(s) and Declaration(s)") shall be entitled to make a claim for DK Dollars which, if validly made, will be deposited directly into their account in the amount (not to exceed the limit specified in Section IV.C.) that will be determined by the number of complete, timely and duly executed Claim Forms and Declarations that are made against the portion of the settlement fund allocated to their level, as determined by the amount of their initial deposit. Amounts will be equally distributed to claimants in each level up to the maximum applicable to the relevant level.

    B.    **Claims for U.S. Dollar Benefits.**

        Settlement Class Members who <u>do not have an open account</u> with DraftKings who provide a complete, timely and duly executed Claim Form and Declaration in the form of **Exhibit D-2** attached hereto shall be entitled to make a claim for U.S. Dollars in an amount (not to exceed the limit specified in IV.C.) that will be determined by the number of complete, timely and duly executed Claim Forms and Declarations that are made against the portion of the settlement fund allocated to their level, as determined by the amount of their initial deposit. Amounts will be equally distributed to claimants in each level up to the maximum applicable to the relevant level.

    C.    **Limit on Claims.**

        The maximum amount that can be received pursuant to the claims procedure by an individual claimant shall be the amount at the top of the range of first deposits specified for each of the first seven levels, multiplied by 1.75. For example, the maximum

amount for any claimant in level 8 shall be $1,050.00 ($600 (x) 1.75) or 1,050.00 DK Dollars

(600 DK (x) 1.75), respectively.  The maximum amount for any claimant in level 8 shall be the

same as the maximum amount for any claimant in level 7.

        D.    **Unclaimed U.S. Dollars or DK Dollars.**

        Aggregate Allocated U.S. Dollars for a particular level that are unclaimed

because a residual amount remains after all valid claimants have been allocated the maximum

amount for that level shall be reallocated pro-rata to other levels which have not reached their

maximum amount per valid claimant based on the relative amounts initially allocated to such

"open levels."  After that process is completed, any remaining unallocated U.S. dollars will be

converted to DK Dollars ($1 U.S. Dollar shall convert to 1 DK Dollar), and will be allocated

pro-rata to the "open levels" of the DK Dollar Settlement Fund based on the relative amounts of

pro-rata DK Dollars initially allocated to such open levels.  Unallocated DK Dollars in any level

will similarly be reallocated pro-rata to levels which have not reached their maximum amount

per valid claimant.  After that process is completed, any remaining unallocated DK Dollars shall

revert to DraftKings.

        E.    **Distribution of Claim Form and Declaration.**

        The Claim Form and Declaration shall be distributed to Settlement Class

Members by DraftKings, at DraftKings' cost, with the Class Notice.

**V.    NOTICE TO THE SETTLEMENT CLASS, REQUESTS FOR EXCLUSION, AND
ADMINISTRATION OF THE SETTLEMENT.**

        A.    DraftKings shall issue the Class Notice in accordance with the requirements of the

Preliminary Approval Order, as follows:

        1.    Subject to the approval of the Court and to be completed no later than

thirty (30) days after the Court's order preliminarily approving the settlement, DraftKings shall

cause the Class Notice to be issued in forms substantially identical as **Exhibits C-1 and C-2** attached hereto by sending out the Class Notice via email using the email address in DraftKings' records for each Settlement Class Member (the "Class Notice Emails").

        2.     DraftKings shall pay all costs associated with preparing and disseminating the Class Notice in the manner described above.

        3.     DraftKings shall provide and bear the cost of notice to appropriate federal and state officials as required by the Class Action Fairness Act of 2005.

    B.     **DraftKings shall administer the settlement.**

        1.     **Claims Administrator**:  The settlement claims process shall be administered by an administrator selected by DraftKings in consultation with Class Counsel.  All expenses and costs of the claims administrator shall be paid by DraftKings.

        2.     **Settlement Website**:  Within twenty (20) days of execution of the Settlement Agreement, the claims administrator selected pursuant to Section V.B.1 above will create a website regarding the settlement.  The website will be updated to provide access to relevant documents and information related to the settlement, including a copy of the Class Notice and claims procedure.

        3.     The claims administrator shall track, compile and report to Defendant's Counsel and Class Counsel all of the Opt-Outs.

## VI.    ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES.

    A.     Plaintiffs and DraftKings acknowledge that attorneys' fees and reimbursement of expenses for Class Counsel are subject to the Court's approval and determination. DraftKings agrees not to oppose an application by Class Counsel for a fee in the amount of One Million, Nine Hundred Thousand Dollars ($1,900,000), and agrees not to oppose an application by Class Counsel for reimbursement of expenses in the amount of One Hundred

Thousand Dollars ($100,000). Class Counsel agrees that, notwithstanding any award of fees and costs by the Court in an amount higher than Two Million Dollars ($2,000,000), Class Counsel will not enforce nor attempt to enforce such an award to the extent it exceeds the Two Million Dollar ($2,000,000) maximum fee and reimbursement of expenses agreed to herein. Within thirty (30) days after the Effective Date, DraftKings shall deliver to Todd & Weld LLP a check for the benefit of Class Counsel payable to Todd & Weld LLP, at the address set forth above, in the total amount actually awarded by the Court as attorneys' fees, expenses, and costs, but not to exceed One Million, Nine Hundred Thousand Dollars ($1,900,000) for fees and One Hundred Thousand Dollars ($100,000) for expenses.

B.      DraftKings agrees not to oppose an application by the Class Representative Plaintiffs for an Incentive Payment of $1,250.00 for each Class Representative Plaintiff, and the Class Representative Plaintiffs and Class Counsel agree not to apply for an Incentive Payment in excess of $1,250.00 for each Class Representative Plaintiff. Within thirty (30) days after the Effective Date, DraftKings shall deliver to the claims administrator checks payable to the Class Representative Plaintiffs for the amount actually awarded by the Court as an Incentive Payment, but not exceeding the sum of $1,250.00 for each Class Representative Plaintiff.

C.      In no event shall DraftKings be required by Order of the Court to pay more than the One Million, Nine Hundred Thousand Dollars ($1,900,000) for fees and One Hundred Thousand Dollars ($100,000) for expenses (inclusive of any interest) set forth herein or the $1,250.00 agreed herein as the Incentive Payment for each Class Representative Plaintiff (inclusive of any interest). Should the Court by Order require DraftKings to pay larger amounts, DraftKings shall have the right, but not the obligation, to cancel this Agreement, terminate the

settlement, and to proceed as if the settlement had never been executed, and the Agreement shall be null and void as provided in Section VIII.B below.

D.      Settlement Class Members shall not be responsible for paying any part of the agreed fees, costs, expenses, or incentive awards described in this Agreement.

E.      Other than the attorneys' fees, costs, and expenses explicitly provided herein, the Class Representative Plaintiffs, the Settlement Class and its individual members, and DraftKings shall bear their own attorneys' fees, costs, and expenses associated with the Litigation and this Agreement.

F.      Any money required to be paid by DraftKings shall be paid only after the Effective Date of the Agreement.

## VII.   OPT-OUTS – RIGHT TO TERMINATE

DraftKings shall be entitled, but not required, in its sole and absolute discretion, by written notice to Class Counsel, to terminate and cancel this Agreement in the event the number of Opt-Outs is greater than 1,000 or DraftKings reasonably and in good faith determines that the aggregate value of the total claims of the Opt-Outs exceeds $350,000 in which event the Parties shall proceed as provided in Section VIII.B below.

## VIII.  CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION OF THIS AGREEMENT.

A.      The Parties agree that no Party shall conduct discovery against any of the others pending the preliminary approval of the settlement by the Court, and that, upon the preliminary approval of this settlement by the Court as evidenced by entry of the Preliminary Approval Order, all discovery and other proceedings in the Litigation shall be stayed until further order of the Court, except such proceedings as may be necessary either to implement this Agreement or to comply with or effectuate the terms of this Agreement.

B.     If that any of the events or conditions described in Section I.A.6 above(a)-(e) either are not met or do not occur or the Agreement is terminated by DraftKings pursuant to Section VI.C. or VII of this Agreement, this entire Agreement shall become null and void, except that the Parties shall have the option to agree mutually in writing to waive the event or condition and proceed with this settlement in which event the Effective Date shall be deemed to have occurred on the date that said mutually agreeable written agreement is duly executed and effective.  If any of the events or conditions described in Section I.A.6 above(a)-(e) either are not met or do not occur (and the events or conditions are not mutually waived in writing) or the Agreement is terminated by DraftKings pursuant to Section VI.C. or VII of this Agreement, the Parties shall return to their respective positions in this Litigation as those positions existed immediately before the Parties executed this Agreement, and nothing stated in the Agreement, or in any exhibits to the Agreement, shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this Litigation or in any other action.  In particular, DraftKings will retain the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted by the Class Representative Plaintiffs.

## IX.    DISMISSAL OF LITIGATION AND RELEASE.

A.     As soon as practicable after execution of this Agreement, Class Counsel will take all necessary steps to secure the Court's approval of this settlement, certification of the Settlement Class, the entry of the Judgment in the form of **Exhibit E** attached hereto, and the subsequent dismissal of the Litigation, with prejudice, as to the Settlement Class.

B.     Within five (5) days of the Order Granting Final Approval of the Settlement:

1.     Plaintiffs shall dismiss with prejudice all claims in the Litigation against the Payment Processor Defendants.

2.     DraftKings shall cause the Judgment to be entered.

C.     In consideration of the aforementioned payments and obligations undertaken by DraftKings, and save and except only those obligations created or arising from this Agreement or the attached Judgment, the Releasing Persons hereby release and forever discharge the Released Persons from the Released Claims, and stipulate and agree that they and the Settlement Class shall be deemed to be forever barred from initiating, asserting, and/or prosecuting any Released Claims against any Released Person in any court or other forum.

