**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____ )
                                          )
In re: DAILY FANTASY SPORTS LITIGATION )          MDL No. 16-02677-GAO
                                          )
This Document Relates to:                 )
                                          )
        All Cases                         )
                                          )
_____ )

**FAMILY MEMBER PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED**
**MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT**

# TABLE OF CONTENTS

INTRODUCTION.................................................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 2

   I.  PROCEDURAL HISTORY OF THE ACTION ....................................................... 2

   II.  SETTLEMENT OF THE ACTION ........................................................................... 4

      A.  Settlement Negotiations............................................................................. 4

      B.  The Material Terms of the Proposed Settlement ...................................... 5

          1.  Settlement Class ............................................................................. 5

          2.  Settlement Relief ........................................................................... 6

              *a. Injunctive Relief* ........................................................... 6

              *b. Charitable Contribution* ................................................ 7

              *c. Incentive Payment to the Proposed Family Member Plaintiffs* ........................ 7

          3.  Release of Claims ......................................................................... 7

              *a. Individual Release.* ......................................................... 7

              *b. Settlement Class Release.* ................................................ 8

ARGUMENT ......................................................................................................................... 8

   I.  THE LEGAL STANDARDS FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT ARE SATISFIED. ......................................................... 8

      A.  Legal Standards For Preliminary Approval Of A Class Action Settlement. ....... 8

      B.  The Settlement Is Fair, Reasonable, And Adequate.............................. 11

          1.  Plaintiffs And Class Counsel Have Adequately Represented The Settlement Class. ................................................................... 11

          2.  The Settlement Was Negotiated At Arm's Length .............................. 11

          3.  The Relief Provided For The Settlement Class Is Adequate, Taking Into Account Relevant Factors................................................. 12

              *a. The Settlement Relief is Adequate.* ................................ 12

              *b. The Complexity, Expense, And Duration Of the Litigation Favor Settlement.* 12

              *c. The Risks Of Establishing Liability And Damages Favor Settlement.* ............ 13

              *d. The Proposed Attorneys' Fees, Costs, and Expenses Are Fair And Reasonable and the Incentive Awards are Fair.* ................................ 13

          4.  The Proposed Settlement Treats Settlement Class Members Equitably Relative To Each Other. ......................................... 14

II.  THE COURT SHOULD CONDITIONALLY CERTIFY THE CLASS FOR PURPOSES OF SETTLEMENT. ................................................................................................ 14

  A.  The Requirements Of Rule 23(a) Are Satisfied. .................................... 14

    1.  The Settlement Class Is So Numerous That Joinder Of All Members Is Impracticable. .................................................................................... 14

    2.  There Are Questions Of Law And Fact Common To All Settlement Class Members. ............................................................................................ 15

    3.  Plaintiffs' Claims Are Typical Of Those Of The Settlement Class. ..................... 16

    4.  The Proposed Class Representative Plaintiffs Have And Will Continue To Fairly And Adequately Protect The Interests Of The Settlement Class. ........................ 16

  B.  The Requirements of Rule 23(b) Are Satisfied. .................................... 17

III.  THE PROPOSED CLASS REPRESENTATIVE PLAINTIFFS SHOULD BE PRELIMINARILY APPOINTED AS CLASS REPRESENTATIVES AND PLAINTIFFS' COUNSEL SHOULD BE PRELIMINARILY APPOINTED AS CLASS COUNSEL. ................................................ 18

IV.  NOTICE TO THE SETTLEMENT CLASSES IS NOT REQUIRED. ................................ 18

V.  A FINAL APPROVAL HEARING SHOULD BE SCHEDULED. .................................... 19

CONCLUSION ........................................................................... 19

# TABLE OF AUTHORITIES

## Cases

*Andrews v. Bechtel Power Corp.*, 780 F.2d 124 (1st Cir. 1985) ................................... 16

*Bezdek v. Vibram USA Inc.*, 79 F.Supp.3d 324 (D. Mass.), aff'd, 809 F.3d 78 (1st Cir. 2015) 9, 10

*Brown v. Am. Honda (In re: New Motor Vehicles Canadian Exp. Antitrust Litig.),* 522 F.3d 6 (1st Cir. 2008) ................................................................................................................ 15

*Bussie v. Allmerica Fin. Corp.,* 50 F.Supp.2d 59 (D. Mass. 1999) .................................. 9

*City P'ship Co. v. Atl. Acquisition Ltd. P'ship,* 100 F.3d 1041 (1st Cir. 1996)............................. 10

*Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ................................................ 10

*Donovan v. Philip Morris USA, Inc.*, 268 F.R.D. 1 (D. Mass. 2010) ............................. 18

*England Carpenters Health Benefits Fund v. First Databank, Inc.,* 602 F.Supp.2d 277 (D. Mass. 2009) ...................................................................................................................... 9

*Griffin v. Burns*, 570 F.2d 1065 (1st Cir. 1978) ........................................................... 17

