# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| _____ ) | | |
| In re: DAILY FANTASY SPORTS LITIGATION ) | | MDL No. 16-02677-GAO |
| ) | | |
| This Document Relates to:  ) | | JURY TRIAL DEMANDED |
| ) | | |
| All Cases  ) | | |
| ) | | |
| _____ ) | | |

## STIPULATION AND SETTLEMENT AGREEMENT

This Stipulation and Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure, subject to the approval of the United States District Court for the District of Massachusetts ("Court"), by named family member plaintiffs Leah Boast, Crystal Turner, Rebecca McGuire, Michelle Hodge, Aurora Walker, and Hillary Williams, individually and on behalf of the Settlement Class (as defined herein) (collectively, "Family Member Plaintiffs" or "Plaintiffs"), and defendants FanDuel Inc. and FanDuel Deposits, LLC ("FanDuel" or "Defendants"; together with Plaintiffs, the "Parties"), by and through their counsel. This Agreement is intended by the Parties to fully and finally settle, compromise, and resolve Plaintiffs' claims in the above-captioned action, *In re Daily Fantasy Sports Litigation*, Case No. 1:16-md-02677-GAO (D. Mass.) (the "Action"), and the Released Claims (as defined herein), subject to the terms and conditions set forth below and final approval of the Court.

## RECITALS

**WHEREAS**:

A.     All terms with initial capitalization shall have the meanings set forth in this Agreement;

B.      In late 2015, the Plaintiffs filed class actions in states around the country alleging FanDuel had violated their respective states' consumer protection statutes and gambling statutes. *Hodge v. FanDuel*, Case No. 1:15-cv-03950, Dkt. No. 1 and 3 (N.D. Ga.); *Backer, et al., v. FanDuel,* Case No. 3:15-cv-01432, Dkt. No. 1 (M.D. Tenn.); *Boast v. FanDuel,* Case No. 1:15-cv-01127 (D. N.M.); *Williams, et al., v. FanDuel*, Case No. 1:15-cv-00153 (D. Ky.); *Lozada, et al. v. DraftKings, Inc., et al.*, Case No. 2:15-cv-2083, Dkt. No. 1 and 4 (N.D. Ala.).

C.      On June 30, 2016, after these cases were consolidated into the *In re: Daily Fantasy Sport Litigation*, MDL No. 16-02677-GAO, the plaintiffs in the Action (including Plaintiffs entering into this Agreement) filed a Consolidated Consumer Class Action Complaint And Jury Demand (the "Class Action Complaint").  Dkt. No. 227.

D.      In the Class Action Complaint, plaintiffs Brad Boast, William Walker, and Aurora Walker were added as plaintiffs. Brad Boast and William Walker were both added as putative DFS Player class representatives for New Mexico and South Carolina, respectively, and Aurora Walker was added a putative class representative for South Carolina DFS Family Members. Dkt. No. 227, ¶¶ 63, 73, 80, 85.

E.      On September 2, 2016, Plaintiffs filed their First Amended Master Class Action Complaint and Jury Demand. Dkt. No. 269 (the "First Amended Class Action Complaint").

F.      In November of 2016, the Defendants moved to compel all Plaintiffs to arbitration. *See* Dkt. Nos. 317-320.

G.      On November 27, 2019, the Court ordered plaintiffs Brad Boast, William Walker, Aaron Hodge, Dustin Turner, Ryan Williams, and Martin Backer's claims to arbitration. Dkt. No. 406.

H.      The Court did not compel arbitration of various state law claims of certain family

2

members/next-of-kin of the Family Member Plaintiffs, and those claims remain pending in this Court. *Id.*

I.       The Court held a Status Conference on January 8, 2020, where it set deadlines for the Defendants to file any motions to dismiss the First Amended Class Action Complaint. *See* Dkt. No. 412.

J.       On March 9, 2020, Defendants FanDuel and DraftKings filed a Joint Motion to Dismiss the Complaint and Memorandum in Support ("Motion to Dismiss"), seeking dismissal of the Family Member Plaintiffs' claims. *See* Dkt. No. 417.

K.       On April 20, 2020, the Family Member Plaintiffs filed an Opposition to Defendants' Joint Motion to Dismiss the Complaint and Memorandum of Reasons In Support. *See* Dkt. No. 424.

L.       On April 29, 2020, the Family Member Plaintiffs filed a Motion for Leave to File a Second Amended Master Class Complaint. *See* Dkt. No. 427.

M.       On May 11, 2020, Defendants filed a Reply Memorandum of Law in Support of Their Joint Motion to Dismiss the Complaint. *See* Dkt. No. 428.

N.       To date, neither FanDuel's Motion to Dismiss or Family Member Plaintiffs' Motion for Leave has been ruled upon.

O.       Prior to and throughout the Action, Plaintiffs' counsel, the law firm of Heninger Garrison Davis LLC (subject to appointment by the Court, "Settlement Class Counsel"), have conducted a thorough examination and investigation of the facts and law relating to the claim and defenses in the Action, including, but not limited to, obtaining information from publicly available and other sources; and researching and preparing Court filings, and other documents concerning the claim;

P.      The Parties have explored and discussed at length the factual and legal issues raised in the Action;

Q.      In or around October 2020, the Parties began settlement discussions;

R.      Over the course of several months, the Parties continued their discussions, by and through counsel, and on April 13, 2021, the Parties reached an agreement-in-principle to settle the Action and entered into a Memorandum of Understanding ("MOU"), subject to the satisfaction of certain conditions, including the negotiation of a definitive settlement agreement and the approval of the Settlement (as defined herein) by the Court in accordance with Rule 23 of the Federal Rules of Civil Procedure;

S.      By executing this Agreement and as a material condition of the Settlement, the Parties intend to settle and dispose of, fully and completely, both: (a) the Individual Released Claims; and (b) the Class Released Claims (as these terms are defined herein);

T.      Prior to agreeing to the Settlement, Settlement Class Counsel analyzed and evaluated the merits of the claim and defenses in the Action and the terms and benefits of the proposed Settlement for the putative Settlement Class; Plaintiffs and Settlement Class Counsel, after taking into account the risks and costs of further litigation, are satisfied that the terms and conditions of the Settlement are fair, reasonable, and adequate, and that the Settlement is in the best interest of the Settlement Class as a whole;

U.      FanDuel denies each and every allegation of wrongdoing, liability, and damages that were or could have been asserted in the Action, and further denies that the claims in the Action would be appropriate for class treatment if the Action were to proceed through litigation and trial; nonetheless, without admitting or conceding any wrongdoing, liability, or damages or the appropriateness of the Plaintiffs' claims or similar claims for class treatment, FanDuel consents to

the Settlement solely to avoid the expense, inconvenience, and inherent risk of litigation, as well as the inconvenience, interference, and disruption of its business operations; and

V.      This Agreement reflects a compromise between the Parties, and nothing in this Settlement shall be construed as an admission or concession by any Party of the truth of any allegations or validity of any claim or defense raised in or which could have been raised in the Action, or of any fault, wrongdoing, liability, or damages of any kind by FanDuel.

NOW, THEREFORE, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the other conditions set forth herein, it is hereby stipulated and agreed by and between the Parties, through their respective attorneys, in consideration of the benefits contained herein and flowing to the Parties and the Settlement Class, that the Action and all Released Claims as against all Released Parties shall be fully, finally, and forever settled, compromised, released, and discharged, upon and subject to the following terms and conditions.

## 1. <u>DEFINITIONS</u>

As used in this Agreement, the following words and terms shall have the meaning set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

1.1      "Agreement" and "Settlement Agreement" mean this Settlement Agreement, including, without limitation, all of the attached exhibits.

1.2      "CAFA Notice" means the notice requirements imposed by 28 U.S.C. § 1715(b).

1.3      "Class Released Claims" has the meaning set forth in Section 3.3.2.

1.4      "Class Release Parties" means each Settlement Class Member (as defined herein) other than Plaintiffs, and any of such Settlement Class Member's past, present, and future partnerships, joint ventures, unincorporated entities, subsidiaries, divisions, affiliates, and persons

and entities directly or indirectly under their control in the past, present, or future; any of their assignors, predecessors, successors, and assigns; and the past, present, and future owners, operators, shareholders, investors, members, partners, officers, directors, agents, employees, contractors, subcontractors, suppliers, vendors, representatives, fiduciaries, insurers, attorneys, accountants, legal representatives, parents, subsidiaries, affiliates, beneficiaries, heirs, and the estates of any and all of the foregoing.

