**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____ )
                                          )
In re: DAILY FANTASY SPORTS LITIGATION )          MDL No. 16-02677-GAO
                                          )
This Document Relates to:                 )
                                          )
     All Cases                            )
                                          )
_____ )

**CLASS REPRESENTATIVE PLAINTIFFS' MEMORANDUM IN**
**SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF**
**<u>PROPOSED SETTLEMENT</u>**

# TABLE OF CONTENTS

INTRODUCTION .......................................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 2

   I.   PROCEDURAL HISTORY OF THE ACTION ............................................................ 2

   II.  SETTLEMENT OF THE ACTION ............................................................................ 3

       A.  Settlement Negotiations ...................................................................... 3

       B.  The Material Terms of the Proposed Settlement ............................. 4

ARGUMENT ................................................................................................................ 9

   I.   THE LEGAL STANDARDS FOR PRELIMINARY APPROVAL OF A CLASS  ACTION
       SETTLEMENT ARE SATISFIED. ........................................................................... 9

       A.  Legal Standards For Preliminary Approval Of A Class Action Settlement. ....... 9

       B.  The Settlement Is Fair, Reasonable, And Adequate .................................... 11

   II.  THE COURT SHOULD CONDITIONALLY CERTIFY THE CLASS FOR PURPOSES OF
       SETTLEMENT. ................................................................................................... 15

       A.  The Requirements Of Rule 23(a) Are Satisfied. ...................................... 15

       B.  The Requirements of Rule 23(b) Are Satisfied. ...................................... 18

   III. THE PROPOSED CLASS REPRESENTATIVE PLAINTIFFS SHOULD BE PRELIMINARILY
       APPOINTED AS CLASS REPRESENTATIVES AND PLAINTIFFS' COUNSEL SHOULD BE
       PRELIMINARILY APPOINTED AS CLASS COUNSEL ........................................... 19

   IV. NOTICE TO THE FAMILY MEMBER SETTLEMENT CLASSES ............................... 19

   V.  A FINAL APPROVAL HEARING SHOULD BE SCHEDULED. ................................. 20

CONCLUSION ............................................................................................................ 20

# TABLE OF AUTHORITIES

## **Cases**

*Andrews v. Bechtel Power Corp.*, 780 F.2d 124 (1st Cir. 1985) .................................................. 17

*Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324 (D. Mass.), aff'd, 809 F.3d 78 (1st Cir. 2015) ....................................................................................................... …………….9, 10, 11

*Brown v. Am. Honda (In re: New Motor Vehicles Canadian Exp. Antitrust Litig.),* 522 F.3d 6 (1st Cir. 2008) ......................................................................................................... 16

*Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59 (D. Mass. 1999) ............................................. 9

*City P'ship Co. v. Atl. Acquisition Ltd. P'ship,* 100 F.3d 1041 (1st Cir. 1996)............................ 11

*Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ............................................................. 11

*Donovan v. Philip Morris USA, Inc.,* 268 F.R.D. 1 (D. Mass. 2010) ........................................... 18

*England Carpenters Health Benefits Fund v. First Databank, Inc.,* 602 F. Supp. 2d 277 (D. Mass. 2009).......................................................................................................... 9

*Griffin v. Burns*, 570 F.2d 1065 (1st Cir. 1978)......................................................................... 18

*Gulbankian v. MW Mfrs., Inc.*, 2014 WL 7384075 (D. Mass. 2014) .......................................... 11

In *re: Evergreen Ultra Short Opportunities Sec. Litig.,* 275 F.R.D. 382 (D. Mass. 2011) .......... 17

*In re: Initial Pub. Offering Sec. Litig.* ("*In re: IPO*"), 471 F.3d 24 (2d Cir. 2006).................... 18

*In re: New Motor Vehicles Canadian Export*, 2006 WL 623591 (D. Me. Mar. 10, 2006) .......... 18

*In re: Pharm. Indus. Average Wholesale Price Litig.,* 588 F.3d 24 (1st Cir. 2009).................... 10

*In re: TelexFree Sec. Litig.*, __ F. Supp. 3d __, No. 4:14-MD-2566-TSH, 2020 WL 4340966 (D. Mass. July 28, 2020) ................................................................................................ 10

*In re: Volkswagen & Audi Warranty Extension Litig.*, 273 F.R.D. 349 (D. Mass. 2011) ............ 17

*In re: Wireless Facilities*, 253 F.R.D. 607 (S.D. Cal. 2008)........................................................ 15

*Kenneth R. v. Hassan*, 293 F.R.D. 254 (D. N.H. 2013)................................................................ 19

*Lannan v. Levy & White*, 186 F. Supp. 3d 77 (D. Mass. 2016) .................................................. 17

*Mogel v. UNUM Life Ins. Co. of Am.*, 646 F. Supp. 2d 177 (D. Mass. 2009) .............................. 19

*Nat'l Ass'n of Chain Drug Stores v. New Engl. Carpenters Health Benefits Fund,* 582 F.3d 30 (1st Cir. 2009) ................................................................................................................ 10