D.     Upon the entry of the Judgment and the occurrence of the Effective Date, each and every Releasing Persons and all successors in interest and assigns shall be permanently enjoined and forever barred from prosecuting any and all Released Claims against the Released Persons.

E.     The Parties agree that they may hereafter discover facts in addition to or different from those they believe to be true with respect to the subject matter of this Agreement. Each party agrees that, notwithstanding the discovery of the existence of any such additional or different facts that, if known, would materially affect her, his, or its decision to enter into this Agreement, the releases given herein shall be and remain in effect as a full, final, and complete release to the Released Claims, and that no party shall be entitled to modify or set aside this Agreement, either in whole or in part, by reason thereof. The Parties further agree that they have been informed of and waive the benefits of California Civil Code section 1542 (and any and all other similar state statutes regarding the effectiveness of general releases), which reads as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

## X.     MISCELLANEOUS PROVISIONS.

A.     The Parties hereto and their undersigned counsel agree to undertake commercially reasonable efforts and to offer their reasonable cooperation to effectuate this Agreement and the terms of the settlement set forth herein, including taking all steps and efforts contemplated by this Agreement and any other steps and efforts which may become reasonably necessary by order of the Court or otherwise.

B.     This Agreement, together with its attachments, contains the entire agreement among the Parties hereto and supersedes any prior agreements or understandings (including any term sheets) between them, other than agreements regarding confidentiality.  All terms of this Agreement are contractual and not mere recitals and shall be construed as if drafted by all Parties hereto.  The terms of this Agreement are and shall be binding upon all of the Parties hereto, their agents, attorneys, employees, successors and assigns, and upon all other persons claiming any interest in the subject matter hereto through any of the Parties hereto, including any Settlement Class Member and the Releasing Parties.

C.     In entering into this Agreement, DraftKings does not admit to any wrongdoing of any kind, and expressly denies wrongdoing of any kind whatsoever, and has entered into this Agreement and agreed to the terms solely to avoid the risk, expense, inconvenience, distraction, and burden of further protracted litigation.  Moreover, this Agreement shall not be deemed an admission of any kind by DraftKings or used as evidence against, or over the objection of, DraftKings by any third-party for any purpose in any action, claim, arbitration or tribunal.

D.      This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties.  Amendments and modifications may be made without additional notice to the Settlement Class unless such notice is required by the Court.

E.      This Agreement shall be subject to, governed by, construed, and enforced pursuant to the laws of the Commonwealth of Massachusetts.

F.      The exhibits to this Agreement are an integral part of the settlement and are hereby incorporated by reference and made a part of this Agreement.

G.      This Agreement shall be binding upon and inure to the benefit of the Parties hereto, their respective parent, subsidiary, and affiliated corporations and the officers, directors, employees, partners, shareholders, agents, and any other successors, assigns, or legal representatives of all of the foregoing persons and entities.

H.      Except as agreed to herein, the Parties to this Agreement shall bear their own attorneys' fees, expenses, and costs, including in connection with finalizing this settlement, obtaining Court approval of the same, and proceedings subsequent to the same.

I.      To the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted in breach of or contrary to this Agreement.

J.      This Agreement, whether or not executed and consummated, and any communications exchanged or actions taken pursuant to or during the negotiation of this Agreement, are for settlement purposes only.  Neither the fact of nor the contents of this Agreement or its exhibits, nor any communications exchanged nor actions taken pursuant to or during the negotiation of this Agreement, shall constitute or be construed as admissible evidence

of the validity of any claim asserted or fact alleged in the Complaint or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Released Persons. This Agreement is made without prejudice to the rights of DraftKings to oppose certification of a class or classes should this Agreement not be approved or implemented or should the Effective Date not occur.

K.     This Agreement shall be deemed to have been executed upon the Agreement Execution Date.

L.     The Parties warrant and represent that no claim or any portion of any claim referenced or released in this Agreement has been sold, assigned, conveyed, or otherwise transferred to any other Person.

M.     This Agreement may be executed in counterparts, each of which shall constitute an original. This Agreement may be executed by facsimile or email signatures, each of which shall be deemed to be an original.

N.     The Settlement Class Members, Releasing Persons and Class Counsel, including their experts and consultants, agree that they will not use any confidential material obtained, derived, or created in connection with the Litigation for any purpose unrelated to the Litigation, and that they will, following the completion of the distribution of all awards to the Settlement Class Members and a reasonable period for resolution of any disputes relating to such awards, delete or destroy all electronic data and databases in their possession and delete or destroy any other information provided to them which was confidential information, and agree that they have not made and will not retain any copies.

O.     Except as otherwise expressly agreed to in writing, DraftKings, its counsel, the Class Representative Plaintiffs, and Class Counsel agree not to make any oral or written statements to the press regarding the Litigation or the settlement, but shall be free, upon receipt

of inquiry from one or more members of the press, to state "the matter has been amicably resolved," "a settlement was reached," "we are pleased to have resolved this matter." In no event shall any Settlement Class Members be deemed "press" for purposes of this prohibition, and in no event shall this prohibition be construed as limiting the ability of Class Counsel to earnestly and candidly communicate with Settlement Class Members. Class Counsel and Defendant's Counsel reserve the right to post neutral factual statements about the settlement on their websites and to provide information about the settlement to courts or in the course of their practices, including but not limited to providing information to potential clients and/or counsel, provided however, for the avoidance of doubt, nothing contained herein shall prevent a Party from making any of the following disclosures:

1.     confidentially to their respective attorneys, accountants and indemnitors;

2.     in the case of DraftKings only, confidentially to DraftKings' employees who have a reason to know such information in connection with their job responsibilities, and to DraftKings board of directors and executive leadership team;

3.     to the extent required to enforce this Agreement;

4.     to fulfill their corporate financial reporting obligations under GAAP; and/or

5.     for the purpose of disclosure in connection with reports filed with the Securities and Exchange Commission, or any other filings, reports or disclosures that may be required under applicable laws or regulations (including without limitation applicable stock exchange rules and regulations), including without limitation to governmental or regulatory bodies.

P.      The signatories hereto warrant that they are authorized to enter into this Agreement on behalf of the entities below.

**[*signatures on the following pages*]**

## CLASS REPRESENTATIVE PLAINTIFFS

Thomas Berg

*Antonio Cantamaglia*

Tony Cantamaglia

Eric Champagne

Lamart Clay

Alan Cordover

DocuSign Envelope ID: 57E571C7-2E7A-4169-8994-D2A36A2E1F00

DocuSigned by:

F5B1F08283CE47E...

_____

Matt Deady

_____
Michael Desabato

_____
Kurt Elliot

DocuSign Envelope ID: A831F6F3-3FB4-4D5F-A4BD-9EF44E19AE1F

DocuSigned by:

*Jamie Facenda*

18SD097C7E6C433

Jamie Facenda

Richard Famiglietti

Alicia Ferdula

DocuSign Envelope ID: EE3062B3-7F63-4EB1-87AD-4D37252AD631

DocuSigned by:

James Gardner

Jimmy Grundy


Tom Guarino

Paul Guercio

_____
Nate Jackson

_Jeff Kaufman_
Jeff Kaufman

Aissa Khirani

Ryan Leonard

Scott Levin

Jared Lokeitz

Brian Martinelli

Karl Medina

_Michael Moton_
_____
Michael Moton

Christine Parks

Jodi Siegel

DocuSign Envelope ID: F4C30B0D-6573-4042-A7B8-EB4334A76BB1

DocuSigned by:

7C2502E305A847B...

Steven Siler

Peter Triantafylidis

Scott Walters

DocuSign Envelope ID: 17A25DD0-2225-4C7D-A2D7-00D6C28DC1BA

DocuSigned by:

_____
1FB1FA78AF08472

David White

**DEFENDANT**

DRAFTKINGS INC.

By:   R. Stanton Dodge

Its:   Chief Legal Officer

## COUNSEL

**NAPOLI SHKOLNIK PLLC**

By: _____
Hunter J. Shkolnik
Attorneys for Class Representative Plaintiffs

**KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.**

By: _____
Melissa Emert
Attorneys for Class Representative Plaintiffs

**JONES WARD PLC**

By: _____
Jasper D. Ward, IV
Attorneys for Class Representative Plaintiffs

**TODD & WELD LLP**

By: _____
Christopher Weld
Attorneys for Class Representative Plaintiffs

**KING & SPALDING LLP**

By: _____
Damien J. Marshall
Attorneys for Defendant DRAFTKINGS INC.

## COUNSEL

**NAPOLI SHKOLNIK PLLC**

By: _____
      Hunter J. Shkolnik
      Attorneys for Class Representative Plaintiffs

**KANTROWITZ, GOLDHAMER**
      **& GRAIFMAN, P.C.**

By: _____
      Melissa Emert
      Attorneys for Class Representative Plaintiffs

**JONES WARD PLC**

By: _____
      Japer D. Ward, IV
      Attorneys for Class Representative Plaintiffs

**TODD & WELD LLP**

By: _____
      Christopher Weld
      Attorneys for Class Representative Plaintiffs

**KING & SPALDING LLP**

By: _____
      Damien J. Marshall
      Attorneys for Defendant DRAFTKINGS INC.