*Gulbankian v. MW Mfrs., Inc.*, 2014 WL 7384075 (D. Mass. 2014) ............................. 10

In *re: Evergreen Ultra Short Opportunities Sec. Litig.,* 275 F.R.D. 382 (D. Mass. 2011) .......... 16

*In re: Initial Pub. Offering Sec. Litig.* ("*In re: IPO*"), 471 F.3d 24 (2d Cir. 2006)..................... 17

*In re: New Motor Vehicles Canadian Export*, 2006 WL 623591 (D. Me. Mar. 10, 2006) .......... 17

*In re: Pharm. Indus. Average Wholesale Price Litig.,* 588 F.3d 24 (1st Cir. 2009)....................... 9

*In re: TelexFree Sec. Litig.*, __ F.Supp.3d __, No. 4:14-MD-2566-TSH, 2020 WL 4340966 (D. Mass. July 28, 2020) ........................................................................................................ 9

*In re: Volkswagen & Audi Warranty Extension Litig.*, 273 F.R.D. 349 (D. Mass. 2011) ........... 16

*In re: Wireless Facilities*, 253 F.R.D. 607 (S.D. Cal. 2008)........................................... 14

*Kenneth R. v. Hassan*, 293 F.R.D. 254 (D. N.H. 2013)................................................. 19

*Lannan v. Levy & White*, 186 F.Supp.3d 77 (D. Mass. 2016) .......................... 14, 15, 16

*Mogel v. UNUM Life Ins. Co. of Am.*, 646 F.Supp.2d 177 (D. Mass. 2009) ................. 19

*Nat'l Ass'n of Chain Drug Stores v. New Engl. Carpenters Health Benefits Fund,* 582 F.3d 30 (1st Cir. 2009) ...................................................................................................................... 9

*Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21 (D. Mass. 2003)........................ 15

*Rolland v. Cellucci*, 191 F.R.D. 3 (D. Mass. 2000) ..................................................... 11

*Smilow v. Southwestern Bell Mobile Sys., Inc.*, 323 F.3d 32 (1st Cir. 2003)................. 17

*Stewart v. Abraham*, 275 F.3d 220 (3d Cir. 2001)....................................................... 15

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ........................................... 15, 18

**Rules**

Fed. R. Civ. P. 23(a) .................................................................................................... 14, 17

Fed. R. Civ. P. 23(b)(2) .................................................................................................... 17

Fed. R. Civ. P. 23(c) .................................................................................................. 18, 19

Fed. R. Civ. P. 23(e) ..................................................................................................... 8, 19

**Treatises**

4 Herbert B. Newberg, *Newberg on Class Actions* § 11.25 et seq. ............................. 10

4 Herbert B. Newberg, *Newberg on Class Actions* § 13.64 ......................................... 10

*Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004) § 21.632 .......................... 10

## INTRODUCTION

Plaintiffs Leah Boast, Crystal Turner, Rebecca McGuire, Michelle Hodge, Aurora Walker, and Hillary Williams ("Family Member Plaintiffs"), acting individually and in their capacity as proposed class representatives for the proposed Settlement Class, and having entered into a Stipulation and Settlement Agreement, dated July 28, 2021 (the "Settlement Agreement") with Defendants FanDuel Inc. and FanDuel Deposits, LLC (together, "FanDuel"), submit this memorandum in support of their Motion for Preliminary Approval of Proposed Settlement, which FanDuel does not oppose. The settlement is a result of prolonged, substantive, and numerous settlement discussions between Plaintiffs and FanDuel (the "Parties") during the years that this case has been litigated. The settlement provides significant injunctive relief by effectuating changes to FanDuel's online platform and also provides substantial and meaningful charitable contributions to a national responsible gaming organization.

While the Family Member Plaintiffs are confident of a favorable determination on the merits, they have determined that the settlement provides significant benefits to the Settlement Class Members and is in the best interests of the Settlement Class. The Family Member Plaintiffs also believe that the settlement is appropriate given the expense and amount of time required to continue to pursue the litigation, as well as the uncertainty, risk, and difficulties of proof inherent in such claims.

Similarly, FanDuel denies all allegations of wrongdoing, liability, or damages and believes that it has substantial and meritorious defenses to the claims in this Action, but has determined that it is desirable to settle the litigation on the terms set forth in the Settlement Agreement in order to avoid the expense, inconvenience, and inherent risk of litigation, as well as interference and disruption of its business operations.

1

Plaintiffs believe that the settlement satisfies all criteria for preliminary approval and therefore moves this Court for an order preliminarily approving the settlement, provisionally certifying the Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) for settlement purposes, appointing Class Representatives and Class Counsel, and scheduling a Final Approval Hearing.