1.5     "Defense Counsel" means the law firm of ZwillGen PLLC.

1.6     "Effective Date" means the date defined in Section 9.1 below.

1.7     "Final" when referring to an order or judgment means the expiration of any time for appeal or review or, if any appeal is filed and not dismissed, the date it is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for rehearing, reargument, appeal, or review, en banc, by certiorari, or otherwise, has expired.

1.8     "Final Approval" means the date an Order and Final Judgment (as defined herein) entered by the Court under Rule 23(e) of the Federal Rules of Civil Procedure becomes Final.

1.9     "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.10     "FanDuel" and "Defendants" mean FanDuel Inc., FanDuel Deposits, LLC and their affiliated entities.

1.11     "Individual Released Claims" has the meaning set forth in Section 3.3.1.

1.12     "Individual Release Parties" means Plaintiffs and their past, present, and future partnerships, joint ventures, unincorporated entities, subsidiaries, divisions, affiliates, and persons and entities directly or indirectly under their control in the past, present, or future; any of their assignors, predecessors, successors, and assigns; and the past, present, and future owners,

operators, shareholders, investors, members, partners, officers, directors, agents, employees, contractors, subcontractors, suppliers, vendors, representatives, fiduciaries, insurers, attorneys, accountants, legal representatives, parents, subsidiaries, affiliates, beneficiaries, heirs, and the estates of any and all of the foregoing.

1.13    "Order and Final Judgment" and "Final Approval Order" mean the Final Approval Order and Entry of Judgment (substantially in the form of Exhibit B attached hereto) to be entered by the Court following the Final Approval Hearing.

1.14    "Preliminary Approval" means the date the Court issues its Preliminary Approval Order (as defined herein) in which it preliminarily approves the Settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

1.15    "Preliminary Approval Order" means the order (substantially in the form of Exhibit A attached hereto) to be entered by the Court preliminarily approving the Settlement.

1.16    "Released Claims" shall mean the Individual Released Claims and Class Released Claims, as defined in Section 3.3.

1.17    "Released Parties" means FanDuel and any of its past, present, and future partnerships, joint ventures, unincorporated entities, subsidiaries, divisions, affiliates, and persons and entities directly or indirectly under their control in the past, present, or future; any of their assignors, predecessors, successors, and assigns; and the past, present, and future owners, operators, shareholders, investors, members, partners, officers, directors, agents, employees, contractors, subcontractors, suppliers, vendors, representatives, fiduciaries, insurers, attorneys, accountants, legal representatives, parents, subsidiaries, affiliates, beneficiaries, heirs, and the estates of any and all of the foregoing.

1.18    "Family Member Plaintiffs" mean Leah Boast, Crystal Turner, Rebecca McGuire,

Michelle Hodge, Aurora Walker, and Hillary Williams.

1.19    "Family Member Service Award" means an award of up to $1,250.00 to each Family Member Plaintiff for their representation of the Settlement Class in the Action, as may be approved by the Court.

1.20    "Settlement" means the resolution of this Action as provided for and effectuated by this Agreement.

1.21    "Settlement Class" means the Georgia Family Member Settlement Class, Kentucky Family Member Settlement Class, New Mexico Family Member Settlement Class, South Carolina Family Member Settlement Class, and Tennessee Family Member Settlement Class in the United States or its territories. Excluded from the class are: (a) all persons who are employees, directors, officers, or agents of FanDuel; (b) government entities; (c) the Court, the Court's immediate family, and Court staff; and (d) the attorneys representing the Parties in the Action.

1.22    "Georgia Family Member Settlement Class" means all persons in the State of Georgia that are spouses, children, next-of-kin, or dependents of a person in the State of Georgia that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest during the time period starting six months prior to the filing of the original complaint up until four years prior to the filing of the original complaint on November 12, 2015.

1.23    "Kentucky Family Member Settlement Class" means all persons in the State of Kentucky that are spouses, children, next-of-kin, or dependents of a person in the State of Kentucky that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest during the time period starting six months from the filing of the original complaint up until  five years prior to the filing of the original complaint on

December 15, 2015.

1.24    "New Mexico Family Member Settlement Class" means all persons in the State of New Mexico who are spouses, children, heirs, executors, administrators or creditors of those persons in the State of New Mexico that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest during the one year prior to filing of the original complaint on December 14, 2015.

1.25    "South Carolina Family Member Settlement Class" means all persons in the State of South Carolina that are spouses, children, or other family members of a person in the State of South Carolina that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest going for the time period starting three months prior to the filing of the original complaint up until one year to the filing of the original complaint on June 30, 2016.

1.26    "Tennessee Family Member Settlement Class" means "All persons in the State of Tennessee that are spouses, children, or next of kin of a person in the State of Tennessee that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest during the time period starting ninety-one days prior to the filing of the original complaint until one year prior to the filing of the original complaint on December 3, 2015.

1.27    "Settlement Class Member" means any person or entity who is a member of the Settlement Class.

## 2.   **BASIS FOR SETTLEMENT**

2.1. The Parties have briefed dispositive motions, exchanged information, and engaged in extensive negotiations to settle the Action. Throughout these negotiations, the Parties took into account: (a) the merit or lack of merit of the Action; (b) the relative strengths and weaknesses of

the Parties' positions in the Action; (c) the time, expense, and effort that would be required to continue to litigate the Action through motions on the pleadings, discovery, class certification, summary judgment, trial, and appeal; (d) the possibilities of success weighed against the possibilities of failure with respect to the Parties' respective positions in the litigation; (e) the range of possible outcomes; (f) the complexities of the contested issues raised by the Action; (g) the risks inherent in protracted litigation; (h) the maximum potential of a favorable outcome with the attendant expense and likelihood of an unfavorable outcome; and (i) the benefits resulting from an immediate settlement in light of the foregoing considerations.

2.2. Based on the foregoing considerations and the record in this case, Plaintiffs and Settlement Class Counsel have concluded that the terms and conditions of this Settlement are fair, reasonable, and adequate to Plaintiffs and the Settlement Class, and are in their best interests. Plaintiffs and Settlement Class Counsel recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Action through trial and appeals. Plaintiffs and Settlement Class Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Plaintiffs and Settlement Class Counsel recognize the significant challenges they will face in determining and proving any actual damages. They also acknowledge the strong defenses to class certification in this Action. Plaintiffs and Settlement Class Counsel believe that the proposed Settlement confers substantial benefits upon the Settlement Class and provides the primary relief sought in the Action.

3. **TERMS OF SETTLEMENT**

3.1 **Injunctive Relief.** In exchange for the releases set forth herein, and for other good and valuable consideration, FanDuel agrees to enter into a stipulated order providing the

Settlement Class with the injunctive relief described in this Section 3.1.

3.1.1   FanDuel shall implement the following changed practices within ninety (90) days after Final Approval and maintain them for a period of no less than four years:

i.    FanDuel shall agree to accept for processing third-party exclusion requests from spouses of players on its fantasy sports platform, upon adequate proof of a spousal relationship—without requiring additional proof that the requestor is jointly obligated on the payment method, or that the player has unmet financial or child support obligations.

ii.   In processing these requests, FanDuel retains the discretion to determine whether a period of exclusion or deposit limits are appropriate under the facts and circumstances provided.

iii.  Details about this change in third-party exclusion practices will be published on FanDuel's Responsible Gaming page at https://www.fanduel.com/responsible-play.

3.2   *Cy Pres* **Charitable Payment**. FanDuel agrees to make a *cy pres* charitable donation of $375,000 to national Responsible Gaming organization(s), subject to Settlement Class Counsel's approval, which will not be unreasonably withheld.  Portions or all of such payment may be made any time after April 13, 2021 and shall be credited to the Settlement.  FanDuel shall make the full amount of this payment within twelve (12) months of the issuance of the Final Approval of the Settlement.

3.3   **Releases, Stays, and Covenants Not to Sue**. In exchange for the foregoing injunctive relief, and for other good and valuable consideration, Plaintiffs, on behalf of themselves and the Settlement Class, agrees to enter into the releases and covenants described in this Section 3.3.