*New England Carpenters Health Benefits Fund v. First Databank, Inc.,* 602 F. Supp. 2d 277 (D. Mass. 2009)…………………………………………………………………………*9*

*Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21 (D. Mass. 2003)..................................... 16

*Rolland v. Cellucci*, 191 F.R.D. 3 (D. Mass. 2000)..................................................................... 12

*Smilow v. Southwestern Bell Mobile Sys., Inc.*, 323 F.3d 32 (1st Cir. 2003)............................... 18

*Stewart v. Abraham*, 275 F.R.D. 220 (3d Cir. 2001).................................................................. 15

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ............................................................. 16, 19

**<u>Rules</u>**

Fed. R. Civ. P. 23(a) ......................................................................................... 15, 17

Fed. R. Civ. P. 23(b)(2)..................................................................................... 18, 19

Fed. R. Civ. P. 23(c) ........................................................................................ 18, 19

Fed. R. Civ. P. 23(e) .................................................................................... 9, 10, 19

**<u>Treatises</u>**

4 Herbert B. Newberg, *Newberg on Class Actions* § 11.25 et seq. ............................................. 11

4 Herbert B. Newberg, *Newberg on Class Actions* § 13.64........................................................ 11

*Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004) § 21.632 ......................... 11

## INTRODUCTION

The Class Representative Plaintiffs Leah Boast, Crystal Turner, Rebecca McGuire, Michelle Hodge, Aurora Walker, and Hillary Williams, individually and on behalf of a proposed Family Member Settlement Class (the "Class Representative Plaintiffs"), acting individually and in their capacity as proposed class representatives for the proposed Family Member Settlement Class[1], and having entered into a Stipulation and Settlement Agreement, dated January 7, 2022 (the "Settlement Agreement") with Defendant DraftKings Inc. ("DraftKings" or "Defendant"), submit this memorandum in support of their Motion for Preliminary Approval of Proposed Settlement, which DraftKings does not oppose. The settlement is a result of prolonged and substantive settlement discussions between the Class Representative Plaintiffs and DraftKings (together, the "Parties"). The settlement provides significant injunctive relief by effectuating changes to DraftKing's process for allowing family members or next-of-kin of certain DraftKings contestants to request the setting of deposit or loss limits and also provides substantial and meaningful charitable contributions to a national responsible gaming organization.

While the Class Representative Plaintiffs are confident of a favorable determination on the merits, they have determined that the settlement provides significant benefits to the Family Member Settlement Class Members and is in the best interests of the Family Member Settlement Class. The Class Representative Plaintiffs also believe that the settlement is appropriate given the expense and amount of time required to continue to pursue the litigation, as well as the uncertainty, risk, and difficulties of proof inherent in such claims.

Similarly, DraftKings denies all allegations of wrongdoing, liability, or damages and believes that it has substantial and meritorious defenses to the claims in this Action, but has

---

[1] Any term with initial capitalization not defined herein shall be defined according to the Settlement Agreement.

determined that it is desirable to settle the litigation on the terms set forth in the Settlement Agreement in order to avoid the expense, inconvenience, and inherent risk of litigation, as well as interference and disruption of its business operations.

The Class Representative Plaintiffs believe that the settlement satisfies all criteria for preliminary approval and therefore moves this Court for an order preliminarily approving the settlement, provisionally certifying the Family Member Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) for settlement purposes, appointing Class Representative Plaintiffs and Class Counsel, and scheduling a Final Approval Hearing.

## STATEMENT OF FACTS

### I.   PROCEDURAL HISTORY OF THE ACTION

In late 2015, the Class Representative Plaintiffs filed class actions in states around the country alleging DraftKings had violated their respective states' gambling statutes.  *Hodge v. DraftKings*, Case No. 1:15-cv-03951, Dkt. No. 1 and 3 (N.D. Ga.); *Boast v. DraftKings*, Case No. 1:15-cv-01129 (D. N.M.); *Turner v. DraftKings*, Case No. 1:15-cv-00154 (D. Ky.), *Williams, et al., v. DraftKings*, Case No. 1:15-cv-00153 (D. Ky.).

On February 4, 2016, the Judicial Panel on Multidistrict Litigation ("JPML") created *In re Daily Fantasy Sports Litigation*, MDL 2677 (the "Action"), which consolidated a number of related cases separately filed against, among other Defendants, the nation's two largest operators of online daily fantasy sports ("DFS") contests. ECF No. 1. The JPML transferred the related DFS cases to the District of Massachusetts and appointed the Honorable George A. O'Toole to oversee the Action. *Id*.

On June 30, 2016, after these cases were consolidated into the *In re: Daily Fantasy Sports Litigation*, MDL No. 16-02677-GAO, the plaintiffs in the Action (including Class Representative

Plaintiffs entering into this Agreement) filed a Consolidated Consumer Class Action Complaint And Jury Demand (the "Class Action Complaint").  Dkt. No. 227.