# EXHIBIT A

*In re: Daily Fantasy Sports Litig.*
**Case No. 16-MD-2677 (D. Mass.)**

## EXHIBIT A TO THE SETTLEMENT AGREEMENT

| Class Representative Plaintiffs |
| --- |
| Thomas Berg |
| Tony Cantamaglia |
| Eric Champagne |
| Lamart Clay |
| Alan Cordover |
| Matt Deady |
| Michael Desabato |
| Kurt Elliot |
| Jamie Facenda |
| Richard Famiglietti |
| Alicia Ferdula |
| James Gardner |
| Jimmy Grundy |
| Tom Guarino |
| Paul Guercio |
| Nate Jackson |
| Jeff Kaufman |
| Aissa Khirani |
| Ryan Leonard |
| Scott Levin |
| Jared Lokeitz |
| Brian Martinelli |
| Karl Medina |
| Michael Moton |
| Christine Parks |
| Jodi Siegel |
| Steven Siler |
| Peter Triantafylidis |
| Scott Walters |
| David White |

# EXHIBIT B

EXHIBIT B TO THE SETTLEMENT AGREEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:  DAILY FANTASY SPORTS LITIGATION<br><br>This Document Relates to:<br>All Cases | MDL No. 1:16-md-02677-GAO |

## ORDER GRANTING PROVISIONAL CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

WHEREAS, the Class Representative Plaintiffs, on behalf of themselves and all similarly situated DraftKings participants, and Defendant DraftKings Inc. ("DraftKings"), all acting by and through their respective counsel, have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle their claims in this litigation as they relate to DraftKings only upon the terms as set forth in the Settlement Agreement;

WHEREAS, this Court has reviewed and considered the Settlement Agreement dated _____, 2021, entered into among the Class Representative Plaintiffs and DraftKings (the "Agreement"), a copy of which is attached hereto as **Attachment 1**, together with all exhibits thereto, the record in this case, and the briefs and arguments of counsel; and

WHEREAS, this Court preliminarily finds, for the purposes of settlement only, that the above-captioned action (the "Action") meets all the prerequisites of Rule 23 of the Federal Rules

1                    **Exhibit B to the Settlement Agreement**

of Civil Procedure, that the Class Representatives are adequate representatives of the Settlement

Class (as defined below), and that Class Counsel are adequate to represent the Settlement Class.

NOW, THEREFORE, based upon the files, records, and proceedings herein, and it

appearing to the Court that a hearing should be held on notice to the Settlement Class of the

proposed settlement to determine finally if the terms of the settlement are fair, reasonable, and

adequate;

**IT IS HEREBY ORDERED THAT:**

1.     All terms and definitions used herein have the same meanings as set forth in the

Agreement.

2.     The proposed settlement set forth in the Agreement is hereby preliminarily

approved as being within the range of reasonableness such that notice thereof should be given to

members of the Settlement Class.

3.     The following Settlement Class is conditionally and preliminarily certified for

settlement purposes only:

> All Persons in the United States who made a first-time deposit into
> their DraftKings Daily Fantasy Sports account prior to January 1,
> 2018, and who are not net lifetime winners on DraftKings.

4.     The Class Representative Plaintiffs listed on **Exhibit A** to the Agreement are

hereby found to be adequate and are therefore appointed as representatives of the Settlement

Class (the "Class Representatives").

5.    The following counsel are hereby found to be adequate and are therefore

appointed as class counsel for the Settlement Class ("Class Counsel"):

**TODD & WELD LLP**
Christopher Weld
One Federal Street
Boston, MA  02109
Telephone: (617) 720-2626
Email:      cweld@toddweld.com

**NAPOLI SHKOLNIK PLLC**
Hunter Jay Shkolnik
1301 Avenue of the Americas
New York, NY  10019
Telephone: (212) 397-1000
Email:      hunter@napolilaw.com

**MORGAN & MORGAN**
    **COMPLEX LITIGATION GROUP**
John A. Yanchunis
201 N. Franklin Street, 7th Floor
Tampa, FL  33602
Telephone: (813) 318-5169
Email:      jyanchunis@forthepeople.com

**THE GORI LAW FIRM, P.C.**
D. Todd Mathews
156 N. Main Street
Edwardsville, IL  62025
Telephone: (618) 659-9833
Email:      Todd@GoriLaw.com

**HANNON LAW FIRM, LLC**
Kevin S. Hannon
1641 Downing Street
Denver, CO  80218
Telephone: (303) 861-8800
Email:      khannon@hannonlaw.com

**JONES WARD PLC**
Jasper D. Ward
1205 E. Washington Street, Suite 111
Louisville, KY  40206
Telephone: (502) 882-6000
Email:      jasper@jonesward.com

**KANTROWITZ, GOLDHAMER**
    **& GRAIFMAN, P.C.**
Melissa R. Emert
747 Chestnut Ridge Road, Suite 200
Chestnut Ridge, NY  10977
Telephone: (845) 356-2570
Email:      memert@kgglaw.com

**LAW OFFICES OF**
    **JENNIFER DUFFY, APC**
Jennifer L. Duffy
28649 S. Western Avenue, #6571
San Pedro, CA  90734
Telephone: (310) 714-9779
Email:      jduffy@kamberlaw.com

**HENINGER, GARRISON & DAVIS, LLC**
W. Lewis Garrison, Jr.
2224 First Avenue North
PO Box 11310
Birmingham, AL  35203
Telephone: (205) 326-3336
Email:      lewis@hgdlawfirm.com

**LOCKRIDGE GRINDAL**
    **NAUEN, P.L.L.P.**
Robert K. Shelquist
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
Telephone: (612) 339-6900
Email:      rkshelquist@locklaw.com

**CUNEO GILBERT & LADUCA, LLP**
Michael J. Flannery
500 North Broadway
Suite 1450
St. Louis, MO 63102
Telephone: (314) 226-1015
Email:    mflannery@cuneolaw.com

**SHERMAN, SILVERSTEIN, KOHL,**
    **ROSE & PODOLSKY, P.A.**
Alan C. Milstein
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: (856) 662-0700
Email:    amilstein@shermansilverstein.com

**LAW OFFICE OF RICHARD S.**
**CORNFELD**
Richard S. Cornfeld
1010 Market Street, Suite 1720
St. Louis, MO 63101
Telephone: (314) 241-5799
Email:    rcornfeld@cornfeldlegal.com

6.    If final approval of the settlement is not obtained, this certification order,
including the above description of the Settlement Class and appointment of the Class
Representatives and Class Counsel, shall be vacated and this Action shall proceed as though the
certification and appointments never occurred.

7.    Pending final determination of whether the settlement should be approved, neither
the Class Representatives nor any member of the Settlement Class, whether directly, indirectly,
individually, representatively, or in any other capacity, shall commence or prosecute any action
or proceeding of any nature whatsoever asserting any of the claims herein against DraftKings.

8.    The Class Action Settlement Notices ("Class Notices"), which are attached as
**Exhibits C-1 and C-2** to the Agreement, are hereby approved as to form.  DraftKings shall
cause the Class Notices (which shall be substantially identical to the form of **Exhibits C-1**
**and C-2** to the Agreement) to be disseminated by the Claims Administrator who shall send the
Class Notices via email to DraftKings' current and former customers who are within the
Settlement Class (the "Class Notice Emails") by _____, 2021.

9.      Tracking and reporting of Persons eligible to be Settlement Class Members who request a valid and timely exclusion from the Settlement Class that fully complies with the provisions of the Class Notices and Paragraph 17 of this Order (the "Opt Outs") shall be compiled by the Claims Administrator and reported to DraftKings, Class Counsel and the Court. DraftKings shall pay all costs associated with such tracking and reporting of Opt Outs.

10.     DraftKings shall pay all costs associated with preparing and disseminating the Class Notices.

11.     DraftKings shall provide and bear the cost of notice to appropriate federal and state officials as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(a).

12.     DraftKings is directed to file with the Court and serve upon Class Counsel, no later than _____, 2021, a declaration confirming that dissemination of the Class Notices has taken place in accordance with this Order.

13.     The Court finds that the dissemination of the Class Notices under the terms and in the format provided for in the Agreement and this Order constitutes the best notice practicable under the circumstances, that it is due and sufficient notice for all purposes to all persons entitled to such notice, and that it fully satisfies the requirements of due process and all other applicable laws.

14.     A hearing (the "Fairness Hearing") shall be held on _____, at __:__ _.m., in Courtroom 9, before the Honorable George A. O'Toole, Jr., John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA  02210 to determine whether the proposed settlement of this Action as to DraftKings should be finally approved as fair, reasonable, and adequate and whether the Final Judgment approving the settlement and dismissing certain claims

asserted in the litigation on the merits and with prejudice should be entered.  The Court will hear Class Counsel's application for attorneys' fees and costs concurrently with the Fairness Hearing.  The Court will also hear Class Counsel's application for incentive payments to the Class Representatives at the Fairness Hearing.  The Fairness Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to the members of the Settlement Class.

15.     Objections by any Settlement Class Member to the Agreement shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, by _____, 2021, such objector (1) files with the Clerk of the United States District Court, District of Massachusetts:  (i) his, her, or its objection and a statement of the basis for such objection, including the objector's full name, current address, and telephone number; (ii) if applicable, a Notice of Intention to Appear at the Fairness Hearing; and (iii) documentary proof that he, she, or it is a member of the Settlement Class, and (2) serves copies of the foregoing and all other papers in support of such objections (including any briefs or declarations) on counsel for the parties identified in the Class Notices.  In addition, any Settlement Class Member objecting to the Agreement shall provide a detailed list of any other objections submitted by the objector, or the objector's separate counsel, to any class action settlements submitted in any court in the United States, whether state, federal or otherwise, in the previous five years.  A Settlement Class Member need not appear at the Fairness Hearing in order for his, her, or its objection to be considered.