## STATEMENT OF FACTS

### I.   PROCEDURAL HISTORY OF THE ACTION

In late 2015, the Family Member Plaintiffs filed class actions in states around the country alleging FanDuel had violated their respective states' consumer protection statutes and gambling statutes. *Hodge v. FanDuel*, Case No. 1:15-cv-03950, Dkt. No. 1 and 3 (N.D. Ga.); *Backer, et al., v. FanDuel*, Case No. 3:15-cv-01432, Dkt. No. 1 (M.D. Tenn.); *Boast v. FanDuel*, Case No. 1:15-cv-01127 (D. N.M.); *Williams, et al., v. FanDuel*, Case No. 1:15-cv-00153 (D. Ky.); *Lozada, et al. v. DraftKings*, Inc., et al., Case No. 2:15-cv-2083, Dkt. No. 1 and 4 (N.D. Ala.).

On February 4, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") created *In re Daily Fantasy Sports Litigation*, MDL 2677 (the "Action"), which consolidated a number of related cases separately filed against, among other Defendants, the nation's two largest operators of online daily fantasy sports ("DFS") contests—DraftKings Inc. ("DraftKings") and FanDuel, Inc ("FanDuel"). ECF No. 1. The JPML transferred the related DFS cases to the District of Massachusetts and appointed the Honorable George A. O'Toole to oversee the Action. *Id.*

On June 30, 2016, after these cases were consolidated into the *In re: Daily Fantasy Sports Litigation*, MDL No. 16-02677-GAO, the plaintiffs (including Family Member Plaintiffs entering into this Agreement) filed a Consolidated Consumer Class Action Complaint And Jury Demand (the "Class Action Complaint"). Dkt. No. 227.

In the Class Action Complaint, plaintiffs Brad Boast, William Walker, and Aurora Walker were added as plaintiffs. Brad Boast and William Walker were both added as putative DFS Player class representatives for New Mexico and South Carolina, respectively, and Aurora Walker was added a putative class representative for South Carolina DFS Family Members. Dkt. No. 227, ¶¶ 63, 73, 80, 85.  On September 2, 2016, Plaintiffs filed their First Amended Master Class Action Complaint and Jury Demand. Dkt. No. 269 (the "First Amended Class Action Complaint").

In November of 2016, the Defendants moved to compel all Plaintiffs to arbitration. *See* Dkt. Nos. 317-320.  On November 27, 2019, the Court ordered plaintiffs Brad Boast, William Walker, Aaron Hodge, Dustin Turner, Ryan Williams, and Martin Backer's claims to arbitration. Dkt. No. 406.  The Court did not compel arbitration of various state law claims of the Family Member Plaintiffs, and those claims remain pending in this Court.  *Id.*

The Court held a Status Conference on January 8, 2020, where it set deadlines for the Defendants to file any motions to dismiss the First Amended Class Action Complaint.  *See* Dkt. No. 412.  On March 9, 2020, Defendants FanDuel and DraftKings filed a Joint Motion to Dismiss the Complaint and Memorandum in Support ("Motion to Dismiss"), seeking dismissal of the Family Member Plaintiffs' claims. *See* Dkt. No. 417.  On April 20, 2020, the Family Member Plaintiffs filed an Opposition to Defendants' Joint Motion to Dismiss the Complaint and Memorandum of Reasons In Support.  *See* Dkt. No. 424.  On May 11, 2020, Defendants FanDuel and DraftKings filed a reply in support of their Motion to Dismiss.  *See* Dkt. No. 428.

On April 29, 2020, the Family Member Plaintiffs filed a Motion for Leave to File a Second Amended Master Class Complaint ("Motion for Leave").  *See* Dkt. No. 427.  On May 13, 2020, Defendants FanDuel and DraftKings filed an Opposition to the Motion for Leave.  *See* Dkt. No.

430.  To date, neither FanDuel's Motion to Dismiss or Family Member Plaintiffs' Motion for Leave has been ruled upon.

## II.   SETTLEMENT OF THE ACTION

### A.   <u>Settlement Negotiations.</u>

In or around October 2020, the Parties restarted settlement discussions focused on resolving the Family Member Plaintiffs' claims.  Over the course of several months, the Parties continued their discussions, by and through counsel, and on April 13, 2021, reached an agreement-in-principle to settle the Action and entered into a Memorandum of Understanding ("MOU"), subject to the satisfaction of certain conditions, including the negotiation of a definitive settlement agreement and the approval of the Settlement by the Court in accordance with Rule 23 of the Federal Rules of Civil Procedure.  In mid-July 2021, the Parties agreed to a formal Settlement Agreement. (*See* Exh. 2 to Taylor C. Bartlett's Declaration).

Prior to agreeing to the Settlement, Settlement Class Counsel analyzed and evaluated the merits of the claim and defenses in the Action and the terms and benefits of the proposed Settlement for the putative Settlement Class. Family Member Plaintiffs and Settlement Class Counsel, after considering the risks and costs of further litigation, are satisfied that the terms and conditions of the Settlement are fair, reasonable, and adequate, and that the Settlement is in the best interest of the Settlement Class as a whole.  The Settlement Agreement is the product of arm's-length negotiations between experienced and informed attorneys and is a strong result for the Settlement Class, assuring meaningful injunctive and charitable relief appropriate given the scope of released claims, and avoiding significant uncertainties, risks (*e.g.*, appellate risks), and extended delays of continuing to litigate this Action.