3.3.1   *Individual Release.* Upon the Effective Date, Plaintiffs, on behalf of the Individual Release Parties, shall fully and forever release and discharge the Released Parties from, and shall covenant not to sue any Released Parties for, any and all liabilities,

claims, causes of action, damages (whether actual, compensatory, statutory, punitive, or of any other type), penalties, costs, attorneys' fees, losses, or demands, whether known or unknown, asserted or unasserted, existing or suspected or unsuspected, matured or unmatured, under federal, state, or local law, sounding in tort, contract, statute, or otherwise ("Individual Released Claims"). The Individual Released Claims include any and all claims alleged or that could have been alleged in the Action or that arise out of or relate to facts alleged in the Action. Nothing in this release affects Plaintiff's rights under this Agreement to file an application with the Court for attorneys' fees and for Family Member Service Awards, as set forth below in Section 7.

      3.3.2   ***Settlement Class Release***. Upon the Effective Date, the Settlement Class Members, on behalf of the Class Release Parties except Plaintiffs, shall fully and forever release and discharge the Released Parties from, and shall covenant not to sue any Released Parties for, any and all claims or causes of action under any theory for injunctive, other equitable, or declaratory relief, whether known or unknown, asserted or unasserted, existing or suspected or unsuspected, matured or unmatured, under federal, state, or local law, sounding in tort, contract, statute, or otherwise, that arise out of or relate in any way to the transactions, occurrences, events, conduct, practices, or policies alleged, or that could have been alleged, in the Action or any other action alleging similar claims that has been brought, could have been brought, or is currently pending in any court or arbitration proceeding, including without limitation any claims for injunctive, other equitable, or declaratory relief relating to alleged false, inaccurate, or misleading statements, advertisements, or representations, unlawful gambling, deceptive or unfair trade practices, fraud, unjust enrichment, or breach of contract ("Class Released Claims"). The Class

Released Claims expressly exclude any claims for actual damages.

      3.3.3   ***Waiver of Cal. Civ. Code § 1542***. In connection with and as part of the Released Claims, Plaintiffs expressly acknowledge, and Settlement Class Members shall be deemed to acknowledge, that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Notwithstanding California or other law, Plaintiffs expressly agree, and Settlement Class Members by operation of law shall be deemed to have agreed, that in connection with and as part of the Released Claims, the provisions, rights, and benefits of Section 1542 and all similar federal, state, or local laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released, and relinquished to the fullest extent permitted by law in connection with the Released Claims. Plaintiffs and (by operation of law) Settlement Class Members also agree and acknowledge that the foregoing is an essential term of the releases provided herein. Plaintiffs and (by operation of law) Settlement Class Members also agree and acknowledge in connection with and as part of the Released Claims that they may discover claims presently unknown or unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, but that it is their intention to completely, fully, finally, and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery

of additional or different facts.

   3.3.4   ***Exclusive Remedy and Related Litigation.*** Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims; and (b) Plaintiffs and Settlement Class Members will be deemed to have, and by operation of the Order and Final Judgment will have, stipulated to be and shall be permanently barred and enjoined by order of the Court from initiating, asserting, prosecuting, maintaining, intervening in, or participating (either directly, indirectly, representatively, as a class member, or in any other capacity) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party in any federal or state court or tribunal based on any and/or all of the Released Claims.

   Prior to and until entry of an Order and Final Judgment, the Parties agree to in good faith seek and cooperate in seeking to enjoin any Settlement Class Member or other person pursuing claims on behalf of any such person or entity (including by pursuing a class action, by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) from, directly or indirectly, filing, commencing, prosecuting, intervening in, participating in, maintaining, or otherwise receiving any benefits from any lawsuit, arbitration, government action, administrative or regulatory proceeding, or order in any jurisdiction, forum, or tribunal asserting claims or seeking relief relating in any way to the Released Claims, including but not limited to requesting that all such actions be stayed and enjoined pending Final Approval.

3.4   **Attorneys' Fees and Service Awards.** Subject to Court approval, FanDuel shall pay Plaintiffs any Family Member Service Awards and their reasonable attorneys' fees in the manner and subject to the limitations set forth in Section 7.

3.5 **Notice.** Class Released Claims are limited to injunctive, other equitable, and declaratory relief. Settlement Class Members, other than Plaintiffs, are not releasing claims for actual damages. Accordingly, the Parties agree that notice and opt-out rights do not apply and are not necessary to comport with due process or the Federal Rules of Civil Procedure. As such, the Parties agree to ask the Court not to require that discretionary notice be provided to Settlement Class Members as is permitted under Rules 23(c)(2)(A) and 23(e)(1)(B) of the Federal Rules of Civil Procedure. The Parties further agree that notice in this case would be cost prohibitive and infeasible given the nature of the Settlement Class, which consists entirely of individuals with no direct relationship with FanDuel. Nothing in this paragraph eliminates FanDuel's CAFA Notice obligations, which are set forth in Section 5.

If the Court nevertheless requires notice to the Settlement Class, the Parties will negotiate in good faith in an attempt to agree on a notice procedure to be approved by the Court. In the event that, following good-faith negotiations, the Parties are unable to agree on a notice procedure, FanDuel shall have the unilateral right to withdraw from and terminate this Agreement, without prejudice, and the Settlement will have no force or effect and will be treated as if it never existed. In the event of such a withdrawal or termination, the terms of Section 9.3 shall apply.

## 4. <u>PRELIMINARY APPROVAL AND CLASS CERTIFICATION</u>

4.1 Plaintiffs shall file with the Court, at a time to be mutually agreed by the Parties' counsel, a motion for preliminary approval of the Settlement, along with this Agreement and all exhibits hereto, and move for entry of the Preliminary Approval Order substantially in the form attached hereto as Exhibit A.

4.2 Solely for purposes of the Settlement, Plaintiffs will request that the Court, as part of the Preliminary Approval Order: (a) certify this Action for settlement purposes only as a class

action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure and approve

the definition of the Settlement Class set forth herein; (b) provide preliminary approval of the

Settlement Agreement; (c) appoint Plaintiffs to serve as the Settlement Class representatives; (d)

appoint Settlement Class Counsel to serve as counsel for the Settlement Class pursuant to Rule

23(g) of the Federal Rules of Civil Procedure; and (e) schedule a Final Approval hearing in

accordance with Section 8.2. Solely for purposes of the Settlement, FanDuel will not oppose the

foregoing requests. In the event that this Agreement is terminated for any reason or the Settlement

is not approved in any material respect by the Court, or such approval is reversed, vacated, or

modified in any material respect by the Court or by any other court, the certification of the

Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had

never been certified, and no reference to the Settlement, this Agreement, or any documents,

communications, or negotiations related in any way thereto shall be made for any purpose in the

Action or in any other action or proceeding, and the terms of Section 9.3 shall apply.

**5.  CAFA NOTICE**

5.1     FanDuel, at its expense, shall serve CAFA Notice on the appropriate federal and

state officials.

5.2     FanDuel will file a certification with the Court stating the date or dates on which

CAFA Notice was sent.

**6.  PROCEDURE FOR OBJECTIONS**

6.1. Settlement Class Members who wish to comment on or object to the Settlement must

do so in writing mailed to the Clerk of Court, Settlement Class Counsel, and Defense Counsel;

must do so in accordance with the terms of the Preliminary Approval Order; and must do so by the

date set forth in the Preliminary Approval Order. Only Settlement Class Members may object to

the Settlement.

    6.2.   To be valid, an objection must state: (i) the objector's full name, address, telephone number, and e-mail address; (ii) the case name and case number; (iii) information identifying the objector as a Settlement Class Member; (iv) a written statement of specific legal and factual basis for each objection, including whether the objection applies only to the objecting person, a specific subset of the Settlement Class or the entire Settlement Class; (v) a description of any and all evidence the objecting person may offer at the Final Approval Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses and all exhibits intended to be introduced at the hearing; (vi) the identity of all counsel representing the objector; (vii) a statement whether the objector and/or their counsel will appear at the Final Approval Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (ix) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last five (5) years.