In the Class Action Complaint, Aurora Walker was added as a putative class representative for South Carolina DFS Family Members. Dkt. No. 227, ¶¶ 63, 73, 80, 85.  On September 2, 2016, Plaintiffs filed their First Amended Master Class Action Complaint and Jury Demand. Dkt. No. 269 (the "First Amended Class Action Complaint").

The Court held a Status Conference on January 8, 2020, where it set deadlines for the Defendants to file any motions to dismiss the First Amended Class Action Complaint.  *See* Dkt. No. 412.  On March 9, 2020, Defendants FanDuel and DraftKings filed a Joint Motion to Dismiss the Complaint and Memorandum in Support ("Motion to Dismiss"), seeking dismissal of the Class Representative Plaintiffs' claims. *See* Dkt. No. 417.  On April 20, 2020, the Class Representative Plaintiffs filed an Opposition to Defendants' Joint Motion to Dismiss the Complaint and Memorandum of Reasons In Support.  *See* Dkt. No. 424.  On May 11, 2020, Defendants FanDuel and DraftKings filed a reply in support of their Motion to Dismiss.  *See* Dkt. No. 428.

On April 29, 2020, the Class Representative Plaintiffs filed a Motion for Leave to File a Second Amended Master Class Complaint ("Motion for Leave").  *See* Dkt. No. 427.  On May 13, 2020, Defendants FanDuel and DraftKings filed an Opposition to the Motion for Leave.  *See* Dkt. No. 430.  To date, neither DraftKings's Motion to Dismiss nor Class Representative Plaintiffs' Motion for Leave has been ruled upon.

## II.  SETTLEMENT OF THE ACTION

### A.  Settlement Negotiations.

In or around April 2021, the Parties began settlement discussions focused on resolving the Class Representative Plaintiffs' claims.  Over the course of several months, the Parties continued their discussions, by and through counsel, and on October 22, 2021, reached an agreement-in-

principle to settle the Action, subject to the satisfaction of certain conditions, including the negotiation of a definitive settlement agreement and the approval of the settlement by the Court in accordance with Rule 23 of the Federal Rules of Civil Procedure.  In mid-January 2022, the Parties agreed to the Settlement Agreement. (*See* Exh. 2 to Taylor C. Bartlett's Declaration).

Prior to agreeing to the settlement, Family Member Settlement Class Counsel analyzed and evaluated the merits of the claim and defenses in the Action and the terms and benefits of the proposed settlement for the putative Family Member Settlement Class. Class Representative Plaintiffs and Family Member Settlement Class Counsel, after considering the risks and costs of further litigation, are satisfied that the terms and conditions of the settlement are fair, reasonable, and adequate, and that the settlement is in the best interest of the Family Member Settlement Class as a whole.  The Settlement Agreement is the product of arm's-length negotiations between experienced and informed attorneys and is a strong result for the Family Member Settlement Class, assuring meaningful injunctive and charitable relief , and avoiding significant uncertainties, risks (*e.g.*, appellate risks), and extended delays of continuing to litigate this Action.

**B.**   **The Material Terms of the Proposed Settlement**

1. Family Member Settlement Class

The Family Member Settlement Class is comprised of the District of Columbia Family Member Settlement Class, Georgia Family Member Settlement Class, Illinois Family Member Settlement Class, Indiana Family Member Settlement Class, Kentucky Family Member Settlement Class, Massachusetts Family Member Settlement Class,  New Jersey Family Member Settlement Class, New Mexico Family Member Settlement Class, Ohio Family Member Settlement Class, South Carolina Family Member Settlement Class, South Dakota Family Member Settlement Class, and Tennessee Family Member Settlement Class. (as each of those terms is defined below and in the Settlement Agreement). Excluded from the class are: (a) all persons who are employees,

directors, officers, or agents of DraftKings; (b) government entities; (c) the Court, the Court's immediate family, and Court staff; and (d) the attorneys representing the Parties in the Action.:

(a) "District of Columbia Family Member Settlement Class" means all persons in the District of Columbia who are authorized by District of Columbia law, including D.C. CODE ANN. § 16-1702 and/or related statutes, to bring claims on behalf of a family member or next-of-kin who is or was a DFS Participant.

(b) "Georgia Family Member Settlement Class" means all persons in the State of Georgia who are authorized by Georgia state law, including OFFICIAL CODE. GA. ANN. § 13-8-3 and/or related statutes, to bring claims on behalf of a family member or next-of-kin who is or was a DFS Participant.

(c) "Illinois Family Member Settlement Class" means all persons in the State of Illinois who are authorized by Illinois state law, including 720 ILL. COMP. STAT. ANN. 5/28-8 and/or related statutes, to bring claims on behalf of a family member or next-of-kin who is or was a DFS Participant.

(d) "Indiana Family Member Settlement Class" means all persons in the State of Indiana who are authorized by Indiana state law, including IND. CODE ANN. § 34-16-1-4 and/or related statutes, to recover for claims brought on behalf of a family member or next-of-kin who is or was a DFS Participant.