16.     The filing of an objection allows Class Counsel or Defendant's Counsel to notice such objecting Settlement Class Member for and take his, her, or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary

evidence or other tangible things that are relevant to the objection.  Failure by an objecting Settlement Class Member to make himself, herself, or itself available for a deposition or to comply with expedited discovery requests may result in the Court striking the Settlement Class Member's objection and otherwise denying that Settlement Class Member the opportunity to make an objection or be further heard.  The Court reserves the right to tax the costs of any such discovery to the objecting Settlement Class Member or the objecting Settlement Class Member's separate counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

17.     Any Settlement Class Member shall have the right to opt-out of the class and the settlement.  To be effective, all requests for exclusion from the Settlement Class must:  (1) be in writing, (2) fully comply with the provisions of the Class Notices, and (3) be sent to the mailing address identified in the Class Notice, post-marked by _____, 2021.  Any Settlement Class Member who does not submit a timely and valid request for exclusion from the Settlement Class that fully complies with the provisions of the Class Notices this Paragraph 17 shall be subject to and bound by the Settlement Agreement and every order or judgment entered concerning the Settlement Agreement.

18.     Class Counsel shall file any application for an award of attorneys' fees and costs and for incentive payments to the Class Representatives ("Fee Application") no later than _____, 2021, which shall be set for the same date as the Fairness Hearing.

19.     Counsel for the parties shall file memoranda, declarations, or other statements and materials in support of final approval of the Agreement no later than _____, 2021.

20.     Counsel for the parties shall file any reply papers in support of final approval of the Agreement or the Fee Application and in response to any objections from Settlement Class Members by _____, 2021.

21.     The settlement on the terms and conditions of the Agreement filed concurrently with the parties' joint motion for preliminary approval is hereby preliminarily approved, but is not to be deemed an admission of liability or fault by DraftKings or by any other party or person, or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of law by DraftKings.  The settlement is not a concession and shall not be used as an admission of any fault or omission by DraftKings or any other party or person.

22.     Any Settlement Class Member may enter an appearance in the Action individually or through the counsel of their choice at their own expense.  Other than (a) Settlement Class Members who enter an appearance and (b) Opt-Outs, the Class will be represented by Class Counsel.

23.     Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

24.     Summary of Dates and Deadlines:

| Last day to disseminate class notice: | 30 days after entry of the Preliminary Approval Order |
| --- | --- |
| Last day to file papers in support of final approval of the settlement and any application for attorneys' fees, expenses and incentive payments: | 14 days after class notice is disseminated |
| Last day for class members to file comments and objections to the settlement or fee application: | 35 days after class notice is disseminated |

| | |
|---|---|
| Last day for class members to opt-out of the settlement class: | 35 days after class notice is disseminated |
| Last day for the parties to file replies to any class member objections: | 14 days after the last day for class members to file comments and objections to the settlement or fee application |
| Fairness Hearing: | 21 days after the last day for the parties to file replies to any class member objections |

**IT IS SO ORDERED.**

DATED: _____

_____

Hon. George A. O'Toole, Jr.
United States District Judge

**APPROVED AS TO FORM:**

DATED: _____          **NAPOLI SHKOLNIK PLLC**


By: _____
Hunter J. Shkolnik
Attorneys for Class Representative Plaintiffs

DATED: _____          **KANTROWITZ, GOLDHAMER**
                                  **& GRAIFMAN, P.C.**


By: _____
Melissa Emert
Attorneys for Class Representative Plaintiffs

DATED: _____          **JONES WARD PLC**


By: _____
Jasper D. Ward
Attorneys for Class Representative Plaintiffs

DATED: _____          **TODD & WELD LLP**


By: _____
Christopher Weld
Attorneys for Class Representative Plaintiffs

DATED: _____          **KING & SPALDING LLP**


By: _____
Damien J. Marshall
Attorneys for Defendant DRAFTKINGS INC.

## **ATTACHMENT 1**

[Fully-Executed Settlement Agreement]

# EXHIBIT C-1

### EXHIBIT C-1 TO THE SETTLEMENT AGREEMENT

### CLASS ACTION SETTLEMENT NOTICE
### TO SETTLEMENT CLASS MEMBERS WITH <u>OPEN</u> ACCOUNTS

*IN RE: DAILY FANTASY SPORTS LITIGATION.*, CASE NO. 2677
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

**If you made a first-time deposit into a DraftKings Daily Fantasy Sports account
prior to January 1, 2018, and you are not a net lifetime winner on DraftKings,
you could receive benefits from a class action settlement.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- The settlement will provide benefits to certain individuals who made a first-time deposit into their DraftKings Daily Fantasy Sports account prior to January 1, 2018, and who are not net lifetime winners on DraftKings.

- The benefits which will be available to Settlement Class Members with open accounts with DraftKings who submit timely, accurate, complete and duly executed Claim Forms and Declarations  are "DraftKings Dollars" which may be used, subject to their ordinary terms and conditions, to participate in various fantasy contests operated by DraftKings.

- Your legal rights are affected whether you act or don't act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A VALID CLAIM FORM AND DECLARATION** | Get full benefits.  You will also give up your rights to sue DraftKings based on the legal claims in this case. |
| **EXCLUDE YOURSELF** | Opt out of the settlement and get no benefit. |
| **OBJECT OR COMMENT** | Write to the Court about why you do or don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Give up full benefits and your rights to sue DraftKings based on the legal claims in this case. |

4845-2049-6089.1                                    **Exhibit C-1 to the Settlement Agreement**

## WHAT THIS NOTICE CONTAINS

1.   Why did I receive this notice? ........................................................................... 1

2.   What is this lawsuit about? ............................................................................... 1

3.   Why is this a class action lawsuit? ................................................................... 1

4.   Why is there a settlement? ............................................................................... 1

5.   How do I know if I am part of the settlement? ................................................. 2

6.   What can I get from the settlement? ................................................................. 2

7.   How can I get a benefit? ................................................................................... 2

8.   What am I giving up to get a benefit and stay in the Settlement Class? ........... 2

9.   How do I get out of the settlement? ................................................................. 3

10.  If I don't exclude myself, can I sue DraftKings for the same thing later? ......... 4

11.  If I exclude myself, can I get any of the benefits offered in this settlement? ..... 4

12.  Do I have a lawyer in this case? ....................................................................... 4

13.  How will the lawyers be paid? .......................................................................... 4

14.  How do I tell the Court that I don't like the settlement? ................................... 5

15.  What is the difference between objecting to the settlement and excluding myself
     from the settlement? ......................................................................................... 5

16.  When and where will the Court decide whether to approve the settlement? ..... 6

17.  Do I have to come to the hearing? ................................................................... 6

18.  May I speak at the hearing? ............................................................................. 6

19.  What happens if I do nothing at all? ................................................................ 7

20.  Are there more details about the settlement? ................................................... 7

21.  How do I get more information? ....................................................................... 7

## BASIC INFORMATION

**1.    Why did I receive this notice?**

You received this notice because DraftKings Inc. ("DraftKings") records indicate that you made a first-time deposit into a DraftKings Daily Fantasy Sports account prior to January 1, 2018 and have an open account with DraftKings.

We are sending you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to issue a final approval of the settlement.  If the Court approves the settlement, DraftKings will distribute the settlement benefits after all appeals are resolved.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Massachusetts, and the case is known as captioned *In re: Daily Fantasy Sports Litigation.*, MDL Case No. 2677. The people who sued are called Plaintiffs and the company they sued, DraftKings, which does business as the entity known as DraftKings, is called the Defendant.

**2.    What is this lawsuit about?**

Plaintiffs allege that DraftKings falsely advertised its product as a fair, 100% legal, easy to win game of skill that players could win if they practiced, played, studied, or worked on, and falsely advertised that players first deposit of up to $600 would be immediately matched by DraftKings. DraftKings denies these allegations entirely, and this settlement is in no way an admission of any wrongdoing on the part of DraftKings.

**3.    Why is this a class action lawsuit?**

In a class action, one or more people, called Class Representatives, sue on behalf of people who have similar claims.  All of these people form a Class and are Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  U.S. District Judge George A. O'Toole, Jr. is in charge of this class action.

**4.    Why is there a settlement?**

The Court did not decide in favor of Plaintiffs or Defendant.  Instead, both sides agreed to a settlement.  That way, they avoid the cost of a trial, and the people affected will quickly receive a benefit.  The Class Representatives and Class Counsel think the settlement is best for the Class.

Questions?  Call 1-000-000-000 or visit www.[websitename].com
*In re: Daily Fantasy Sports Litigation.*, Case No. 2677 (D. Mass.)

## WHO IS IN THE SETTLEMENT

To see if you will receive any benefits from the settlement, you must first determine if you are a Settlement Class Member.

**5.      How do I know if I am part of the settlement?**

If you receive this notice, you are in the Settlement Class unless you exclude yourself from the Settlement Class by providing written notice in accordance with the procedures set forth in this Notice.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

**6.      What can I get from the settlement?**

All Settlement Class Members with an open account with DraftKings who do not opt out under the procedures set forth in this Notice and who provide a timely, accurate, complete and duly executed Claim Form and Declaration shall be entitled to make a claim for DK Dollars which, if validly made, will be deposited directly into their account in an amount (not to exceed an agreed limit) that will be determined by, amongst other things, the number of timely, accurate, complete and duly executed Claim Forms and Declarations that are made against the portion of the settlement fund allocated to their level, as determined by the amount of their initial deposit.  Amounts will be equally distributed to valid claimants in each level up to the maximum applicable to the relevant level.