**B.**   **The Material Terms of the Proposed Settlement**

1. Settlement Class

The Settlement Class is comprised of the Georgia Family Member Settlement Class, Kentucky Family Member Settlement Class, New Mexico Family Member Settlement Class, South Carolina Family Member Settlement Class, and Tennessee Family Member Settlement Class (as each of those terms is defined below and in the Settlement Agreement) located in the United States or its territories. Excluded from the class are: (a) all persons who are employees, directors, officers, or agents of FanDuel; (b) government entities; (c) the Court, the Court's immediate family, and Court staff; and (d) the attorneys representing the Parties in the Action:

    a. "Georgia Family Member Settlement Class" means all persons in the State of Georgia that are spouses, children, next-of-kin, or dependents of a person in the State of Georgia that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest during the time period starting six months prior to the filing of the original complaint up until four years prior to the filing of the original complaint on November 12, 2015.

    b. "Kentucky Family Member Settlement Class" means all persons in the State of Kentucky that are spouses, children, next-of-kin, or dependents of a person in the State of Kentucky that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest during the time period starting six months from the filing of the original complaint up until  five years prior to the filing of the original complaint on December 15, 2015.

    c. "New Mexico Family Member Settlement Class" means all persons in the State of New Mexico who are spouses, children, heirs, executors, administrators or creditors

of those persons in the State of New Mexico that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest during the one year prior to filing of the original complaint on December 14, 2015.

d. "South Carolina Family Member Settlement Class" means all persons in the State of South Carolina that are spouses, children, or other family members of a person in the State of South Carolina that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest going for the time period starting three months prior to the filing of the original complaint up until one year to the filing of the original complaint on June 30, 2016.

e. "Tennessee Family Member Settlement Class" means all persons in the State of Tennessee that are spouses, children, or next of kin of a person in the State of Tennessee that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest during the time period starting ninety-one days prior to the filing of the original complaint until one year prior to the filing of the original complaint on December 3, 2015.

2. Settlement Relief

   a. *Injunctive Relief*

Under the proposed Settlement Agreement, FanDuel will be required to implement the following changed practices within ninety (90) days after Final Approval and maintain them for a period of no less than four years:

   i. FanDuel shall agree to accept for processing third-party exclusion requests from spouses of players on its fantasy sports platform, upon adequate proof of a spousal relationship—without requiring additional proof that the requestor is jointly obligated on the payment method, or that the player has unmet financial or child support obligations.

        ii.    In processing these requests, FanDuel retains the discretion to determine whether a period of exclusion or deposit limits are appropriate under the facts and circumstances provided.

Details about this change in third-party exclusion practices will be published on FanDuel's Responsible Gaming page at https://www.fanduel.com/responsible-play.

### b. *Charitable Contribution*

FanDuel has also agreed to make a *cy pres* charitable donation of $375,000.00 to national Responsible Gaming organization(s), subject to Settlement Class Counsel's approval, which will not be unreasonably withheld. FanDuel may make portions or all of such payment any time after April 13, 2021 and any such contributions shall be credited to the Settlement. FanDuel has agreed to make the full amount of this payment within twelve (12) months of the issuance of the Final Approval of the Settlement.

### c. *Incentive Payment to the Proposed Family Member Plaintiffs*

Subject to Court approval, FanDuel has agreed to pay the six Family Member Plaintiffs up to $1,250.00 each as incentive compensation for their efforts in leading this Action.

3. Release of Claims

In exchange for the foregoing injunctive relief, and for other good and valuable consideration, Family Member Plaintiffs, on behalf of themselves and the Settlement Class, agree to:

### a. *Individual Release.*

Upon the Effective Date, Family Member Plaintiffs, on behalf of themselves only, shall fully and forever release and discharge FanDuel from, and shall covenant not to sue FanDuel for, any and all liabilities, claims, causes of action, damages (whether actual, compensatory, statutory, punitive, or of any other type), penalties, costs, attorneys' fees, losses, or demands, whether known or unknown, asserted or unasserted, existing or suspected or unsuspected, matured or unmatured,

under federal, state, or local law, sounding in tort, contract, statute, or otherwise ("Individual Released Claims"). The Individual Released Claims include any and all claims alleged or that could have been alleged in the Action or that arise out of or relate to facts alleged in the Action.