    6.3. Settlement Class Members who fail to submit written objections that are both timely and in full compliance with the requirements of the Preliminary Approval Order will be deemed to have waived their objections to the Settlement and will be forever foreclosed and barred from making any objection (whether by appeal or otherwise) to the Settlement Agreement, Preliminary Approval Order, or Order and Final Judgment, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Action. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate

Procedure and not through a collateral attack.

6.4. Any lawyer representing or assisting an objecting Settlement Class Member must: (a) file a notice of appearance with the Court by the date set forth in the Preliminary Approval Order; (b) file a sworn declaration attesting to representation of each Settlement Class Member on whose behalf the lawyer has or will be acting; and (c) comply (and ensure their client's compliance) with each of the objection requirements set forth in the Preliminary Approval Order.

6.5. No Settlement Class Member will be entitled to be heard at the Final Approval Hearing (whether individually, by representative, or through separate counsel), unless their timely objection or comment states their intention to appear at the Final Approval Hearing.

## 7.  <u>ATTORNEYS' FEES AND SERVICE AWARDS</u>

7.1. In accord with Rule 23(h) of the Federal Rules of Civil Procedure and relevant case law, Settlement Class Counsel may apply to the Court for an award of its reasonable attorneys' fees to be determined and approved by the Court. Settlement Class Counsel agrees to seek a reasonable attorneys' fee consistent with the factors applicable in the U.S. District Court for the District of Massachusetts. FanDuel will not oppose such a request of reasonable attorneys' fees, costs, and expenses provided such request does not exceed $195,000.00 in total. In no event shall FanDuel be obligated to pay or reimburse Settlement Class Counsel an amount greater than $195,000.00.

7.2. Plaintiffs may simultaneously apply to the Court for Family Member Service Awards not to exceed $1,250.00 for each Plaintiff for their participation as Settlement Class representative, for taking on the risks of litigation, and for settlement of its individual claims as Plaintiffs in this Action. FanDuel will not oppose a request for these Family Member Service Awards provided that such request does not exceed $1,250.00 for each Plaintiff.  In no event shall FanDuel be obligated

to pay any Plaintiff an amount greater than $1,250.00.

7.3. Plaintiffs and Settlement Class Counsel will file with the Court their motion for an award of attorneys' fees and for Family Member Service Awards at least twenty-one (21) days prior to the Final Approval Hearing. If approved by the Court, FanDuel shall pay to Settlement Class Counsel the awarded attorneys' fees and Family Member Service Awards within thirty (30) business days following the date of Final Approval. Plaintiffs and Settlement Class Counsel agree to provide FanDuel all identification information necessary to effectuate the payment including, but not limited to, Taxpayer Identification Number(s) and completed Internal Revenue Service Form W-9(s). Neither Settlement Class Counsel nor Plaintiffs shall be entitled to interest on such amounts at any time.

7.4. Court approval of Family Member Service Awards, of an award of attorneys' fees, and/or the amount of any such awards are not conditions of the Settlement. The procedure for and the allowance or disallowance by the Court of any application for a Family Member Service Award and/or any attorneys' fees are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement as set forth in this Agreement. Any order, finding, ruling, holding, appeal, reversal, modification, or proceeding relating to any such applications for Family Member Service Award or for attorneys' fees shall not operate to terminate or cancel this Agreement or otherwise affect or delay the finality of the Order and Final Judgment.

7.5. Plaintiffs acknowledge and agree that FanDuel makes no representation of any kind as to the income tax or other tax consequences of the Family Member Service Awards and attorneys' fees payments described in this Section.  Plaintiffs further agree that they will assume and be solely responsible for the payment of any and all tax obligations or consequences that may arise out of

or relate to any payments made by FanDuel pursuant to this Agreement (other than the *cy pres* payment in Section 3.2) or that may subsequently be determined by any appropriate tax authority to be owing with respect to the Family Member Service Awards and attorneys' fees payments in this Agreement.  Plaintiffs will not seek any indemnification from FanDuel or any other of the Released Parties regarding any tax liability relating to such payments.  If any claim is asserted against a Released Party by a taxing authority with respect to such payments, Plaintiffs agree that they will be liable for their own individual portion of any taxes owed.  Plaintiffs further agree to indemnify and hold harmless FanDuel or any of the other Released Parties to the extent that a taxing authority undertakes any action to hold any of the Released Parties responsible for any taxes alleged to be due in relation to the Family Member Service Awards and attorneys' fees payments in this Agreement, including from any claims, demands, actions, causes of action, losses, costs, attorneys' fees, penalties, or expenses that may be imposed by such authority.

7.6. Except for amounts to be paid to Settlement Class Counsel and Plaintiffs as specifically provided in this Section 7, FanDuel does not agree to pay and shall not be responsible or liable for the payment of any attorneys' fees, costs, or expenses of Settlement Class Counsel, Plaintiffs, the Settlement Class, any Settlement Class Member, any person or entity that may object to the Settlement or Agreement, or any attorney who may represent any person or entity that may object to the Settlement or Agreement, in connection with the Action, Settlement, or any claim that was or could have been alleged in the Action.

## 8.  FINAL APPROVAL HEARING AND FINAL APPROVAL ORDER

8.1. By the date specified in the Preliminary Approval Order, Plaintiffs shall move the Court for entry of an Order and Final Judgment (substantially in the form attached hereto as Exhibit B), as contemplated by Rule 23(e) of the Federal Rules of Civil Procedure. The Settlement is

expressly conditioned upon, among other things, the entry of an Order and Final Judgment substantially in the form attached hereto as Exhibit B.

8.2. A Final Approval Hearing will be held on a date approved by the Court no earlier than ninety (90) days after FanDuel completes service of the CAFA Notice, as set forth in Section 5. The date, time, and place of the Final Approval Hearing will be set forth in the Preliminary Approval Order, which will both further note that the date and time are subject to change, and that any change will be noted on the Court's docket.

8.3. At the Final Approval Hearing, Plaintiffs, by and through Settlement Class Counsel, shall request entry of the Order and Final Judgment that, among other things, will:

8.3.1   Certify the Settlement Class solely for purposes of the Settlement;

8.3.2   Approve the Settlement without modification (except insofar as agreed upon by the Parties) as fair, reasonable, and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and direct its implementation according to its terms;

8.3.3   Find that the level of notice provided to the Settlement Class, if any, fully satisfied the requirements of due process and the Federal Rules of Civil Procedure;

8.3.4   Confirm that Plaintiffs and Settlement Class Members have released all Released Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, maintaining, intervening in, or participating (either directly, indirectly, representatively, as a class member, or in any other capacity) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on any of the Released Claims;

8.3.5    Direct that judgment be entered immediately dismissing the claim asserted in the Action on the merits and with prejudice and ruling that no costs or fees be assessed on any Party beyond the attorneys' fees and Family Member Service Awards provided for under Section 7 of this Agreement;

8.3.6    Determine pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and directing that the Final Judgment shall be final and appealable; and

8.3.7    Retain jurisdiction over the Action, including all matters relating to the interpretation, administration, implementation, and enforcement of this Agreement.

## 9.  **EFFECTIVE DATE AND TERMINATION**

9.1. The Effective Date shall be the date when the Order and Final Judgment becomes Final or, in the event that the Court enters an order and final judgment in a form other than the Order and Final Judgment ("Alternative Judgment") and none of the Parties elect to terminate the Settlement, the date that such Alternative Judgment becomes Final.

9.2. FanDuel and Plaintiffs each shall have the right to terminate the Settlement and this Agreement by providing written notice of their election to do so ("Termination Notice") to the other within thirty (30) days of the date on which: (a) the Court declines to enter the Preliminary Approval Order or makes material changes thereto; (b) the Court refuses to approve the Settlement or any material part of it; (c) the Court declines to enter the Order and Final Judgment in any material respect; (d) the Order and Final Judgment is vacated, modified, or reversed in any material respect; (e) an Alternative Judgment is vacated, modified, or reversed in any material respect; or (f) the Effective Date otherwise does not occur.

9.3. Except as otherwise provided herein, in the event the Settlement and this Agreement are terminated or the Effective Date fails to occur for any reason, the Parties shall be deemed to

have reverted *nunc pro tunc* to their respective status in the Action as of the date of execution of this Agreement; the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered and without any prejudice in any way from the negotiation, fact, or terms of the Settlement; and any order certifying the Settlement Class for purposes of effectuating the Settlement or otherwise issuing preliminary and/or final findings regarding class certification shall be automatically vacated upon notice of the same to the Court.