(e) "Kentucky Family Member Settlement Class" means all persons in the State of Kentucky who are authorized by Kentucky state law, including KY. REV. STAT. § 372.010 to § 372.040 and/or related statutes, to bring claims on behalf of a family member or next-of-kin who is or was a DFS Participant.

(f) "Massachusetts Family Member Settlement Class" means all persons in the State of Massachusetts who are authorized by Massachusetts state law, including MASS. GEN. LAWS ANN. CH. 137, § 1 and/or related statutes, to bring claims on behalf of a family member or next-of-kin who is or was a DFS Participant.

(g) "New Jersey Family Member Settlement Class" means all persons in the State of New Jersey who are authorized by New Jersey state law, including N.J. STAT. ANN. § 2A:40-6 and/or related statutes, to bring claims on behalf of a family member or next-of-kin who is or was a DFS Participant.

(h) "New Mexico Family Member Settlement Class" means all persons in the State of New Mexico who are authorized by New Mexico state law, including NEW MEXICO STAT. ANN. § 44-5-l to § 44-5-3 and/or related statutes, to bring claims on behalf of a family member or next-of-kin who is or was a DFS Participant.

(i) "Ohio Family Member Settlement Class" means all persons in the State of Ohio who are authorized by Ohio state law, including OHIO REV. CODE ANN. § 3763.04 and/or related statutes, to bring claims on behalf of a family member or next-of-kin who is or was a DFS Participant.

(j) "South Carolina Family Member Settlement Class" means all persons in the State of South Carolina who are authorized by South Carolina state law, including S.C. CODE ANN. § 32-1-10 to § 32-1-20 and/or related statutes, to bring claims on behalf of a family member or next-of-kin who is or was a DFS Participant.

(k) "South Dakota Family Member Settlement Class" means all persons in the State of South Dakota who are authorized by South Dakota state law, including S.D.

CODIFIED LAWS §§ 21-6-1, 21-6-2, and/or related statutes, to recover for claims brought on behalf of a family member or next-of-kin who is or was a DFS Participant.

(l) "Tennessee Family Member Settlement Class" means all persons in the State of Tennessee who are authorized by Tennessee state law, including TENN. CODE ANN. § 28-3-106, § 29-19-l04 to § 29-19-l05, and/or related statutes, to bring claims on behalf of a family member or next-of-kin who is or was a DFS Participant.

2. Settlement Relief

a. *Injunctive Relief*

Under the proposed Settlement Agreement, DraftKings will be required to adopt and maintain the process specified below for a period of not less than two years from the Effective Date:

> DraftKings shall adopt and maintain a process for allowing individuals who are authorized by statute in the state of their residence to request that any family member or next-of-kin who participated in a DraftKings DFS contest, deposited money into a DraftKings DFS account, and lost money in any DraftKings DFS contest (the "Family Member DFS Contestant") be excluded from DraftKings' site or request the setting of deposit or loss limits for that DFS contestant (the "Requestor").  In order to process such requests, DraftKings will require one or more of the following from the Requestor: (1) documentary evidence of sole or joint financial responsibility for the source of any funds deposited with DraftKings for gameplay by the Family Member DFS Contestant; (2) proof that the Requestor is jointly obligated on the credit or debit card associated with the Family Member DFS Contestant's account; (3) proof of legal dependency of the Family Member DFS Contestant on the Requestor under state or federal law; (4) proof of the existence of a court order that makes the Requestor wholly or partially obligated for the debts of the Family Member DFS Contestant; or (5) proof of the existence of a court order requiring the Family Member DFS Contestant to pay unmet child support obligations.   DraftKings may also request additional identifiable verification documentation validating the relationship between the Requestor and the Family Member DFS Contestant.  These procedures for honoring individual requests shall be published on DraftKings' Responsible Gaming page on its website.

### b.  Cy Pres Charitable Contribution

DraftKings agrees to make *cy pres* charitable donations for support, research, training, education, or membership to national responsible gaming organization(s), subject to Class Counsel's approval, which will not be unreasonably withheld, conditioned, or delayed, in the total aggregate amount of $325,000.  DraftKings shall make the full amount of such donations within eighteen (18) months after the Effective Date.

### c.  Service Award to the Proposed Class Representative Plaintiffs

Subject to Court approval, DraftKings has agreed that each Class Representative Plaintiff may apply to the Court for a service award not to exceed $1,250.00 for their participation as a Class Representative Plaintiff, for taking on the risks of litigation, and for settlement of their individual claims as plaintiffs in this Action (the "Class Representative Plaintiffs Service Awards").  DraftKings will not oppose a request for these Class Representative Plaintiffs Service Awards provided that each such request does not exceed $1,250.00.