## HOW CAN I GET MY BENEFIT—SUBMITTING A VALID CLAIM FORM AND DECLARATION

**7.      How can I get a benefit?**

In order to receive the benefit for which you are eligible, you must fully and accurately fill out, duly execute and timely submit the Claim Form and Declaration attached to this notice.  You can also download a Claim Form and Declaration at www.[websitename].com.  Read the instructions carefully, fill out and sign the Claim Form and Declaration, and mail the completed Claim Form and Declaration to DraftKings Settlement Claims Administrator / DraftKings Settlement Claim Forms [insert address] so that it is postmarked no later than _____, 2021.

**8.      What am I giving up to get a benefit and stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against DraftKings about the legal issues in *this* case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you stay in the Settlement Class, you will agree to release all claims regarding any first-time deposit into a

DraftKings Daily Fantasy Sports account prior to January 1, 2018, including, but not limited to, claims for money damages or monetary relief.

The settlement and release will extend to DraftKings Inc., a Delaware corporation; the Payment Processor Defendants as defined in the Complaint: Paysafecard.com USA Inc.; Vantiv, Inc. only as to claims involving DraftKings; the Non-Defendant Banks as defined in the Complaint: JPMorgan Chase & Co.; Capital One Financial Corporation only as to claims involving DraftKings; the Non-Defendant Facilitators as defined in the Complaint: Visa Inc.; Mastercard Incorporated; American Express Credit Corporation only as to claims involving DraftKings; the Non-Defendant Enterprise DraftKings Investors as defined in the Complaint: 21st Century Fox; Atlas Ventures Associates III, Inc.; BDS Capital Management LLC; Mail.ru Group, formerly known as DST Global, also known as Digital Sky Technologies; Fox Sports Interactive Media LLC; GGV Capital; Jason Robins; Hub Angels Management LLC; Jordan Mendell; Kraft Group; Legends Hospitality LLC; MSG Sports & Entertainment, LLC; Major League Baseball Ventures; Major League Soccer LLC; M7 Tech Partners LLC; NHL Enterprises, Inc.; NHL Enterprises, L.P.; Redpoint Ventures LLC; The Raine Group LLC; and Wellington Management Company LLC. only as to claims involving DraftKings; and the past and present direct and indirect parents, subsidiaries, and affiliated Persons of all of the foregoing persons and entities; the officers, directors, employees, partners, shareholders, agents, attorneys, and insurers of all of the foregoing persons and entities; and the predecessors, successors, assigns, and legal representatives of all of the foregoing persons and entities only as to claims involving DraftKings. If you do not exclude yourself from the Settlement Class, you will be deemed to have entered into this settlement and to have settled and released, among other things, the above described claims. The full release is available in the Settlement Agreement.

If the settlement is approved by the Court and becomes final, the settlement will be consummated and the case will end. If the settlement is not approved by the Court or does not become final for some other reason, the litigation will continue.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a benefit from this settlement or want to keep the right to sue or continue to sue DraftKings on your own about the legal issues in this case, then you must take steps to exclude yourself from (or "opt out" of) the Settlement Class.

**9.     How do I get out of the settlement?**

To validly exclude yourself from the Settlement Class, you must send a letter by mail that is personally signed by you and includes: (1) a specific statement that you request exclusion from the Settlement Class in *In re: Daily Fantasy Sports Litigation.*, MDL Case No. 2677; and (2) your full name, address and telephone number. You must mail your exclusion request postmarked no later than _____, 2021, to:

Questions? Call 1-000-000-000 or visit www.[websitename].com
*In re: Daily Fantasy Sports Litigation.*, Case No. 2677 (D. Mass.)

DraftKings Settlement Claims Administrator
DraftKings Settlement Exclusions
[Insert address]

You cannot exclude yourself by phone or e-mail.  If you ask to be excluded, you will not get any settlement benefit and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) DraftKings.

**10.     If I don't exclude myself, can I sue DraftKings for the same thing later?**

No.  Unless you exclude yourself, you give up the right to sue DraftKings for the claims that this settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from *this* Settlement Class to continue your own lawsuit.

**11.     If I exclude myself, can I get any of the benefits offered in this settlement?**

No.  If you exclude yourself, do not send in a Claim Form and Declaration to ask for any benefit.

## THE LAWYERS REPRESENTING YOU

**12.     Do I have a lawyer in this case?**

The Court has appointed the law firms Todd & Weld LLP; Jones Ward PLC; Napoli Shkolnik PLLC; Kantrowitz, Goldhamer & Graifman, P.C.; Morgan & Morgan Complex Litigation Group; Law Offices of Jennifer Duffy, APC; The Gori Law Firm, P.C.; Heninger, Garrison & Davis, LLC; Hannon Law Firm, LLC; Lockridge Grindal Nauen, P.L.L.P.; Cuneo Gilbert & Laduca, LLP; Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.; and Law Office of Richard S. Cornfeld to represent you and all Settlement Class Members.  The law firms are called "Class Counsel."  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.     How will the lawyers be paid?**

Class Counsel will ask the Court to award them attorneys' fees up to $1,900,000, costs of up to $100,000, and incentive payments of $1,250.00 for the each of the Class Representatives.  The Court may award less than these amounts.  DraftKings has agreed not to oppose these attorneys' fees, costs, and incentive payments and will separately pay the amounts that the Court awards, not to exceed the above amounts.  These amounts will not be paid by Settlement Class Members and will not reduce the benefits available to Settlement Class Members.

Questions?  Call 1-000-000-000 or visit www.[websitename].com
*In re: Daily Fantasy Sports Litigation.*, Case No. 2677 (D. Mass.)

## OBJECTING TO THE SETTLEMENT

**14.     How do I tell the Court that I don't like the settlement?**

If you are a Settlement Class Member, you can tell the Court that you object to the settlement and think the Court should not approve it. The Court will consider your views. However, if the Court rejects your objection, you will be bound by the terms of the Settlement.

To object, you must mail a written objection to each of the following addresses postmarked no later than _____, 2021:

| COURT | COUNSEL |
|---|---|
| Clerk of the Court<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way<br>Boston, MA  02210 | DraftKings Settlement<br>Comments/Objections<br>[INSERT ADDRESS] |

Your written objection must include: (1) your full name, address and telephone number; (2) your specific objection and a statement of its basis; (3) documentary proof that you are a member of the Settlement Class; and (4) if you want to speak at the Fairness Hearing at which the Court will consider whether to finally approve the proposed settlement, a Notice of Intention to Appear (see #19 below) with any papers and briefs you intend to discuss at the hearing. In addition, you must state whether you or your separate counsel, if any, has objected to any class action settlement submitted to any court in the United States in the last five years; and if you or your separate counsel has so objected, you must provide a detailed list of the objections. If you file an objection, Class Counsel or counsel for DraftKings may take your deposition and seek evidence from you that is relevant to your objection.

**15.     What is the difference between objecting to the settlement and excluding myself from the settlement?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

Questions?  Call 1-000-000-000 or visit www.[websitename].com
*In re: Daily Fantasy Sports Litigation.*, Case No. 2677 (D. Mass.)

## THE FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to finally approve the settlement.  You may attend and you may speak, but you don't have to.

**16.    When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at the United States District Court, District of Massachusetts, Boston Division, in the Honorable George A. O'Toole, Jr.'s courtroom, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Courtroom 9, Boston, Massachusetts, 02210 on _____, 2021, at __:_0__.m.  At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will also consider how much DraftKings should pay to Class Counsel and the Class Representatives. After the hearing, the Court will decide whether to approve the settlement.  We do not know how long it will take the Court to make a decision.

**17.    Do I have to come to the hearing?**

No.  Class Counsel will answer questions Judge O'Toole may have.  But you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you send your written objection on time, the Court will consider it.  However, if you file an objection but choose not to appear at the Fairness Hearing, you may waive your right to appeal from any Court order concerning your objection.  You may also pay your own lawyer to attend the hearing, but it is not necessary.

**18.    May I speak at the hearing?**

If you do not exclude yourself from the settlement, you may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your Notice of Intention to Appear *In re: Daily Fantasy Sports Litigation*.  The letter must include your full name, address, telephone number, and signature and be mailed to the following addresses postmarked no later than _____, 2021:

| COURT | COUNSEL |
|---|---|
| Clerk of the Court<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way<br>Boston, MA  02210 | DraftKings Settlement<br>Notice of Intention to Appear<br>[INSERT ADDRESS] |

You cannot speak at the Fairness Hearing if you exclude yourself from the Settlement Class.

Questions?  Call 1-000-000-000 or visit www.[websitename].com
*In re: Daily Fantasy Sports Litigation.*, Case No. 2677 (D. Mass.)

## IF YOU DO NOTHING

**19.   What happens if I do nothing at all?**

If you do nothing at all, you'll receive none of the benefits offered in this settlement.  But, unless you exclude yourself, you won't be able to start, continue or be a part of any other lawsuit against DraftKings based on the legal issues in this case, ever again.

## GETTING MORE INFORMATION

**20.   Are there more details about the settlement?**

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement, which can be reviewed at www.[websitename].com.

**21.   How do I get more information?**

You can get more information about this litigation and the settlement at www.[websitename].com. If you have questions about your legal rights or entitlements, you may contact Class Counsel at [insert contact information].  If you have questions about the administration of your claim, you may contact DraftKings by calling 1-000-000-0000 or sending an e-mail to [insert DraftKings e-mail address].  Please do not contact DraftKings through any other e-mail address, website or telephone number about the settlement, as regular DraftKings Customer Service representatives will be unable to assist you with this matter.

Questions?  Call 1-000-000-000 or visit www.[websitename].com
*In re: Daily Fantasy Sports Litigation.*, Case No. 2677 (D. Mass.)