      **b.**  *Settlement Class Release*.

Upon the Effective Date, the Settlement Class Members, except Family Member Plaintiffs, shall fully and forever release and discharge FanDuel from, and shall covenant not to sue FanDuel for, any and all claims or causes of action under any theory for injunctive, other equitable, or declaratory relief, whether known or unknown, asserted or unasserted, existing or suspected or unsuspected, matured or unmatured, under federal, state, or local law, sounding in tort, contract, statute, or otherwise, that arise out of or relate in any way to the transactions, occurrences, events, conduct, practices, or policies alleged, or that could have been alleged, in the Action or any other action alleging similar claims that has been brought, could have been brought, or is currently pending in any court or arbitration proceeding, including without limitation any claims for injunctive, other equitable, or declaratory relief relating to alleged false, inaccurate, or misleading statements, advertisements, or representations, unlawful gambling, deceptive or unfair trade practices, fraud, unjust enrichment, or breach of contract ("Class Released Claims"). The Settlement Class Members do not release claims for actual damages.

## ARGUMENT

**I.**  **THE LEGAL STANDARDS FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT ARE SATISFIED.**

    **A.**  **Legal Standards For Preliminary Approval Of A Class Action Settlement.**

Court approval is required for settlement and dismissal of a class action. Fed. R. Civ. P. 23(e). Prior to final approval, the Court must find that a settlement that will bind all class members is "fair, reasonable, and adequate." *Id.* The First Circuit has not established a fixed test for

evaluating the fairness of a settlement. *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, 602 F.Supp.2d 277, 280 (D. Mass. 2009). "There is no single litmus test for a settlement's approval; it is instead examined as a gestalt to determine its reasonableness in light of the uncertainty of litigation." *See Bussie v. Allmerica Fin. Corp.,* 50 F.Supp.2d 59, 72 (D. Mass. 1999).

There are numerous specific factors that courts may look to when evaluating whether a settlement satisfies Rule 23(e). Most of these factors are "intuitively obvious and dependent largely on variables that are hard to quantify." *Nat'l Ass'n of Chain Drug Stores v. New Engl. Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009). In the end, they all concern the "question of the reasonableness of the settlement in light of the uncertainties of litigation." *Bezdek v. Vibram USA Inc.*, 79 F.Supp.3d 324, 343 (D. Mass.), aff'd, 809 F.3d 78 (1st Cir. 2015). The court "enjoys considerable range in approving or disapproving a class settlement, given the generality of the standard and the need to balance [a settlement's] benefits and costs." *In re: Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 33 (1st Cir. 2009) (quoting *Nat'l Ass'n of Chain Drug Stores*, 582 F.3d at 45.)

Consistent with Rule 23(e)(2), in determining the fairness of a settlement, the Court considers factors such as whether: (1) the Class Representative Plaintiffs and Class Counsel have adequately represented the Settlement Class; (2) the settlement was negotiated at arm's-length; (3) the relief provided for the Settlement Class is adequate, taking into account the costs, risks, and delay of trial and appeal; and (4) the settlement treats all Settlement Class Members equitably. *See In re: TelexFree Sec. Litig.*, __ F.Supp.3d __, No. 4:14-MD-2566-TSH, 2020 WL 4340966, \*2 (D. Mass. July 28, 2020).

Courts in the First Circuit, including this district, have also relied on factors such as:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Bezdek*, 79 F.Supp.3d at 343-344 (quoting *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)); *see also Gulbankian v. MW Mfrs., Inc.*, 2014 WL 7384075, *2 (D. Mass. 2014).

At the preliminary approval stage, there is a "presumption in favor of settlement" "[w]hen sufficient discovery has been provided and the parties have bargained at arms-length." *City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996); *see also Bezdek*, 79 F.Supp.3d at 343. The purpose of the Court's preliminary evaluation of the settlement is to determine whether it is within the "range of reasonableness" such that proceeding with other requirements and the scheduling of a formal fairness hearing are worthwhile. *See* 4 Herbert B. Newberg, *Newberg on Class Actions* § 11.25 *et seq.*, and § 13.64 (4th ed. 2002 and Supp. 2004). The Court need not undertake an in-depth consideration of the relevant factors for final approval. Rather, the Court need only "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms," set a date for the final fairness hearing, and direct the completion of any prerequisite steps. *Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004) § 21.632. Preliminary approval should be granted if, as here, there are no "reservations about the settlement, such as unduly preferential treatment of class representatives or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation for attorneys." *Id.*, § 21.632, at 321 (4th ed. 2004).

Based on these standards, and for the reasons set forth below, the Court should preliminarily approve the proposed settlement as fair, reasonable and adequate.

**B.   The Settlement Is Fair, Reasonable, And Adequate**

    1. Plaintiffs And Class Counsel Have Adequately Represented The Settlement Class.

    The Family Member Plaintiffs are represented by counsel experienced in complex class action litigation. Class Counsel has extensive experience in complex litigation including class actions relating to deceptive advertising and consumer protection. (*See* Declarations of Taylor C. Bartlett at ¶¶ 5-7 and W. Lewis Garrison at ¶¶ 5 & 6). Class Counsel believes that under the circumstances, the proposed settlement is fair, reasonable and adequate and in the best interests of the class members. "When the parties' attorneys are experienced and knowledgeable about the facts and claims, their representations to the court that the settlement provides class relief which is fair, reasonable and adequate should be given significant weight." *Rolland v. Cellucci*, 191 F.R.D. 3, 10 (D. Mass. 2000).