9.4. No Party nor its counsel shall refer to or invoke a vacated finding and/or order relating to class settlement or Rule 23 of the Federal Rules of Civil Procedure if this Settlement and Agreement are not consummated and the Action is later litigated and contested by FanDuel.

**10. <u>MISCELLANEOUS</u>**

10.1    The Parties acknowledge that this Agreement is entered into in settlement and compromise of disputed claims. It is expressly acknowledged and agreed that neither the Settlement Agreement, nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  FanDuel specifically denies the underlying material allegations in the Action and any and all liability to Plaintiffs or the Settlement Class.  Any of the Released Parties may file the Settlement Agreement and/or the Final Judgment in any action in order to support a claim or defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue

preclusion or similar claim or defense.

10.2     The Parties and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Agreement.

10.3     All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that a conflict or inconsistency exists between the terms of this Agreement and the terms of any exhibit hereto, the terms of this Agreement shall prevail.

10.4     This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by Settlement Class Counsel and Defense Counsel on behalf of all Parties or their successors-in-interest. The waiver or breach by any of the Parties of any provision of this Agreement shall not be deemed a waiver or breach of any other provision.

10.5     The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs or any Settlement Class Member against any and all of the Released Parties with respect to the Released Claims. The Parties agree that the terms and consideration provided under this Agreement were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

10.6     The time periods and dates described in this Agreement with respect to the giving of notices, hearings, and court filings are subject to approval and change by the Court or by the written agreement of Settlement Class Counsel and Defense Counsel.

10.7     If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday, or Court holiday, such date shall be automatically extended to the next business day.

10.8     The terms and conditions set forth in this Agreement, including the exhibits hereto, constitute the complete and exclusive statement of the agreement between the Parties relating to the subject matter of the Settlement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement. The Parties further intend this Agreement to constitute the complete and exclusive statement of its terms as between the Parties, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving this Agreement.

10.9     The construction, interpretation, operation, effect, and validity of this Agreement, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York, without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

10.10   The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. The rule that any uncertainties in a contract are interpreted against the party causing an uncertainty to exist is hereby waived by all Parties. This Agreement shall not be construed more strictly against one of the Parties than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Agreement is the result of arm's-length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Agreement.

10.11   All notices and other communications under this Settlement Agreement shall be sent to the Parties to this Settlement Agreement at their address set forth on the signature page herein, *viz*, if to Plaintiffs, then to: Travis Lynch, Heninger Garrison Davis, 3621 Vinings Slope SE, Atlanta, GA 30339; and if to FanDuel, Nicholas Jackson, ZwillGen PLLC, 1900 M Street NW,

Suite 250, Washington, DC 20036, or such other address as each party may designate for itself, in writing, in accordance with this Settlement Agreement.

10.12   This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns, including any and all Released Parties and any corporation, partnership, or other entity into or with which any of the Parties may merge, consolidate, or reorganize.

10.13   Except as expressly provided herein, each of the Parties shall bear its own attorneys' fees and expenses in connection with the Action, this Agreement, and the Settlement.

10.14   Each counsel signing this Agreement represents that such counsel has authority to sign this Agreement on behalf of Plaintiffs or FanDuel, as the case may be, and that they have the authority to take appropriate action required to effectuate this Agreement by its terms.

10.15   Neither Plaintiffs nor Settlement Class Counsel shall conduct a press conference or issue a press release or make other public statements regarding the Settlement or the Action or (apart from filings with the Court as necessary to obtain Preliminary or Final Approval of the Settlement) unless FanDuel agrees to the statement in advance. Nothing in this Agreement or Settlement restricts Settlement Class Counsel from: (a) acknowledging or otherwise publicly recognizing that they negotiated this Agreement; (b) responding to inquiries from putative Settlement Class Members or their representatives regarding the Settlement or (c) providing accurate copies of publicly available Court filings on its website or in response to inquiries. If Plaintiffs or Settlement Class Counsel are contacted by the press, media, or any industry association, they will respond only that this Action has been amicably resolved to the Parties' mutual satisfaction.

10.16   FanDuel and Plaintiffs, for themselves and on behalf of each of their agents,

attorneys, employees, contractors, representatives, officers, directors, divisions, suppliers, parents, subsidiaries, affiliates, assigns, beneficiaries, successors, predecessors, accountants, and shareholders, each in their respective capacities as such, shall agree not to disparage each other.

10.17   The Parties agree to the stay of all proceedings in the Action, except such proceedings as may be necessary to complete and implement the Settlement, pending the issuance of the Order and Final Judgment by the Court.

10.18   The administration, consummation, and enforcement of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Parties intend that the Court will retain jurisdiction for the purpose of, *inter alia*, entering orders, providing for awards of attorneys' fees, awarding Family Member Service Awards, and enforcing the terms of this Agreement and the Settlement.

10.19   Notices required by this Agreement shall be submitted by any form of overnight mail, electronic mail, facsimile, or in person to each of the signatories below.

10.20   This Agreement may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via electronic mail. Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

10.21   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

10.22   Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Parties that Plaintiffs have or may have arising out of any allegations made in the Action or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiffs may be entitled, have been assigned, transferred, or

conveyed by or for Plaintiffs in any manner. Plaintiffs further represent and warrant that no person other than Plaintiffs have, as to each Plaintiff's own claims, any legal or equitable interest in each Plaintiff's claims, demands, actions, or causes of action referred to in this Settlement and Agreement.

10.23   The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement and Agreement to the extent they have deemed it necessary to do so. Therefore, the Parties agree that they will not seek to set aside any part of the Settlement or Agreement on the grounds of mistake. Moreover, the Parties understand, agree, and expressly assume the risk that any fact that is not recited, contained, or embodied in this Agreement may turn out to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that this Settlement and Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

10.24   The Recitals are an integral and material part of this Agreement and are incorporated in full herein.

The signatories below represent and warrant that they are authorized to enter into this Agreement on behalf of the entities below.

Dated: July 28, 2021

**CLASS REPRESENTATIVE PLAINTIFFS**

By:   _____

Leah Boast

By:   _____

Crystal Turner

By:   _____

Rebecca McGuire

By:   _____

Michelle Hodge

By:   _____

Aurora Walker

By:   _____

Hillary Williams

**DEFENDANTS**

By:   _____
Name: _____
Title: _____

For FanDuel Inc. and FanDuel Deposits, LLC

*(signatures continue on following page)*

The signatories below represent and warrant that they are authorized to enter into this Agreement on behalf of the entities below.

Dated: July 8, 2021

**CLASS REPRESENTATIVE PLAINTIFFS**

By: _____
     Leah Boast

By: _____
     Crystal Turner

By: _____
     Rebecca McGuire

By: _____
     Michelle Hodge

By: _____
     Aurora Walker

By: _____
     Hillary Williams

**DEFENDANTS**

By: _____
Name: _Paul Rushton_____
Title: _Chief Financial Officer, FanDuel Group_
     For FanDuel Inc. and FanDuel Deposits, LLC

*(signatures continue on following page)*

The signatories below represent and warrant that they are authorized to enter into this Agreement on behalf of the entities below.

Dated: July 8, 2021

**CLASS REPRESENTATIVE PLAINTIFFS**

By:    _____
       Leah Boast


By:    _____
       Crystal Turner


By:    _____
       Rebecca McGuire


By:    _____
       Michelle Hodge


By:    *Aurora Walker*
       _____
       Aurora Walker


By:    _____
       Hillary Williams


**DEFENDANTS**

By:    _____
Name:  _____
Title: _____
       For FanDuel Inc. and FanDuel Deposits, LLC

*(signatures continue on following page)*

29

# Signature Certificate

Document Ref.: YRFPK-I5DO4-36PGY-YQNOH

Document signed by:



**Aurora Walker**

Verified E-mail:
ww@sc.rr.com

*Aurora Walker*

IP: 18.118.138.234     Date: 11 Jul 2021 15:09:21 UTC

Document completed by all parties on:
11 Jul 2021 15:09:21 UTC
Page 1 of 1



Signed with **PandaDoc.com**

PandaDoc is a document workflow and certified eSignature
solution trusted by 25,000+ companies worldwide.