3.  Release of Claims

In exchange for the foregoing injunctive relief, and for other good and valuable consideration, Class Representative Plaintiffs, on behalf of themselves and the Family Member Settlement Class, agree to:

The release of any and all manner of actions, causes of actions, claims, compensations, controversies, costs, damages, debts, demands, expenses, liens, liabilities, losses, rights, or suits, including claims or suits for contribution or indemnity of every kind and nature or description whatsoever, whether foreseen or unforeseen, developed, fixed or contingent, direct or indirect, liquidated, unliquidated, at law, in equity, or otherwise arising at any time prior to the Agreement Date, (i) that were or could have been asserted by the Family Member Plaintiffs in the MDL Actions, the Class Action Complaint, or the First Amended Class Action Complaint and/or (ii) in

connection with, arising out of, or in any way relating to the facts, circumstances, transactions, events, occurrences, acts, disclosure statements, submissions or failures to act as alleged in the MDL Actions, the Class Action Complaint, or First Amended Class Action Complaint.

The release shall be effective against DraftKings Inc., a Delaware corporation, and any of its past, present, and future partnerships, joint ventures, unincorporated entities, subsidiaries, divisions, affiliates, and persons and entities directly or indirectly under their control in the past, present, or future; any of the assignors, predecessors, successors, and assigns of any and all of the foregoing persons and entities; and the past, present, and future owners, operators, shareholders, investors, members, partners, officers, directors, agents, employees, contractors, subcontractors, suppliers, vendors, representatives, fiduciaries, insurers, attorneys, accountants, legal representatives, parents, subsidiaries, affiliates, beneficiaries, heirs, and the estates of any and all of the foregoing persons and entities.

## ARGUMENT

### I.   THE LEGAL STANDARDS FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT ARE SATISFIED.

#### A.   Legal Standards For Preliminary Approval Of A Class Action Settlement.

Court approval is required for settlement and dismissal of a class action. Fed. R. Civ. P. 23(e). Prior to final approval, the Court must find that a settlement that will bind all class members is "fair, reasonable, and adequate." *Id.* The First Circuit has not established a fixed test for evaluating the fairness of a settlement. *New England Carpenters Health Benefits Fund v. First Databank, Inc.*, 602 F. Supp. 2d 277, 280 (D. Mass. 2009). "There is no single litmus test for a settlement's approval; it is instead examined as a gestalt to determine its reasonableness in light of the uncertainty of litigation." *See Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 72 (D. Mass. 1999).

There are numerous specific factors that courts may look to when evaluating whether a settlement satisfies Rule 23(e). Most of these factors are "intuitively obvious and dependent largely on variables that are hard to quantify." *Nat'l Ass'n of Chain Drug Stores v. New Engl. Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009). In the end, they all concern the "question of the reasonableness of the settlement in light of the uncertainties of litigation." *Bezdek v. Vibram USA Inc.*, 79 F. Supp. 3d 324, 343 (D. Mass.), aff'd, 809 F.3d 78 (1st Cir. 2015). The court "enjoys considerable range in approving or disapproving a class settlement, given the generality of the standard and the need to balance [a settlement's] benefits and costs." *In re: Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 33 (1st Cir. 2009) (quoting *Nat'l Ass'n of Chain Drug Stores*, 582 F.3d at 45.)

Consistent with Rule 23(e)(2), in determining the fairness of a settlement, the Court considers factors such as whether: (1) the Class Representative Plaintiffs and Class Counsel have adequately represented the Family Member Settlement Class; (2) the settlement was negotiated at arm's-length; (3) the relief provided for the Family Member Settlement Class is adequate, taking into account the costs, risks, and delay of trial and appeal; and (4) the settlement treats all Family Member Settlement Class Members equitably. *See In re: TelexFree Sec. Litig.*, __ F. Supp. 3d __, No. 4:14-MD-2566-TSH, 2020 WL 4340966, *2 (D. Mass. July 28, 2020).

Courts in the First Circuit, including this district, have also relied on factors such as:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Bezdek*, 79 F. Supp. 3d at 343-344 (<u>quoting</u> *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)); *see also Gulbankian v. MW Mfrs., Inc.*, 2014 WL 7384075, *2 (D. Mass. 2014).

At the preliminary approval stage, there is a "presumption in favor of settlement" "[w]hen sufficient discovery has been provided and the parties have bargained at arms-length." *City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996); *see also Bezdek*, 79 F. Supp. 3d at 343. The purpose of the Court's preliminary evaluation of the settlement is to determine whether it is within the "range of reasonableness" such that proceeding with other requirements and the scheduling of a formal fairness hearing are worthwhile. *See* 4 Herbert B. Newberg, *Newberg on Class Actions* § 11.25 *et seq.*, and § 13.64 (4th ed. 2002 and Supp. 2004). The Court need not undertake an in-depth consideration of the relevant factors for final approval. Rather, the Court need only "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms," set a date for the final fairness hearing, and direct the completion of any prerequisite steps. *Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004) § 21.632. Preliminary approval should be granted if, as here, there are no "reservations about the settlement, such as unduly preferential treatment of class representatives or segments of the class, inadequate compensation or harms to the classes, the need for subclasses, or excessive compensation for attorneys." *Id.*, § 21.632, at 321 (4th ed. 2004).

Based on these standards, and for the reasons set forth below, the Court should preliminarily approve the proposed settlement as fair, reasonable and adequate.