# EXHIBIT C-2

**EXHIBIT C-2 TO THE SETTLEMENT AGREEMENT**

**CLASS ACTION SETTLEMENT NOTICE**
**TO SETTLEMENT CLASS MEMBERS WHO HAVE <u>CLOSED</u> ACCOUNTS**

*IN RE: DAILY FANTASY SPORTS LITIGATION.*, CASE NO. 2677
<u>UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS</u>

**If you made a first-time deposit into a DraftKings Daily Fantasy Sports account**
**prior to January 1, 2018, and you are not a net lifetime winner on DraftKings,**
**you could receive benefits from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide benefits to certain individuals who made a first-time deposit into their DraftKings Daily Fantasy Sports account prior to January 1, 2018, and who are not net lifetime winners on DraftKings.

- The benefits which will be available to Settlement Class Members who have closed accounts with DraftKings who submit timely, accurate, complete and duly executed Claim Forms and Declarations are US Dollars from the DraftKings Dollar Settlement Fund.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A VALID CLAIM FORM AND DECLARATION** | Get full benefits. You will also give up your rights to sue DraftKings based on the legal claims in this case. |
| **EXCLUDE YOURSELF** | Opt out of the settlement and get no benefit. |
| **OBJECT OR COMMENT** | Write to the Court about why you do or don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Give up full benefits and your rights to sue DraftKings based on the legal claims in this case. |

4840-5119-2793.1                                    **Exhibit C-2 to the Settlement Agreement**

Questions?  Call 1-000-000-000 or visit www.[websitename].com
*In re: Daily Fantasy Sports Litigation.*, Case No. 2677 (D. Mass.)

## WHAT THIS NOTICE CONTAINS

1.   Why did I receive this notice? ................................................................................... 1

2.   What is this lawsuit about? ........................................................................................ 1

3.   Why is this a class action lawsuit? ........................................................................... 1

4.   Why is there a settlement? ........................................................................................ 1

5.   How do I know if I am part of the settlement? ......................................................... 2

6.   What can I get from the settlement? .......................................................................... 2

7.   How can I get a benefit? ............................................................................................ 2

8.   What am I giving up to get a benefit and stay in the Settlement Class? .................... 2

9.   How do I get out of the settlement? .......................................................................... 3

10.  If I don't exclude myself, can I sue DraftKings for the same thing later? ................. 4

11.  If I exclude myself, can I get any of the benefits offered in this settlement? ............ 4

12.  Do I have a lawyer in this case? ............................................................................... 4

13.  How will the lawyers be paid? ................................................................................... 4

14.  How do I tell the Court that I don't like the settlement? .......................................... 5

15.  What is the difference between objecting to the settlement and excluding myself from the settlement? .................................................................................................. 5

16.  When and where will the Court decide whether to approve the settlement? ............. 6

17.  Do I have to come to the hearing? ............................................................................. 6

18.  May I speak at the hearing? ....................................................................................... 6

19.  What happens if I do nothing at all? .......................................................................... 7

20.  Are there more details about the settlement? ............................................................. 7

21.  How do I get more information? ................................................................................. 7

## BASIC INFORMATION

**1.      Why did I receive this notice?**

You received this notice because DraftKings Inc. ("DraftKings") records indicate that you made a first-time deposit into a DraftKings Daily Fantasy Sports account prior to January 1, 2018 and have a closed account with DraftKings.

We are sending you this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to issue a final approval of the settlement.  If the Court approves the settlement, DraftKings will distribute the settlement benefits after all appeals are resolved.

This notice explains the lawsuit, the settlement, your legal rights, and what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Massachusetts, and the case is known as captioned *In re: Daily Fantasy Sports Litigation.*, MDL Case No. 2677. The people who sued are called Plaintiffs and the company they sued, DraftKings, which does business as the entity known as DraftKings, is called the Defendant.

**2.      What is this lawsuit about?**

Plaintiffs allege that DraftKings falsely advertised its product as a fair, 100% legal, easy to win game of skill that players could win if they practiced, played, studied, or worked on, and falsely advertised that players first deposit of up to $600 would be immediately matched by DraftKings. DraftKings denies these allegations entirely, and this settlement is in no way an admission of any wrongdoing on the part of DraftKings.

**3.      Why is this a class action lawsuit?**

In a class action, one or more people, called Class Representatives, sue on behalf of people who have similar claims.  All of these people form a Class and are Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.  U.S. District Judge George A. O'Toole, Jr. is in charge of this class action.

**4.      Why is there a settlement?**

The Court did not decide in favor of Plaintiffs or Defendant.  Instead, both sides agreed to a settlement.  That way, they avoid the cost of a trial, and the people affected will quickly receive a benefit.  The Class Representatives and Class Counsel think the settlement is best for the Class.

Questions?  Call 1-000-000-000 or visit www.[websitename].com
*In re: Daily Fantasy Sports Litigation.*, Case No. 2677 (D. Mass.)

## WHO IS IN THE SETTLEMENT

To see if you will receive any benefits from the settlement, you must first determine if you are a Settlement Class Member.

**5.      How do I know if I am part of the settlement?**

If you receive this notice, you are in the Settlement Class unless you exclude yourself from the Settlement Class by providing written notice in accordance with the procedures set forth in this Notice.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

**6.      What can I get from the settlement?**

All Settlement Class Members who have a closed account with DraftKings who do not opt under the procedures set forth in this Notice, and who provide a timely, accurate, complete and duly executed Claim Form and Declaration shall be entitled to make a claim for U.S. Dollars in an amount (not to exceed an agreed limit) that will be determined by, amongst other things, the number of timely, accurate, complete and duly executed Claim Forms and Declarations that are made against the portion of the settlement fund allocated to their level, as determined by the amount of their initial deposit. Amounts will be equally distributed to valid claimants in each level up to the maximum applicable to the relevant level.

## HOW CAN I GET MY BENEFIT—SUBMITTING A VALID CLAIM FORM AND DECLARATION

**7.      How can I get a benefit?**

In order to receive the benefit for which you are eligible, you must fully and accurately fill out, duly execute and timely submit the Claim Form and Declaration attached to this notice. You can also download a Claim Form and Declaration at www.[websitename].com. Read the instructions carefully, fill out and sign the Claim Form and Declaration, and mail the completed Claim Form and Declaration to DraftKings Settlement Claims Administrator / DraftKings Settlement Claim Forms [insert address] so that it is postmarked no later than _____, 2021.

**8.      What am I giving up to get a benefit and stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against DraftKings about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you. If you stay in the Settlement Class, you will agree to release all claims regarding any first-time deposit into a

4840-5119-2793.1

2

Questions?  Call 1-000-000-000 or visit www.[websitename].com
*In re: Daily Fantasy Sports Litigation.*, Case No. 2677 (D. Mass.)

DraftKings Daily Fantasy Sports account prior to January 1, 2018, including, but not limited to, claims for money damages or monetary relief.

The settlement and release will extend to DraftKings Inc., a Delaware corporation; the <u>Payment Processor Defendants</u> as defined in the Complaint:  Paysafecard.com USA Inc.; Vantiv, Inc. only as to claims involving DraftKings; the <u>Non-Defendant Banks as defined in the Complaint</u>:  JPMorgan Chase & Co.; Capital One Financial Corporation only as to claims involving DraftKings; the <u>Non-Defendant Facilitators as defined in the Complaint</u>:  Visa Inc.; Mastercard Incorporated; American Express Credit Corporation only as to claims involving DraftKings; the <u>Non-Defendant Enterprise DraftKings Investors as defined in the Complaint</u>:  21st Century Fox; Atlas Ventures Associates III, Inc.; BDS Capital Management LLC; Mail.ru Group, formerly known as DST Global, also known as Digital Sky Technologies; Fox Sports Interactive Media LLC; GGV Capital; Jason Robins; Hub Angels Management LLC; Jordan Mendell; Kraft Group; Legends Hospitality LLC; MSG Sports & Entertainment, LLC; Major League Baseball Ventures; Major League Soccer LLC; M7 Tech Partners LLC; NHL Enterprises, Inc.; NHL Enterprises, L.P.; Redpoint Ventures LLC; The Raine Group LLC; and Wellington Management Company LLC. only as to claims involving DraftKings; and the past and present direct and indirect parents, subsidiaries, and affiliated Persons of all of the foregoing persons and entities; the officers, directors, employees, partners, shareholders, agents, attorneys, and insurers of all of the foregoing persons and entities; and the predecessors, successors, assigns, and legal representatives of all of the foregoing persons and entities only as to claims involving DraftKings.  If you do not exclude yourself from the Settlement Class, you will be deemed to have entered into this settlement and to have settled and released, among other things, the above described claims.  The full release is available in the Settlement Agreement.

If the settlement is approved by the Court and becomes final, the settlement will be consummated and the case will end.  If the settlement is not approved by the Court or does not become final for some other reason, the litigation will continue.

## <u>EXCLUDING YOURSELF FROM THE SETTLEMENT</u>

If you don't want a benefit from this settlement or want to keep the right to sue or continue to sue DraftKings on your own about the legal issues in this case, then you must take steps to exclude yourself from (or "opt out" of) the Settlement Class.

**9.    How do I get out of the settlement?**

To validly exclude yourself from the Settlement Class, you must send a letter by mail that is personally signed by you and includes: (1) a specific statement that you request exclusion from the Settlement Class in *In re: Daily Fantasy Sports Litigation.*, MDL Case No. 2677; and (2) your full name, address and telephone number.  You must mail your exclusion request postmarked no later than _____, 2021, to:

Questions?  Call 1-000-000-000 or visit www.[websitename].com
*In re: Daily Fantasy Sports Litigation.*, Case No. 2677 (D. Mass.)

DraftKings Settlement Claims Administrator
DraftKings Settlement Exclusions
[Insert address]

You cannot exclude yourself by phone or e-mail.  If you ask to be excluded, you will not get any settlement benefit and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) DraftKings.