    2. The Settlement Was Negotiated At Arm's Length

    The Settlement is the product of arms-length, protracted, and substantial negotiations spanning almost a year, and were informed by earlier settlement discussions and mediations that occurred prior to the Court's order compelling arbitration of other plaintiffs' claims. There were numerous rounds of settlement discussions, both telephonically and by email. The Parties advocated their positions well and ultimately resolved the dispute in a fair and reasonable way. The settlement discussions between the parties involved the exchange of settlement proposals and information that allowed the parties to intelligently evaluate their respective claims and defenses and come to a resolution that accounts for the risks and uncertainties of continued litigation. The time and effort spent by the Parties examining, investigating, and litigating the claims—and their ultimate agreement on a resolution—weigh in favor of preliminary approval of the Proposed Settlement, as the process strongly indicates there was no collusion.

3.  <u>The Relief Provided For The Settlement Class Is Adequate, Taking Into Account Relevant Factors.</u>

### a.  *The Settlement Relief is Adequate.*

The Proposed Settlement provides significant benefits to the Settlement Class Members because it provides both important injunctive relief and charitable relief tailored to the dispute.

#### i.  *Injunctive Relief*

FanDuel has agreed to implement extensive injunctive relief for a period of no less than four years.  This injunction has real meaning in that it is tailored to reducing the concerns of the Family Member Plaintiffs and will, in turn, help alleviate concerns of the Settlement Class. Specifically, this injunctive relief expands the ability of spouses of FanDuel players to seek the exclusion of their player spouse because they are having problems with playing responsibly. Under the Settlement, player spouses are no longer required to prove joint ownership of the financial account associated with the account, or the existence of unmet financial or child support obligations, to request that FanDuel place their spouse on FanDuel's exclusion list.

#### ii.  *Charitable Donation*

FanDuel has agreed to donate $375,000 to a national Responsible Gaming Organization to promote responsible gaming.  There are no restrictions placed on these funds and the Responsible Gaming Organization may use this to further their responsible gaming cause, providing additional resources to class members to discourage or prevent their family members from entering contests like those FanDuel offers.  This, in turn, will help the Settlement Class.

### b.  *The Complexity, Expense, And Duration Of the Litigation Favor Settlement.*

The claims at issue in this case have been litigated for years and, absent settlement, are likely to continue for several more years. The motion to dismiss the Family Member Plaintiffs' claims remain pending. The Parties face years of potential further litigation, as well as potential

appeals, with both sides subject to risk and exposure based on the uncertainty of pending and future rulings. The complexity of the case and the claims at issue, as well as the time and expense already incurred by the Parties, in addition to what will be incurred should the case not settle, weigh strongly in favor of preliminary approval of the Proposed Settlement.

### c.  The Risks Of Establishing Liability And Damages Favor Settlement.

This litigation has been contentious. The Family Member Plaintiffs claim that FanDuel violated their respective states' consumer protection statutes and gambling statutes.  FanDuel denies any wrongdoing and argues that the Family Member Plaintiffs' claims suffer from critical deficiencies and enormous litigation risk.

Accordingly, while FanDuel faces the possibility of significant liability should the Family Member Plaintiffs be able to maintain and establish their claims, they face procedural challenges and difficult issues of proof of liability and damages.  Family Member Plaintiffs would also face additional challenges with respect to establishing and maintaining class certification status for any claims that survive, particularly given the nature of the proposed class—which consists entirely of individuals with no direct relationship with FanDuel. While both sides strongly believe in the merits of their respective cases, the proposed settlement avoids substantial risks and costs, providing a positive outcome in the face of costly and uncertain litigation.

### d.  The Proposed Attorneys' Fees, Costs, and Expenses Are Fair And Reasonable and the Incentive Awards are Fair.

The terms of the injunctive relief and the amount of the charitable donations were negotiated and agreed upon prior to the Parties negotiating Attorneys' fees, costs, and expenses. The Proposed Settlement provides that FanDuel will not object to Class Counsel seeking fees, costs, and expenses that do not exceed $195,000.00.  Given the costs and expenses of litigating this action for five years, these fees and expenses are reasonable. FanDuel has also agreed not to

oppose an application by the Class Representative Plaintiffs for an incentive payment of up to $1,250.00 each.

    4. <u>The Proposed Settlement Treats Settlement Class Members Equitably Relative To Each Other.</u>

Each Settlement Class Member is treated fairly with respect to each other because the injunctive relief and charitable donation apply equally to all Settlement Class Members.  No one Settlement Class Member is treated differently from any other.  In fact, there is no distinction as all between any Settlement Class Member with respect to the relief they gain.