The signatories below represent and warrant that they are authorized to enter into this Agreement on behalf of the entities below.

Dated: July 8, 2021

## CLASS REPRESENTATIVE PLAINTIFFS

By:  ___*Leah Boast*___
      Leah Boast

By:  _____
      Crystal Turner

By:  _____
      Rebecca McGuire

By:  _____
      Michelle Hodge

By:  _____
      Aurora Walker

By:  _____
      Hillary Williams

## DEFENDANTS

By:  _____
Name:  _____
Title:  _____
      For FanDuel Inc. and FanDuel Deposits, LLC

*(signatures continue on following page)*

29

The signatories below represent and warrant that they are authorized to enter into this Agreement on behalf of the entities below.

Dated: July 8, 2021

**CLASS REPRESENTATIVE PLAINTIFFS**

By: _____
    Leah Boast

By: _____
    Crystal Turner

By: _____
    Rebecca McGuire

By: _____
    Michelle Hodge

By: _____
    Aurora Walker

By: _____
    Hillary Williams

**DEFENDANTS**

By: _____
Name: _____
Title: _____
    For FanDuel Inc. and FanDuel Deposits, LLC

*(signatures continue on following page)*

29

The signatories below represent and warrant that they are authorized to enter into this Agreement on behalf of the entities below.

Dated: July 8, 2021

**CLASS REPRESENTATIVE PLAINTIFFS**

By: _____
     Leah Boast

By: _____
     Crystal Turner

By: _____
     Rebecca McGuire

By: _____
     Michelle Hodge

By: _____
     Aurora Walker

By: _____
     Hillary Williams

**DEFENDANTS**

By: _____
Name: _____
Title: _____
     For FanDuel Inc. and FanDuel Deposits, LLC

*(signatures continue on following page)*

The signatories below represent and warrant that they are authorized to enter into this Agreement on behalf of the entities below.

Dated: July 8, 2021

**CLASS REPRESENTATIVE PLAINTIFFS**

By: _____
Leah Boast

By: _____
Crystal Turner

By: _____
Rebecca McGuire

By: _____
Michelle Hodge

By: _____
Aurora Walker

By: _____
Hillary Williams

**DEFENDANTS**

By: _____
Name: _____
Title: _____
For FanDuel Inc. and FanDuel Deposits, LLC

*(signatures continue on following page)*

The signatories below represent and warrant that they are authorized to enter into this Agreement on behalf of the entities below.

Dated: July 8, 2021

**CLASS REPRESENTATIVE PLAINTIFFS**

By: _____
    Leah Boast

By: _____
    Crystal Turner

By: *Rebecca Mc Guire*
    Rebecca McGuire

By: _____
    Michelle Hodge

By: _____
    Aurora Walker

By: _____
    Hillary Williams

**DEFENDANTS**

By:    _____
Name:  _____
Title: _____
       For FanDuel Inc. and FanDuel Deposits, LLC

*(signatures continue on following page)*

**COUNSEL**

By: _____

Taylor Bartlett

Heninger Garrison Davis LLC

*Attorneys for Family Member Plaintiffs*

By: _____

Nicholas Jackson

ZwillGen PLLC

*Attorneys for Defendants FanDuel Inc. and FanDuel Deposits, LLC*

**<u>COUNSEL</u>**

By:  _____

Taylor Bartlett
Heninger Garrison Davis LLC
*Attorneys for Family Member Plaintiffs*

By:  _____

Nicholas Jackson
ZwillGen PLLC
*Attorneys for Defendants FanDuel Inc. and FanDuel Deposits, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| In re: DAILY FANTASY SPORTS LITIGATION ) | MDL No. 16-02677-GAO |
| ) | |
| This Document Relates to: ) | |
| ) | |
|     All Cases ) | |
| ) | |
| _____ ) | |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, the above-captioned putative class action is pending before this Court;

WHEREAS, the Court has received and reviewed the parties' Stipulation and Settlement Agreement dated July 28, 2021 (the "Settlement Agreement"), entered into by plaintiffs Leah Boast, Crystal Turner, Rebecca McGuire, Michelle Hodge, Aurora Walker, and Hillary Williams, individually and on behalf of the Settlement Class they seek to represent (collectively, "Plaintiffs"), and defendants FanDuel Inc. and FanDuel Deposits, LLC ("FanDuel" or "Defendants"; together with Plaintiffs, the "Parties"), and Plaintiffs' unopposed motion pursuant to Rule 23 of the Federal Rules of Civil Procedure for an Order preliminarily certifying the Settlement Class and preliminarily approving the Settlement and Settlement Agreement, and all supporting papers submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      This Preliminary Approval Order incorporates by reference the definitions in the Settlement Agreement, and all initial capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth below.

2.      The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto and the Settlement contained therein and that

is has personal jurisdiction over Plaintiffs, Defendants (in this Action only and for purposes of this Settlement), and all Settlement Class Members.

3.      The Court preliminarily finds, for purposes of approving this Settlement only, that, pursuant to Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class; (e) Settlement Class Counsel is experienced in class action and complex litigation; and (f) Defendants have acted on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

4.      In light of the above findings, preliminarily and solely for purposes of the Settlement, the Court certifies the following Settlement Class pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure:

> All members of the Georgia Family Member Settlement Class, Kentucky Family Member Settlement Class, New Mexico Family Member Settlement Class, South Carolina Family Member Settlement Class, and Tennessee Family Member Settlement Class in the United States or its territories at any time during the Class Period. Excluded from the class are: (a) all persons who are employees, directors, officers, or agents of FanDuel; (b) government entities; and (c) the Court, the Court's immediate family, and Court staff.
>
> The "Georgia Family Member Settlement Class" consists of all persons in the State of Georgia that are spouses, children, next-of-kin, or dependents of a person in the State of Georgia that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest during the time period starting six months prior to the filing of the original complaint up until four years prior to the filing of the original complaint on November 12, 2015.
>
> The "Kentucky Family Member Settlement Class" consists of all persons in the State of Kentucky that are spouses, children, next-of-kin, or dependents of a person in the State of Kentucky that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest during the time period starting six months from the filing of the original complaint up until

five years prior to the filing of the original complaint on December 15, 2015.

The "New Mexico Family Member Settlement Class" consists of all persons in the State of New Mexico who are spouses, children, heirs, executors, administrators or creditors of those persons in the State of New Mexico that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest during the one year prior to filing of the original complaint on December 14, 2015.

The "South Carolina Family Member Settlement Class" consists of all persons in the State of South Carolina that are spouses, children, or other family members of a person in the State of South Carolina that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest going for the time period starting three months prior to the filing of the original complaint up until one year to the filing of the original complaint on June 30, 2016.

The "Tennessee Family Member Settlement Class" consists of all persons in the State of Tennessee that are spouses, children, or next of kin of a person in the State of Tennessee that participated in FanDuel's DFS contests, deposited money in a FanDuel account, and lost money in any game or contest during the time period starting ninety-one days prior to the filing of the original complaint until one year prior to the filing of the original complaint on December 3, 2015.

5.      The Court's preliminary certification of the Settlement Class is subject to further consideration at the Final Approval Hearing, as set forth below.

6.      The Court preliminarily appoints Plaintiffs as the representatives of the Settlement Class for purposes of the Settlement only.

7.      The Court appoints Taylor C. Bartlett and W. Lewis Garrison, Jr., to serve as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8.      The Court preliminarily approves the proposed Settlement of this Action as embodied in the Parties' Settlement Agreement as fair, reasonable, and adequate and in the best interests of the Settlement Class, subject to further consideration at the Final Approval Hearing. The Court further finds that the Settlement Agreement was entered into at arm's length by experienced counsel after extensive negotiations spanning months.

9.      The foregoing preliminary determinations regarding class certification, class representation, and settlement approval are for settlement purposes only. The Court recognizes and the Parties agree that Defendants retain the right to dispute that any class may be certified in this case should the Settlement not receive Final Approval. In the event that the Settlement does not become Final for any reason, and litigation resumes, these preliminary findings regarding class certification, class representation, and settlement approval shall be of no further force or effect, and this Order will be vacated in its entirety. Further, in the event that the Settlement does not become Final for any reason, and litigation resumes, then all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party thereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner in any subsequent proceeding in this Action or any other action or proceeding in any court or other forum.