**B.   <u>The Settlement Is Fair, Reasonable, And Adequate</u>**

1. <u>Class Representative Plaintiffs And Class Counsel Have Adequately Represented The Family Member Settlement Class.</u>

The Class Representative Plaintiffs are represented by counsel experienced in complex class action litigation. Class Counsel has extensive experience in complex litigation including class

actions relating to deceptive advertising and consumer protection. (*See* Declaration of Taylor C. Bartlett at ¶¶ 5-7). Class Counsel believes that under the circumstances, the proposed settlement is fair, reasonable and adequate and in the best interests of the class members. "When the parties' attorneys are experienced and knowledgeable about the facts and claims, their representations to the court that the settlement provides class relief which is fair, reasonable and adequate should be given significant weight." *Rolland v. Cellucci*, 191 F.R.D. 3, 10 (D. Mass. 2000).

    2. <u>The Settlement Was Negotiated At Arm's Length</u>

The settlement is the product of arms-length, protracted, and substantial negotiations spanning almost a year, and were informed by the earlier settlement that occurred prior to the Court's order compelling arbitration of other plaintiffs' claims. There were numerous rounds of settlement discussions, both telephonically and by email. The Parties advocated their positions well and ultimately resolved the dispute in a fair and reasonable way. The settlement discussions between the parties involved the exchange of settlement proposals and information that allowed the parties to intelligently evaluate their respective claims and defenses and come to a resolution that accounts for the risks and uncertainties of continued litigation. The time and effort spent by the Parties examining, investigating, and litigating the claims—and their ultimate agreement on a resolution—weigh in favor of preliminary approval of the proposed settlement, as the process strongly indicates there was no collusion.

    3. <u>The Relief Provided For The Family Member Settlement Class Is Adequate, Taking Into Account Relevant Factors.</u>

      ***a. The Settlement Relief is Adequate.***

The proposed settlement provides significant benefits to the Family Member Settlement Class Members because it provides both important injunctive relief and charitable relief tailored to the dispute.

### i. *Injunctive Relief*

DraftKings has agreed to implement extensive injunctive relief for a period of no less than two years.  This injunction has real meaning in that it is tailored to reducing the concerns of the Class Representative Plaintiffs and will, in turn, help alleviate concerns of the Family Member Settlement Class.

### ii. *Charitable Donation*

DraftKings agrees to make *cy pres* charitable donations for support, research, training, education, or membership to national responsible gaming organization(s), subject to Class Counsel's approval, which will not be unreasonably withheld, conditioned, or delayed, in the total aggregate amount of $325,000.  DraftKings shall make the full amount of such donations within eighteen (18) months after the Effective Date and the funds may be used to further the responsible gaming cause, providing additional resources to class members to discourage or prevent their family members from entering contests like those DraftKings offers.  This, in turn, will help the Family Member Settlement Class.

### b. *The Complexity, Expense, And Duration Of the Litigation Favor Settlement.*

The claims at issue in this case have been litigated for years and, absent settlement, are likely to continue for several more years. The motion to dismiss the Class Representative Plaintiffs' claims remain pending. The Parties face years of potential further litigation, as well as potential appeals, with both sides subject to risk and exposure based on the uncertainty of pending and future rulings. The complexity of the case and the claims at issue, as well as the time and expense already incurred by the Parties, in addition to what will be incurred should the case not settle, weigh strongly in favor of preliminary approval of the Proposed Settlement.

### c. *The Risks Of Establishing Liability And Damages Favor Settlement.*

This litigation has been contentious. The Class Representative Plaintiffs claim that DraftKings violated their respective states' gambling statutes. DraftKings denies any wrongdoing and argues that the Class Representative Plaintiffs' claims suffer from critical deficiencies and enormous litigation risk.

Accordingly, while DraftKings faces the possibility of significant liability should the Class Representative Plaintiffs be able to maintain and establish their claims, they face procedural challenges and difficult issues of proof of liability and damages. Class Representative Plaintiffs would also face additional challenges with respect to establishing and maintaining class certification status for any claims that survive, particularly given the nature of the proposed class—which consists entirely of individuals with no direct relationship with DraftKings. While both sides strongly believe in the merits of their respective cases, the proposed settlement avoids substantial risks and costs, providing a positive outcome in the face of costly and uncertain litigation.

### d. *The Proposed Attorneys' Fees, Costs, and Expenses Are Fair And Reasonable and the Incentive Awards are Fair.*

The terms of the injunctive relief and the amount of the charitable donations were negotiated and agreed upon prior to the Parties negotiating attorneys' fees, costs, and expenses. The proposed settlement provides that DraftKings will not object to Class Counsel seeking fees, costs, and expenses that do not exceed $140,000.00. Given the costs and expenses of litigating this action for five years, these fees and expenses are reasonable. DraftKings has also agreed not to oppose an application by the Class Representative Plaintiffs for an service award payment of up to $1,250.00 each.

4. The Proposed Settlement Treats Family Member Settlement Class Members Equitably Relative To Each Other.

Each Family Member Settlement Class Member is treated fairly with respect to each other because the injunctive relief and charitable donation apply equally to all Family Member Settlement Class Members.  No one Family Member Settlement Class Member is treated differently from any other.  In fact, there is no distinction as all between any Family Member Settlement Class Member with respect to the relief they gain.