**10.     If I don't exclude myself, can I sue DraftKings for the same thing later?**

No.  Unless you exclude yourself, you give up the right to sue DraftKings for the claims that this settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from *this* Settlement Class to continue your own lawsuit.

**11.     If I exclude myself, can I get any of the benefits offered in this settlement?**

No.  If you exclude yourself, do not send in a Claim Form and Declaration to ask for any benefit.

## THE LAWYERS REPRESENTING YOU

**12.     Do I have a lawyer in this case?**

The Court has appointed the law firms Todd & Weld LLP; Jones Ward PLC; Napoli Shkolnik PLLC; Kantrowitz, Goldhamer & Graifman, P.C.; Morgan & Morgan Complex Litigation Group; Law Offices of Jennifer Duffy, APC; The Gori Law Firm, P.C.; Heninger, Garrison & Davis, LLC; Hannon Law Firm, LLC; Lockridge Grindal Nauen, P.L.L.P.; Cuneo Gilbert & Laduca, LLP; Sherman, Silverstein, Kohl, Rose & Podolsky, P.A.; and Law Office of Richard S. Cornfeld to represent you and all Settlement Class Members.  The law firms are called "Class Counsel."  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.     How will the lawyers be paid?**

Class Counsel will ask the Court to award them attorneys' fees up to $1,900,000, costs of up to $100,000, and incentive payments of $1,250.00 for the each of the Class Representatives.  The Court may award less than these amounts.  DraftKings has agreed not to oppose these attorneys' fees, costs, and incentive payments and will separately pay the amounts that the Court awards, not to exceed the above amounts.  These amounts will not be paid by Settlement Class Members and will not reduce the benefits available to Settlement Class Members.

## OBJECTING TO THE SETTLEMENT

**14.   How do I tell the Court that I don't like the settlement?**

If you are a Settlement Class Member, you can tell the Court that you object to the settlement and think the Court should not approve it. The Court will consider your views. However, if the Court rejects your objection, you will be bound by the terms of the Settlement.

To object, you must mail a written objection to each of the following addresses postmarked no later than _____, 2021:

| COURT | COUNSEL |
|---|---|
| Clerk of the Court<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way<br>Boston, MA  02210 | DraftKings Settlement<br>Comments/Objections<br>[INSERT ADDRESS] |

Your written objection must include: (1) your full name, address and telephone number; (2) your specific objection and a statement of its basis; (3) documentary proof that you are a member of the Settlement Class; and (4) if you want to speak at the Fairness Hearing at which the Court will consider whether to finally approve the proposed settlement, a Notice of Intention to Appear (see #19 below) with any papers and briefs you intend to discuss at the hearing. In addition, you must state whether you or your separate counsel, if any, has objected to any class action settlement submitted to any court in the United States in the last five years; and if you or your separate counsel has so objected, you must provide a detailed list of the objections. If you file an objection, Class Counsel or counsel for DraftKings may take your deposition and seek evidence from you that is relevant to your objection.

**15.   What is the difference between objecting to the settlement and excluding myself from the settlement?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to finally approve the settlement. You may attend and you may speak, but you don't have to.

**16.   When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at the United States District Court, District of Massachusetts, Boston Division, in the Honorable George A. O'Toole, Jr.'s courtroom, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Courtroom 9, Boston, Massachusetts, 02210 on _____, 2021, at __:_0__.m.  At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will also consider how much DraftKings should pay to Class Counsel and the Class Representatives. After the hearing, the Court will decide whether to approve the settlement.  We do not know how long it will take the Court to make a decision.

**17.   Do I have to come to the hearing?**

No.  Class Counsel will answer questions Judge O'Toole may have.  But you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you send your written objection on time, the Court will consider it.  However, if you file an objection but choose not to appear at the Fairness Hearing, you may waive your right to appeal from any Court order concerning your objection.  You may also pay your own lawyer to attend the hearing, but it is not necessary.

**18.   May I speak at the hearing?**

If you do not exclude yourself from the settlement, you may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your Notice of Intention to Appear *In re: Daily Fantasy Sports Litigation*.  The letter must include your full name, address, telephone number, and signature and be mailed to the following addresses postmarked no later than _____, 2021:

| COURT | COUNSEL |
|---|---|
| Clerk of the Court<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way<br>Boston, MA  02210 | DraftKings Settlement<br>Notice of Intention to Appear<br>[INSERT ADDRESS] |

You cannot speak at the Fairness Hearing if you exclude yourself from the Settlement Class.

4840-5119-2793.1

6

Questions?  Call 1-000-000-000 or visit www.[websitename].com
*In re: Daily Fantasy Sports Litigation.*, Case No. 2677 (D. Mass.)

## IF YOU DO NOTHING

**19.     What happens if I do nothing at all?**

If you do nothing at all, you'll receive none of the benefits offered in this settlement.  But, unless you exclude yourself, you won't be able to start, continue or be a part of any other lawsuit against DraftKings based on the legal issues in this case, ever again.

## GETTING MORE INFORMATION

**20.     Are there more details about the settlement?**

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement, which can be reviewed at www.[websitename].com.

**21.     How do I get more information?**

You can get more information about this litigation and the settlement at www.[websitename].com. If you have questions about your legal rights or entitlements, you may contact Class Counsel at [insert contact information].  If you have questions about the administration of your claim, you may contact DraftKings by calling 1-000-000-0000 or sending an e-mail to [insert DraftKings e-mail address].  Please do not contact DraftKings through any other e-mail address, website or telephone number about the settlement, as regular DraftKings Customer Service representatives will be unable to assist you with this matter.

# EXHIBIT D-1

## EXHIBIT D-1 TO THE SETTLEMENT AGREEMENT

### *IN RE DAILY FANTASY SPORTS* LITIGATION
### CLASS ACTION SETTLEMENT CLAIM FORM
#### (Must be postmarked by [DATE], 2021 to be valid.)

### OPEN ACCOUNTS

Pursuant to the terms of a settlement with Defendant DraftKings Inc. in the lawsuit entitled *In re Daily Fantasy Sports Litigation*, pending in the District of Massachusetts, Case No. 16-MD-2677, you have been identified as a Settlement Class Member who made a first-time deposit into your DraftKings Daily Fantasy Sports account prior to January 1, 2018, has an open account with DraftKings, and may claim the following form of settlement relief:

> DraftKings Dollars will be deposited directly into your DraftKings account in an amount (up to an agreed maximum) that will be determined by, among other things, the number of timely, accurate, complete and duly executed claims that are made against the portion of the settlement fund allocated to your level, as determined by the amount of your initial deposit. Amounts will be equally distributed to valid claimants in each level up to the maximum applicable to the relevant level. DraftKings Dollars are not transferable and may only be used to participate in a DraftKings fantasy contest.

In order to receive the benefit described above, you must fully and accurately complete this Claim Form, including without limitation the Customer Information below; personally sign and date the attached Declaration; and mail this Claim Form and the attached Declaration postmarked by [DATE], 2021 to:

> DraftKings Settlement Claims Administrator
> _____
> _____

Your fully and accurately completed Claim Form and personally signed and dated Declaration must be underlined postmarked by the date stated above.

**Customer Information (please print):**
**(In filling out your information, please use the same information as shown on your DraftKings account profile.)**

Name: _____

DraftKings Username: _____

E-mail Address: _____

Telephone Number: _____

Street Address: _____

City, State, ZIP Code: _____

## DECLARATION

By my signature below, I declare under penalty of perjury that:

1.     The Customer Information set forth above is true and accurate;

2.     I made my first deposit into my DraftKings Daily Fantasy Sports account prior to January 1, 2018 ("My First Deposit");

3.     Prior to making My First Deposit into my DraftKings account, I either (i) saw and misunderstood a DraftKings advertisement which I thought suggested that DraftKings Daily Fantasy Sports contests were easy to win, or (ii) saw and misunderstood a DraftKings advertisement which I thought suggested that My First Deposit of up to $600 would be immediately matched by DraftKings; and

4.     I did not request exclusion from the Settlement Class in accordance with the provisions of Section 9 of the Class Notice.


Signature: _____     Date: _____

            [To be valid, a Claim Form must be
            personally signed by the claimant.]


**CLAIM FORMS THAT ARE NOT FULLY AND ACCURATELY
COMPLETED OR SUBMITTED WITHOUT A PROPERLY
EXECUTED AND DATED DECLARATION OR WHICH ARE NOT
POSTMARKED BY THE STATED DEADLINE ARE VOID
AND WILL NOT BE PROCESSED.**

4845-8852-2457.1                    2

# EXHIBIT D-2

EXHIBIT D-2 TO THE SETTLEMENT AGREEMENT

*IN RE DAILY FANTASY SPORTS* LITIGATION
CLASS ACTION SETTLEMENT CLAIM FORM
(Must be postmarked by [DATE], 2021 to be valid.)

## CLOSED ACCOUNTS

Pursuant to the terms of a settlement with Defendant DraftKings Inc. in the lawsuit entitled *In re Daily Fantasy Sports Litigation*, pending in the District of Massachusetts, Case No. 16-MD-2677, you have been identified as a Settlement Class Member who made a first-time deposit into your DraftKings Daily Fantasy Sports account prior to January 1, 2018, has a closed account with DraftKings, and may claim the following form of settlement relief:

> A check in an amount (up to an agreed maximum) that will be determined, among other things, by the number of timely, accurate, complete and duly executed claims that are made against the portion of the settlement fund allocated to your level, as determined by the amount of your initial deposit. Amounts will be equally distributed to valid claimants in each level up to the maximum applicable to the relevant level.