## II.    THE COURT SHOULD CONDITIONALLY CERTIFY THE CLASS FOR PURPOSES OF SETTLEMENT.

### A.   <u>The Requirements Of Rule 23(a) Are Satisfied.</u>

Class certification for purposes of a class action settlement is proper where the requirements of Rule 23 are met. *See In re: Wireless Facilities*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes."). Rule 23(a) of the Federal Rules of Civil Procedure requires Plaintiffs to show (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). Fed. R. Civ. P. 23(a)(1)-(4). All of these elements are satisfied here.

    1. <u>The Settlement Class Is So Numerous That Joinder Of All Members Is Impracticable.</u>

Class certification is proper under Rule 23(a)(1) where a class contains so many members that joinder of all would be impracticable. "As a general matter, 'if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met.'" *Lannan v. Levy & White*, 186 F.Supp.3d 77, 85 (D. Mass. 2016) (<u>quoting</u> *Stewart v.*

*Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001)). This case easily satisfies the numerosity requirement. The Settlement Class includes family members of FanDuel players from five states. While the exact number of family members is not known, the sheer volume of FanDuel players from these five states shows that the Family Members from there would far exceed the requisite minimum number.

    2. <u>There Are Questions Of Law And Fact Common To All Settlement Class Members.</u>

With respect to the commonality requirement of Rule 23(a)(2), numerous common issues and questions exist. The commonality requirement has been aptly characterized as a "low bar" given "'permissive application.'" *Brown v. Am. Honda (In re: New Motor Vehicles Canadian Exp. Antitrust Litig.)*, 522 F.3d 6, 19 (1st Cir. 2008). It does not "require that class members' claims be identical." *Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21, 25 (D. Mass. 2003). Commonality may be satisfied by the presence of only a single issue common to the class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). Class members must have "the same injury," and key elements of the cause of action should be the same for the entire class. *Lannan*, 186 F.Supp.3d at 86.

Here, the claims of all Settlement Class Members arise from the same factual allegations and involve the same legal theories, namely that they have sustained ascertainable losses arising from FanDuel's violation of one of five states' laws that prohibit gambling and that allow a family member to recover certain losses incurred by a gambler. Thus, questions of law that are common to all Settlement Class Members include whether FanDuel violated one of these five states' laws. Each Settlement Class Member would assert one of these five states' law to recover from FanDuel and each Settlement Class Member is an eligible claimant under those laws. Under these circumstances, the commonality requirement is satisfied for purposes of certifying a settlement

class because the key elements of the class members' claims are the same. *Lannan*, 186 F.Supp.3d at 86.

    3.  <u>Plaintiffs' Claims Are Typical Of Those Of The Settlement Class.</u>

Rule 23(a)(3) requires that the claims and defenses of the class representatives be typical of the class, such that the interest of absent class members will be fairly and adequately protected. *Lannan*, 186 F.Supp.3d at 86; *see also In re: Volkswagen & Audi Warranty Extension Litig.*, 273 F.R.D. 349, 352 (D. Mass. 2011) (named plaintiff's incentives must align with those of the class). "The typicality requirement is fulfilled when the plaintiffs' claims arise from the same course of conduct and are based on the same legal theory as the class claims." *In re: Evergreen Ultra Short Opportunities Sec. Litig.*, 275 F.R.D. 382, 389 (D. Mass. 2011). Here, the Family Member Plaintiffs' claims are typical because they arise from the same factual basis and are based on the same legal theories regarding FanDuel's alleged wrongdoing. Thus, the typicality requirement is satisfied for purposes of certifying the Settlement Class.

    4.  <u>The Proposed Class Representative Plaintiffs Have And Will Continue To Fairly And Adequately Protect The Interests Of The Settlement Class.</u>

"The moving party must show first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). The Family Member Plaintiffs' interests are co-extensive with the interests of the Settlement Class Members, and neither Family Members Plaintiffs nor Class Counsel have a conflict of interest with other Settlement Class Members. Additionally, Class Counsel has extensive experience in the successful prosecution of class actions on behalf of consumers and is qualified to represent the interests of the class members. (*see* Declarations of Taylor C. Bartlett at ¶¶ 5-7 and W. Lewis Garrison at ¶¶

5 & 6). The Family Member Plaintiffs and Class Counsel have been prosecuting this Action vigorously on behalf of the Settlement Class Members for years. Rule 23(a)(4) is therefore satisfied from purposes of certifying the Settlement Class.

### B.   The Requirements of Rule 23(b) Are Satisfied.

To obtain class certification, in addition to establishing the four elements of Rule 23(a), the plaintiff must also establish "one of several elements" of Rule 23(b). *Smilow v. Southwestern Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir. 2003); *In re: Initial Pub. Offering Sec. Litig.* ("*In re: IPO*"), 471 F.3d 24, 41 (2d Cir. 2006).