10.      The Final Approval Hearing is scheduled for _____, 2021, at _____ (at least 100 days after the entry of this Preliminary Approval Order), at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, or as this Court otherwise directs, to determine whether the proposed Settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate and should be finally approved by the Court.

11.      Defendants shall notify the appropriate state and federal officials of the Parties' Settlement Agreement as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") within the time period required thereunder, and to do so exclusively at its own expense. No later than seven (7) days before the Final Approval Hearing, Defendants will file a certification with the Court stating the date or dates on which CAFA Notice was sent.

12.     The Court finds that further notice of the Settlement to the Settlement Class is not necessary to comport with due process or the Federal Rules of Civil Procedure. By this Order, the Court preliminarily certifies for settlement purposes the Settlement Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure, and therefore no notice or opt-out rights apply. Further, upon issuance of an Order and Final Judgment following the Final Approval Hearing, the Settlement Class will release only claims for injunctive, other equitable, and declaratory relief; Settlement Class Members, other than Plaintiffs, will not be releasing claims for actual damages. In light of the foregoing, and given that CAFA Notice will have been timely provided, the Court will not require that discretionary notice be provided to Settlement Class Members, as is permitted under Rules 23(c)(2)(A) and 23(e)(1)(B) of the Federal Rules of Civil Procedure.

13.     No Settlement Class Member may opt-out of this Settlement. Any Settlement Class Member may object to or comment upon the Settlement if they wish to speak or show good cause why the Settlement should not be approved as fair, reasonable, and adequate. Any such objection or comment must be in a writing sent to the Clerk of Court, with a copy served on Settlement Class Counsel, Heninger Garrison Davis, LLC, Attn.: Taylor C. Bartlett, 2224 1st Avenue North, Birmingham, Alabama 35203; and Defense Counsel, ZwillGen PLLC, Attn: Nicholas A. Jackson, 1900 M Street NW, Suite 250, Washington, DC 20036, that is postmarked no later than twenty-eight (28) days before the Final Approval Hearing date, and which contains the following:

(a)     The name and case number of this lawsuit, *In re: Daily Fantasy Sports Litigation*, Case No. 16-02677-GAO (D. Mass.);

(b)     The full name, business name (if different), address, telephone number, and email address of the Settlement Class Member;

(c)     Proof of membership in the Settlement Class;

(d)      If objecting, whether Settlement Class Member's objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;

(e)      A written statement of all grounds for the comment or objection, accompanied by any legal or factual support for the comment or objection (if any);

(f)      Copies of any papers, briefs, or other documents upon which the comment or objection is based;

(g)      A description of any and all evidence the objecting person may offer at the Final Approval Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses and all exhibits intended to be introduced at the hearing;

(h)      A statement as to whether the Settlement Class Member, or any attorney or other representative on the Settlement Class Member's behalf, will appear at the Final Approval Hearing, and if so the name and contact information of any and all attorneys representing, advising, or assisting the Settlement Class Member, including any counsel who may be entitled to compensation for any reason related to the objection or comment;

(i)      A list, by case name, court, and docket number, of all other cases in which the Settlement Class Member and/or their attorney has objected to or commented on in the last five years; and

(j)      The Settlement Class Member's signature and (if applicable) the signature of the Settlement Class Member's duly authorized attorney or other representative.

14.      Any objection to the Settlement or motion to intervene submitted by a Settlement Class Member must be signed by the Settlement Class Member (and if applicable his, her, or its legally authorized representative), even if the Settlement Class Member is represented by counsel. The right to object to the proposed Settlement or to intervene must be exercised individually by

the Settlement Class Member and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by the Settlement Class Member's legally authorized representative. Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of the Court.

15.     No Settlement Class Member will be entitled to be heard at the Final Approval Hearing (whether individually, by representative, or through separate counsel), unless their timely objection or comment states their intention to appear at the Final Approval Hearing. Any Settlement Class Member who does not make his or her objection or comment in the manner provided in this Order shall be deemed to have waived such objection or comment; shall be forever foreclosed and barred from making any objection or comment or seeking to intervene with regard to any aspect of the Settlement, Settlement Agreement, this Preliminary Approval Order, or any forthcoming Final Approval Order, whether in this or any other action or proceeding related to or arising out of the Settlement; and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. Any challenge to the Settlement Agreement, the Final Approval Order approving this Settlement Agreement, or the Final Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

16.     All objectors and commenters shall make themselves available to be deposed by any Party in the District of Massachusetts or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

17.     Any lawyer representing or assisting an objecting Settlement Class Member must, no later than twenty-eight (28) days before the Final Approval Hearing: (a) file a notice of appearance with the Court; (b) file a sworn declaration attesting to representation of each

Settlement Class Member on whose behalf the lawyer has acted or will be acting; and (c) comply (and ensure their client's compliance) with each of the applicable requirements in this Order.

18.     Pending the Final Approval Hearing, all proceedings in the Action between the Plaintiffs participating in the Settlement and FanDuel, other than proceedings necessary to carry out and enforce the terms and conditions of the Settlement, Settlement Agreement, and this Preliminary Approval Order, are hereby stayed and suspended until further order of this Court.

19.     Settlement Class Members and all other persons pursuing claims on behalf of any such person or entity (including by pursuing a class action, by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) are hereby preliminarily enjoined from, directly or indirectly, filing, commencing, prosecuting, intervening in, participating in, maintaining, or otherwise receiving any benefits from any lawsuit, arbitration, government action, administrative or regulatory proceeding, or order in any jurisdiction, forum, or tribunal asserting claims or seeking relief relating in any way to the Class Released Claims. Nothing in this paragraph shall require any person or entity to take any affirmative action with regard to other pending class action litigation in which it may be an absent class member.

20.     The Court's preliminary certification of the Settlement Class, appointment of Plaintiffs as class representatives for settlement purposes, and findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any other motion to certify any class in the Action or any other action, or appoint class representatives, and no person may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

21.     Unless otherwise specified, the word "days," as used herein, means calendar days.

In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

22.   In accord with the above, the Court approves the following deadlines:

| Event | Time for Compliance |
|---|---|
| Deadline for Defendant to serve CAFA Notice | No later than 10 days after filing of the motion for Preliminary Approval |
| Deadline for Settlement Class Members to mail written objections and comments regarding the Settlement | 28 days prior to the Final Approval Hearing |
| Deadline for counsel to any objecting Settlement Class Member(s) to appear and attest to representation | 28 days prior to the Final Approval Hearing |
| Deadline for Plaintiffs to file a Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees and Plaintiff Service Awards | 21 days prior to the Final Approval Hearing |
| Deadline for the Parties to file reply papers in further support of the Settlement and/or in response to any written objections | 10 days prior to the Final Approval Hearing |
| Deadline for Defendant to file its certification of CAFA Notice compliance | 7 days prior to the Final Approval Hearing |
| Final Approval Hearing (at least 100 days after filing of the motion for Preliminary Approval, scheduled at the Court's convenience) | _____, 2021, at _____ _.m., at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Suite 2300, Boston, Massachusetts 02210, or as this Court otherwise directs |

Upon application of the Parties and good cause shown, the deadlines set forth in this Preliminary Approval Order may be extended by order of the Court, without further notice to the Settlement Class, except that any such change shall be noted on the Court's docket.

IT IS SO ORDERED:

DATED: _____        _____

Hon. George A O'Toole, Jr.
United States District Court Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| _____ | ) | |
| In re: DAILY FANTASY SPORTS LITIGATION | ) | MDL No. 16-02677-GAO |
| | ) | |
| This Document Relates to: | ) | JURY TRIAL DEMANDED |
| | ) | |
| All Cases | ) | |
| | ) | |
| _____ | ) | |

## [PROPOSED] FINAL APPROVAL ORDER AND ENTRY OF JUDGMENT

This matter came for hearing on _____, 2021 ("Final Approval Hearing"), to determine whether the terms and conditions of the parties' Stipulation and Settlement Agreement dated July 28, 2021 ("Settlement Agreement") entered into by plaintiffs Leah Boast, Crystal Turner, Rebecca McGuire, Michelle Hodge, Aurora Walker, and Hillary Williams, individually and on behalf of the proposed Settlement Class (collectively, "Plaintiffs"), and defendants FanDuel Inc. and FanDuel Deposits, LLC ("FanDuel" or "Defendants"; together with Plaintiffs, the "Parties"), and the Settlement embodied therein, are fair, reasonable, and adequate, and whether final approval should be granted. All due and adequate notice having been given, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Approval Order and Entry of Judgment ("Order" or "Order and Final Judgment") incorporates by reference the definitions in the Settlement Agreement, and all initial capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth below.