## II.  THE COURT SHOULD CONDITIONALLY CERTIFY THE CLASS FOR PURPOSES OF SETTLEMENT.

### A.  The Requirements Of Rule 23(a) Are Satisfied.

Class certification for purposes of a class action settlement is proper where the requirements of Rule 23 are met. *See In re: Wireless Facilities*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes."). Rule 23(a) of the Federal Rules of Civil Procedure requires plaintiffs to show (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). Fed. R. Civ. P. 23(a)(1)-(4). All of these elements are satisfied here.

1. The Family Member Settlement Class Is So Numerous That Joinder Of All Members Is Impracticable.

Class certification is proper under Rule 23(a)(1) where a class contains so many members that joinder of all would be impracticable. "As a general matter, 'if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met.'" *Lannan v. Levy & White*, 186 F. Supp. 3d 77, 85 (D. Mass. 2016) (quoting *Stewart v.*

*Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001)). This case easily satisfies the numerosity requirement. The Family Member Settlement Class includes family members of DraftKings players from eleven states, as well as the District of Columbia.  While the exact number of family members is not known, the sheer volume of DraftKings players from these areas shows that the Family Member Settlement Class Members from there would far exceed the requisite minimum number.

    2.  <u>There Are Questions Of Law And Fact Common To All Family Member Settlement Class Members.</u>

With respect to the commonality requirement of Rule 23(a)(2), numerous common issues and questions exist. The commonality requirement has been aptly characterized as a "low bar" given "'permissive application.'" *Brown v. Am. Honda (In re: New Motor Vehicles Canadian Exp. Antitrust Litig.)*, 522 F.3d 6, 19 (1st Cir. 2008). It does not "require that class members' claims be identical." *Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21, 25 (D. Mass. 2003). Commonality may be satisfied by the presence of only a single issue common to the class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). Class members must have "the same injury," and key elements of the cause of action should be the same for the entire class. *Lannan*, 186 F. Supp. 3d at 86.

Here, the claims of all Family Member Settlement Class Members arise from the same factual allegations and involve the same legal theories, namely that they have sustained ascertainable losses arising from DraftKings's violation of states' laws that prohibit gambling and that allow a family member to recover certain losses incurred by a gambler.  Thus, questions of law that are common to all Family Member Settlement Class Members include whether DraftKings violated one of these states' laws.  Each Family Member Settlement Class Member would assert one of these states' law to recover from DraftKings and each Family Member Settlement Class

Member is an eligible claimant under those laws.  Under these circumstances, the commonality requirement is satisfied for purposes of certifying a Family Member Settlement Class because the key elements of the class members' claims are the same. *Lannan*, 186 F. Supp. 3d at 86.

       3. <u>Plaintiffs' Claims Are Typical Of Those Of The Family Member Settlement Class.</u>

Rule 23(a)(3) requires that the claims and defenses of the class representatives be typical of the class, such that the interest of absent class members will be fairly and adequately protected. *Lannan*, 186 F. Supp. 3d at 86; *see also In re: Volkswagen & Audi Warranty Extension Litig.*, 273 F.R.D. 349, 352 (D. Mass. 2011) (named plaintiff's incentives must align with those of the class). "The typicality requirement is fulfilled when the plaintiffs' claims arise from the same course of conduct and are based on the same legal theory as the class claims." *In re: Evergreen Ultra Short Opportunities Sec. Litig.*, 275 F.R.D. 382, 389 (D. Mass. 2011). Here, the Class Representative Plaintiffs' claims are typical because they arise from the same factual basis and are based on the same legal theories regarding DraftKings's alleged wrongdoing. Thus, the typicality requirement is satisfied for purposes of certifying the Family Member Settlement Class.

       4. <u>The Proposed Class Representative Plaintiffs Have And Will Continue To Fairly And Adequately Protect The Interests Of The Family Member Settlement Class.</u>

"The moving party must show first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). The Class Representative Plaintiffs' interests are co-extensive with the interests of the Family Member Settlement Class Members, and neither Family Members Plaintiffs nor Class Counsel have a conflict of interest with other Family Member Settlement Class Members. Additionally, Class Counsel has extensive experience in the successful prosecution of class actions on behalf of

consumers and is qualified to represent the interests of the class members. (*see* Declaration of Taylor C. Bartlett at ¶¶ 5-7). The Class Representative Plaintiffs and Class Counsel have been prosecuting this Action vigorously on behalf of the Family Member Settlement Class Members for years. Rule 23(a)(4) is therefore satisfied from purposes of certifying the Family Member Settlement Class.

### B.   <u>The Requirements of Rule 23(b) Are Satisfied.</u>

To obtain class certification, in addition to establishing the four elements of Rule 23(a), the plaintiff must also establish "one of several elements" of Rule 23(b). *Smilow v. Southwestern Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir. 2003); *In re: Initial Pub. Offering Sec. Litig.* (*"In re: IPO"*), 471 F.3d 24, 41 (2d Cir. 2006).