In order to receive the benefit described above, you must fully and accurately complete this Claim Form, including without limitation the Customer Information below; personally sign and date the attached Declaration; and mail this Claim Form and the attached Declaration postmarked by [DATE], 2021 to:

> DraftKings Settlement Claims Administrator
> _____
> _____

Your fully and accurately completed Claim Form and personally signed and dated Declaration must be <u>postmarked by</u> the date stated above.

**Customer Information (please print):**
**(In filling out your information, please use the same information as shown on your DraftKings account profile.)**

Name: _____

DraftKings Username: _____

E-mail Address: _____

Telephone Number: _____

Street Address: _____

City, State, ZIP Code: _____

# DECLARATION

By my signature below, I declare under penalty of perjury that:

1.    The Customer Information set forth above is true and accurate;

2.    I made my first deposit into my DraftKings Daily Fantasy Sports account prior to January 1, 2018 ("My First Deposit");

3.    Prior to making My First Deposit into my DraftKings account, I either (i) saw and misunderstood a DraftKings advertisement which I thought suggested that DraftKings Daily Fantasy Sports contests were easy to win, or (ii) saw and misunderstood a DraftKings advertisement which I thought suggested that My First Deposit of up to $600 would be immediately matched by DraftKings; and

4.    I did not request exclusion from the Settlement Class in accordance with the provisions of Section 9 of the Class Notice.


Signature: _____     Date: _____
          [To be valid, a Claim Form must be
          personally signed by the claimant.]


**CLAIM FORMS THAT ARE NOT FULLY AND ACCURATELY
COMPLETED OR SUBMITTED WITHOUT A PROPERLY
EXECUTED AND DATED DECLARATION OR WHICH ARE NOT
POSTMARKED BY THE STATED DEADLINE ARE VOID
AND WILL NOT BE PROCESSED.**

4821-5621-9353.1

2

# EXHIBIT E

EXHIBIT E TO THE SETTLEMENT AGREEMENT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: DAILY FANTASY SPORTS LITIGATION<br><br>This Document Relates to:<br>All Cases | MDL No. 1:16-md-02677-GAO |

## JUDGMENT AND ORDER APPROVING SETTLEMENT AND DISMISSING CLAIMS OF SETTLEMENT CLASS MEMBERS WITH PREJUDICE

This matter came before the Court for hearing on _____, 2021. The Court, having considered the Motions for Preliminary Approval and Final Approval and the declarations in support thereof, the Settlement Agreement (the "Agreement"), objections and comments received regarding the proposed settlement, the record in the above-captioned action (the "Action"), the evidence presented, and the arguments and authorities presented by counsel, and for good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.    The Court, for purposes of this Judgment and Order Approving Settlement and Dismissing Claims of Settlement Class Members with Prejudice ("Judgment"), adopts the capitalized terms and their definitions set forth in the Agreement.

2.    The Court has jurisdiction over the subject matter of the Action, the Class Representatives, the Settlement Class Members, and DraftKings.

3.      The Court finds that the notice to the Settlement Class of the pendency of the Action and of this settlement constituted the best notice practicable under the circumstances to all Persons within the definition of the Settlement Class, and fully complied with the requirements of due process and of all applicable statutes and laws.

4.      The Court hereby adopts and approves the Agreement and the settlement terms contained therein and finds that it is in all respects fair, reasonable, adequate, just, and in compliance with all applicable requirements of the United States Constitution (including the Due Process Clause) and all other applicable laws, and in the best interest of the parties and the Settlement Class.  Any objections have been considered and are hereby overruled.  Accordingly, the Court directs the parties and their counsel to implement and consummate the settlement in accordance with the terms and conditions of all portions of the Agreement.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies a Settlement Class, except for the individuals listed in **Attachment 1** hereto, consisting of:

> All Persons in the United States who made a first-time deposit into their DraftKings Daily Fantasy Sports account prior to January 1, 2018, and who are not net lifetime winners on DraftKings.

The Settlement Class as certified satisfies all the requirements of Rule 23 and the United States Constitution, and any other applicable law as more fully set forth in the Court's Preliminary Approval Order, which is incorporated into this Final Judgment by this reference.

## SETTLEMENT CLASS

6.      In certifying this Action as a class action, the Court hereby finds, in part based upon the waiver of affirmative defenses by DraftKings solely with regard to this Action, that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in this Action is impracticable;

(b)      there are questions of law and fact common to the members of the Settlement Class;

(c)      the claims of the Class Representatives are typical of the claims or defenses of the Settlement Class;

(d)      the questions of law and fact common to members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class;

(e)      a class action was and is superior to other available methods for the fair and efficient adjudication of the controversy, considering, *inter alia*:  (i) the interests of members of the Settlement Class in individually controlling the prosecution or defense of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by or against members of the Settlement Class; (iii) the desirability or undesirability of prosecuting the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action; and

(f)      the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class.

## **SETTLEMENT CONSIDERATION**

7.      DraftKings and the Class Representatives are hereby ordered to comply with the terms and conditions contained in the Agreement, which is incorporated by reference herein and attached hereto as **Attachment 2**.

8.    After the Effective Date, and solely for the purposes of the Agreement, the benefits available under the settlement shall be distributed by DraftKings in accordance with the eligibility requirements specified in the Agreement.

9.    The Class Representatives, the Settlement Class, and/or DraftKings may seek to enforce the provisions of the Agreement by motion to the Court pursuant to the Court's continuing jurisdiction over the Agreement as set forth in Paragraph 17 below.

## **APPLICABILITY**

10.    The provisions of this Judgment are applicable to and binding upon and inure to the benefit of each party to the Action (including each Settlement Class Member and each of DraftKings's successors and assigns) as to claims involving DraftKings.

11.    To the extent permitted by law and without affecting the other provisions of this Judgment, this Judgment is intended by the parties and the Court to be *res judicata* and to prohibit and preclude any prior, concurrent, or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Class Representatives or any Settlement Class Member  with respect to any and all claims, rights, legal theories, alleged violations of law, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, or losses arising out of or relating to the matters, whether factual or legal, alleged in the Complaint as to claims involving DraftKings or which could have been alleged in the Complaint based upon the same alleged facts.

12.    All Persons who are included within the definition of the Settlement Class and who did not request a valid and timely exclusion from the Settlement Class that fully complies

with the provisions of the Class Notices and Paragraph 17 of this Order are therefore bound by this Judgment and by the Agreement.

13.     **Attachment 1** to this Judgment contains a list setting forth the name of each Person who submitted a valid and timely request for exclusion from the Settlement Class that fully complies with the provisions of the Class Notices and Paragraph 17 of this Order.  The Persons so identified shall not be entitled to benefits from the settlement nor bound by this Judgment.

<u>**ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**</u>
<u>**AND INCENTIVE AWARD**</u>

14.     DraftKings shall within thirty (30) days after the Effective Date, deliver to Todd & Weld LLP, at the address set forth in the Agreement, a check payable to "Todd & Weld LLP" in the amount of _____ Dollars and No Cents ($_____.00) as Class Counsel's attorneys' fees, and a check in the amount of _____ Dollars and No Cents ($_____.00) for reimbursement of Class Counsel's expenses.

15.     DraftKings shall within thirty (30) days after the Effective Date, deliver to Claims Administrator at the address set forth in the Agreement, checks payable to the "Claims Administrator" in the amount of _____ Dollars and No Cents ($_____.00) each as the Class Representatives Incentive Payment.

<u>**GENERAL PROVISIONS**</u>

16.     The provisions of this Judgment are entered as a result of a voluntary agreement of the parties.  The Agreement and this Judgment are not intended to, and shall not be construed as any admission, express or implied, of any fault, liability or wrongdoing by DraftKings, or of the accuracy of any of the allegations in the Complaint.

17.     All terms, provisions, obligations and rights as contained in the Agreement are hereby incorporated into this Judgment and the parties are ordered to perform their obligations thereunder, including, but not limited to, the full release of claims.  The claims of the Class Representative Plaintiffs and the Settlement Class as to claims involving DraftKings shall be and are hereby dismissed with prejudice.  Save and except as expressly set forth to the contrary in this Judgment and any judgment issued by this Court regarding Class Counsel's fee application and the Class Representatives' incentive payments, the Class Representative Plaintiffs and Class Counsel shall take nothing by their claims and each party shall bear their own fees, costs, and expenses in connection with this Action.

Jurisdiction is retained by this Court for three months following the Effective Date for the purpose of enabling any party to this Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the construction or carrying out of this Judgment and the Agreement, for the modification of any of the provisions hereof, for enforcement of compliance herewith, and for the punishment of violations hereof.

**IT IS SO ORDERED.**

DATED: _____

_____
Hon. George A. O'Toole, Jr.
United States District Judge

**APPROVED AS TO FORM:**

DATED: _____     **NAPOLI SHKOLNIK PLLC**


By: _____
       Hunter J. Shkolnik
       Attorneys for Class Representative Plaintiffs

DATED: _____     **KANTROWITZ, GOLDHAMER**
                      **& GRAIFMAN, P.C.**


By: _____
       Melissa Emert
       Attorneys for Class Representative Plaintiffs

DATED: _____     **JONES WARD PLC**


By: _____
       Jasper D. Ward
       Attorneys for Class Representative Plaintiffs

DATED: _____     **TODD & WELD LLP**


By: _____
       Christopher Weld
       Attorneys for Class Representative Plaintiffs

DATED: _____     **KING & SPALDING LLP**


By: _____
       Damien J. Marshall
       Attorneys for Defendant DRAFTKINGS INC.

**ATTACHMENT 1**

[List of Opt-Outs]

## ATTACHMENT 2

[Fully-Executed Settlement Agreement]