Certification under Rule 23(b)(2) is appropriate when a defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief …is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).   The threshold for certification under Rule 23(b)(2) is lower than for claims seeking monetary awards or damages.  *Griffin v. Burns*, 570 F.2d 1065, 1074 (1st Cir. 1978). The general applicability of a defendant's conduct towards the putative class is the essential inquiry under Rule 23(b)(2): "[T]he conduct complained of is the benchmark for determining whether a subdivision (b)(2) class exists and a 23(b)(2) class is defined by the actions which a defendant has taken toward the class, and which should arguably be enjoined." *In re: New Motor Vehicles Canadian Export*, 2006 WL 623591, *6 (D. Me. Mar. 10, 2006).

Both prongs of Rule 23(b)(2) are satisfied here: FanDuel has acted on grounds generally applicable to the Settlement Class and the Settlement Class seeks tailored injunctive relief for the Settlement Class as a whole.  FanDuel's actions and/or inactions alleged by Plaintiffs apply to each family member who is a part of the Settlement Class.  The Settlement Class seeks injunctive relief which effectuates changes to FanDuel's online platform and provides substantial and meaningful charitable contributions to a national responsible gaming organization.  The injunctive relief is

17

tailored to reduce the concerns of the Settlement Class and will, in turn, help alleviate concerns of the Settlement Class. "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores, Inc.*, 564 U.S. at 360 (internal quotation omitted). Accordingly, 23(b)(2) injunctive relief is appropriate.

**III.   THE PROPOSED CLASS REPRESENTATIVE PLAINTIFFS SHOULD BE PRELIMINARILY APPOINTED AS CLASS REPRESENTATIVES AND PLAINTIFFS' COUNSEL SHOULD BE PRELIMINARILY APPOINTED AS CLASS COUNSEL.**

Family Member Plaintiffs Leah Boast, Crystal Turner, Rebecca McGuire, Michelle Hodge, Aurora Walker, and Hillary Williams move to be preliminarily appointed as Class Representatives, and also for the appointment of Plaintiffs' Counsel, Taylor C. Bartlett and W. Lewis Garrison, Jr., as Class Counsel. The Family Member Plaintiffs understand the obligations of serving as class representatives and have adequately represented the interests of the putative class and have retained experienced counsel.

**IV.   NOTICE TO THE SETTLEMENT CLASSES IS NOT REQUIRED.**

The Parties move for certification of a Settlement Class under Federal Rule of Civil Procedure 23(b)(2). The Class Released Claims are limited to injunctive, other equitable, and declaratory relief which affect the entire Settlement Class in the same manner and no one member is in a different position than another. Settlement Class Members, other than the individual Family Member Plaintiffs, are not releasing claims for actual damages.

"In 23(b)(2) classes…notice to all class members and the ability to opt out of the class are not mandatory. Fed. R. Civ. P. 23(c)(2)(A). This is because in (b)(2) suits, the injury is group; no missing class member is in a different position than anyone else in the class." *Donovan v. Philip Morris USA, Inc.*, 268 F.R.D. 1, 21 (D. Mass. 2010); *see also Mogel v. UNUM Life Ins. Co. of*

*Am.*, 646 F.Supp.2d 177, 182 (D. Mass. 2009) (confirming that notice and opt-out rights are unnecessary in 23(b)(2) classes); *and Kenneth R. v. Hassan*, 293 F.R.D. 254, 272 (D. N.H. 2013) (declining to require notice to class members in a 23(b)(2) class). Further, notice in this case would be cost prohibitive and infeasible given the nature of the Settlement Class, which consists entirely of individuals with no direct relationship with FanDuel—meaning there is no practicable way to identify everyone who is a member of the Settlement Class, much less reach them. Accordingly, notice and opt-out rights do not apply and are not necessary to comport with due process or the Federal Rules of Civil Procedure. As is permitted under Rules 23(c)(2)(A) and 23(e)(1)(B) of the Federal Rules of Civil Procedure, notice is not required.

## V.   A FINAL APPROVAL HEARING SHOULD BE SCHEDULED.

The last step in the settlement approval process is the formal fairness or Final Approval Hearing, at which time the Court will hear all evidence and argument, for and against, the proposed settlement. The parties request that the Court grant preliminary approval of the settlement and schedule a Final Approval Hearing no earlier than ninety (90) days after FanDuel completes service of the CAFA Notice.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court grant its unopposed motion by entering an Order preliminarily approving the proposed settlement, certifying a class for settlement purposes, preliminarily appointing Class Representatives and Class Counsel, and scheduling a Final Approval Hearing.

DATED: <u>July 29, 2021</u>       Respectfully submitted,

*/s/ Taylor C. Bartlett*

Taylor C. Bartlett (*Pro Hac Vice*)
Email: taylor@hgdlawfirm.com
W. Lewis Garrison, Jr. (*Pro Hac Vice*)
Email: lewis@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to any indicated as non-registered participants on July 29, 2021.

*/s/ Taylor C. Bartlett*
Taylor C. Bartlett (Pro Hac Vice)