2.      This Court has subject matter jurisdiction over the Action to approve the Settlement

Agreement under 28 U.S.C. § 1332(d)(2), and personal jurisdiction Plaintiffs, Defendants (in this Action only and for purposes of this Settlement), and all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by entering the Preliminary Approval Order dated _____, 2021 (Dkt. No. _____) ("Preliminary Approval Order").

4. The Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel will fairly and adequately protect the interest of the Settlement Class; and (e) Defendant has acted on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

5. In light of the above findings and solely for purposes of the Settlement, the Court hereby finally certifies the Settlement Class as defined in the Preliminary Approval Order pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes of the Settlement.

6. The Court appoints, solely for purposes of the Settlement, Plaintiffs Leah Boast, Crystal Turner, Rebecca McGuire, Michelle Hodge, Aurora Walker, and Hillary Williams as the representatives of the Settlement Class.

7. The Court appoints, solely for purposes of the Settlement, Taylor C. Bartlett and W. Lewis Garrison, Jr., to serve as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court approves the Settlement as set forth in the Settlement Agreement and finds that:

(a)     the Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class;

(b)     there was no collusion in connection with the Settlement;

(c)     the Settlement was the product of informed, extensive arm's-length negotiations between competent, able counsel spanning months; and

(d)     the Parties have adequately evaluated and considered their positions in this Action.

9.     Accordingly, the Court authorizes and directs implementation and performance of all terms of the Settlement Agreement and this Order. The claims in this Action are dismissed on the merits and with prejudice pursuant to the terms set forth in the Parties' Settlement Agreement and in this Order. The Parties are to bear their own costs except as and to the extent provided in the Settlement Agreement and this Order.

10.     Defendant has stipulated, and is hereby ordered, to implement the following changed practices within ninety (90) days after Final Approval and for a period of no less than four years:

(a)     FanDuel shall agree to accept for processing third-party exclusion requests from spouses of players, upon adequate proof of a spousal relationship—without requiring additional proof that the requestor is jointly obligated on the payment method, or that the player has unmet financial or child support obligations.

(b)     In processing these requests, FanDuel retains the discretion to determine whether a period of exclusion or deposit limits are appropriate under the facts and

circumstances provided.

(c)     Details about this change in third-party exclusion practices will be published      on      FanDuel's      Responsible      Gaming      page      at https://www.fanduel.com/responsible-play.

11.     To the extent FanDuel has not already paid the full amount of the *cy pres* charitable donation of $375,000 to national Responsible Gaming organization(s) per the terms of the Settlement, FanDuel shall complete such payment in full within twelve (12) months of the issuance of this Order.

12.     Upon the Effective Date, and in exchange for the benefits under the Settlement, Plaintiffs, on behalf of the Individual Release Parties, fully and forever releases and discharges the Released Parties from, and covenants not to sue any Released Parties for, the Individual Released Claims; and Settlement Class Members, on behalf of the Class Release Parties, fully and forever release and discharge the Released Parties from, and covenant not to sue any Released Parties for, the Class Released Claims. Any person who knowingly violates the foregoing releases and covenants shall pay the attorneys' fees and costs incurred by Defendants and/or any other Released Party as a result of the violation.

13.     By the Settlement Agreement and this Order, in connection with and as part of the Released Claims, Plaintiffs and Settlement Class Members have or are deemed to have expressly acknowledged that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Notwithstanding California or other law, Plaintiffs and Settlement Class Members expressly acknowledge and agree (or are deemed to acknowledge and agree by operation of law) that, in connection with and as part of the Released Claims, the provisions, rights, and benefits of Section 1542 and all similar federal, state, or local laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released, and relinquished to the fullest extent permitted by law in connection with the Released Claims and any unknown claims that are substantially similar to or overlap with the Released Claims; that the foregoing is an essential term of the releases provided herein; that they may discover claims presently unknown or unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein; and that such claims, to the extent that they are substantially similar to or overlap with the Released Claims, are hereby released, relinquished, and discharged.

14.     This Court finds that Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and that more than ninety (90) days have elapsed since Defendants provided such notice.

15.     The Court reaffirms its finding that no notice of the Settlement needed to be provided to the Settlement Class to comport with due process or the Federal Rules of Civil Procedure. By this Order, the Court certifies for settlement purposes the Settlement Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure, and therefore no notice or opt-out rights apply. Further, upon issuance of this Order, the Settlement Class Members, other than Plaintiffs, release only claims for injunctive, other equitable, and declaratory relief; Settlement Class Members, other than Plaintiffs, are not releasing claims for actual damages by this Order. In light

of the foregoing, and given that CAFA Notice was timely provided, the Court finds that discretionary notice to the Settlement Class Members was not necessary, and it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment.

16.     Settlement Class Members and all other persons pursuing claims on behalf of any such person or entity (including by pursuing a class action, by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) are hereby permanently enjoined from, directly or indirectly, filing, commencing, prosecuting, intervening in, participating in, maintaining, or otherwise receiving any benefits from any lawsuit, arbitration, government action, administrative or regulatory proceeding, or order in any jurisdiction, forum, or tribunal asserting claims or seeking relief relating in any way to the Released Claims. Nothing in this paragraph shall require any person or entity to take any affirmative action with regard to other pending class action litigation in which it may be an absent class member.

17.     The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings against Defendants involving the Released Claims, and shall also be binding on their respective successors and assigns, regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or the Settlement.

18.     Any of the Parties may file the Settlement Agreement and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, or any theory of claim preclusion, issue preclusion, or similar

defense or counterclaim.

19.     Neither the Settlement, the Settlement Agreement (whether or not it shall become Final), any discussions and documents exchanged among the Parties and their respective counsel in connection with negotiating the Settlement, the Preliminary Approval Order, this Order, nor any act performed, document executed, or paper filed pursuant to or in furtherance of the Settlement or the Settlement Agreement:

    (a)     shall be offered or received against any of the Released Parties as evidence of, or be deemed to be evidence of, any adjudication, presumption, concession, or admission by any of the Parties with respect to the truth of any fact alleged by any of the Parties or the validity, or lack thereof, of any claim or counterclaim, or the existence of any class, that has been or could have been asserted in the Action or in any other litigation against Defendants, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation against Defendants, or of any liability, negligence, fault, or wrongdoing of any of the Released Parties;

    (b)     shall be offered or received against the Released Parties as evidence of, or deemed to be evidence of, any adjudication, presumption, concession, or admission of any act, liability, fault, wrongdoing, misrepresentation, or omission with respect to any conduct, practice, statement, or written document approved, undertaken, implemented, or made by any of the Released Parties, or against any of the Released Parties as evidence of any claim or defense asserted or may have been asserted in the Action;

    (c)     shall be offered or received against any of the Released Parties as evidence of, or deemed to be evidence of, any adjudication, presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for

any other reason as against any of the Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that the Released Parties may refer to the Settlement Agreement and Settlement to effectuate the liability protection granted them hereunder; or

(d)     shall be construed against any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

20.     Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over all matters relating to the interpretation, administration, implementation, and enforcement of the Settlement and Settlement Agreement.

21.     The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settlement Class Members.

22.     Except as otherwise provided in the Settlement Agreement, in the event the Settlement or the Settlement Agreement is terminated or if the Effective Date fails to occur for any reason: the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of the date of execution of the Settlement Agreement; this Order will be vacated in its entirety; and except as otherwise expressly provided, the Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered and without any prejudice in any way from the negotiation, fact, or terms of the Settlement, none of which shall be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be

used in any manner in any subsequent proceeding in this Action or any other action or proceeding in any court or other forum.

23.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.


IT IS SO ORDERED:

DATED: _____          _____
                                    Hon. George A O'Toole, Jr.
                                    United States District Court Judge