Certification under Rule 23(b)(2) is appropriate when a defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief …is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  The threshold for certification under Rule 23(b)(2) is lower than for claims seeking monetary awards or damages.  *Griffin v. Burns*, 570 F.2d 1065, 1074 (1st Cir. 1978). The general applicability of a defendant's conduct towards the putative class is the essential inquiry under Rule 23(b)(2): "[T]he conduct complained of is the benchmark for determining whether a subdivision (b)(2) class exists and a 23(b)(2) class is defined by the actions which a defendant has taken toward the class, and which should arguably be enjoined." *In re: New Motor Vehicles Canadian Export*, 2006 WL 623591, *6 (D. Me. Mar. 10, 2006).

Both prongs of Rule 23(b)(2) are satisfied here: DraftKings has acted on grounds generally applicable to the Family Member Settlement Class and the Family Member Settlement Class seeks tailored injunctive relief for the Family Member Settlement Class as a whole.  DraftKings's actions and/or inactions alleged by the Class Representative Plaintiffs apply to each family member who

is a part of the Family Member Settlement Class. The Family Member Settlement Class seeks injunctive relief which effectuates changes to DraftKings's processes and provides substantial and meaningful charitable contributions to a national responsible gaming organization. The injunctive relief is tailored to reduce the concerns of the Family Member Settlement Class and will, in turn, help alleviate concerns of the Family Member Settlement Class. "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores, Inc.*, 564 U.S. at 360 (internal quotation omitted). Accordingly, 23(b)(2) injunctive relief is appropriate.

### III.   THE PROPOSED CLASS REPRESENTATIVE PLAINTIFFS SHOULD BE PRELIMINARILY APPOINTED AS CLASS REPRESENTATIVES AND PLAINTIFFS' COUNSEL SHOULD BE PRELIMINARILY APPOINTED AS CLASS COUNSEL.

Leah Boast, Crystal Turner, Rebecca McGuire, Michelle Hodge, Aurora Walker, and Hillary Williams move to be preliminarily appointed as Class Representative Plaintiffs, and also for the appointment of Plaintiffs' Counsel, Taylor C. Bartlett as Class Counsel. The Class Representative Plaintiffs understand the obligations of serving as class representatives and have adequately represented the interests of the putative class and have retained experienced counsel.

### IV.   NOTICE TO THE FAMILY MEMBER SETTLEMENT CLASSES.

The Parties move for certification of a Family Member Settlement Class under Federal Rule of Civil Procedure 23(b)(2). Although the Parties acknowledge and agree that class notice is not always required in a Rule 23(b)(2) class settlement, it is agreed that in this Action, a class notice shall be issued and that DraftKings shall issue the Class Notice in forms substantially identical to Exhibits B-1 and B-2 attached to the Settlement Agreement in accordance with the requirements of the Preliminary Approval Order, as follows:

1.      Subject to the approval of the Court and to be completed no later than thirty (30) days after the Preliminary Approval Order, DraftKings shall pay all costs and cause the Class Notice to be issued by publishing notice in a form substantially identical to Exhibit B-1 attached to the Settlement Agreement once per week for two consecutive weeks in the regional USA Today editions distributed in the following jurisdictions: District of Columbia, Georgia, Illinois, Indiana, Kentucky, Massachusetts, New Jersey, New Mexico, Ohio, South Carolina, South Dakota, and Tennessee.

2.      DraftKings shall provide and bear the cost of notice to appropriate federal and state officials as required by the Class Action Fairness Act of 2005.

3.      DraftKings or an administrator directed by DraftKings shall establish and maintain at DraftKings' sole expense a website related to the settlement, which will allow access to the relevant documents, as well as the longer, more detailed notice in substantially the form of Exhibit B-2 attached to the Settlement Agreement.

## V.      A FINAL APPROVAL HEARING SHOULD BE SCHEDULED.

The last step in the settlement approval process is the formal fairness or Final Approval Hearing, at which time the Court will hear all evidence and argument, for and against, the proposed settlement. The parties request that the Court grant preliminary approval of the settlement and schedule a Final Approval Hearing no earlier than ninety (90) days after DraftKings completes service of the CAFA Notice and one hundred (100) days after entry of the Court's preliminary approval order of this settlement.

## <u>CONCLUSION</u>

For the foregoing reasons, the Class Representative Plaintiffs respectfully request that the Court grant their unopposed motion by entering an Order preliminarily approving the proposed

settlement, certifying a class for settlement purposes, preliminarily appointing Class Representative Plaintiffs and Class Counsel, and scheduling a Final Approval Hearing.

DATED: <u>January 20, 2022</u>                    Respectfully submitted,

*/s/ Taylor C. Bartlett*
Taylor C. Bartlett (*Pro Hac Vice*)
Email: taylor@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to any indicated as non-registered participants on January 20, 2022.

*/s/ Taylor C. Bartlett*
Taylor C. Bartlett (Pro Hac Vice)