UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: DAILY FANTASY SPORTS LITIGATION | ) ) ) | MDL No. 16-02677-GAO |
| This Document Relates to: | ) ) | JURY TRIAL DEMANDED |
| All Cases | ) ) ) | |

### FINAL APPROVAL ORDER AND ENTRY OF JUDGMENT

This matter came for hearing on June 8, 2022 ("Final Approval Hearing"), to determine whether the terms and conditions of the parties' Stipulation and Settlement Agreement dated July 28, 2021 ("Settlement Agreement") entered into by plaintiffs Leah Boast, Crystal Turner, Rebecca McGuire, Michelle Hodge, Aurora Walker, and Hillary Williams, individually and on behalf of the proposed Settlement Class (collectively, "Plaintiffs"), and defendants FanDuel Inc. and FanDuel Deposits, LLC ("FanDuel" or "Defendants"; together with Plaintiffs, the "Parties"), and the Settlement embodied therein, are fair, reasonable, and adequate, and whether final approval should be granted. All due and adequate notice having been given, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Approval Order and Entry of Judgment ("Order" or "Order and Final Judgment") incorporates by reference the definitions in the Settlement Agreement, and all initial capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth below.

2. This Court has subject matter jurisdiction over the Action to approve the Settlement

1

Agreement under 28 U.S.C. § 1332(d)(2), and personal jurisdiction over Plaintiffs, Defendants (in this Action only and for purposes of this Settlement), and all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by entering the Preliminary Approval Order dated February 18, 2022 (Dkt. No.483) ("Preliminary Approval Order").

4. The Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel will fairly and adequately protect the interest of the Settlement Class; and (e) Defendant has acted on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

5. In light of the above findings and solely for purposes of the Settlement, the Court hereby finally certifies the Settlement Class as defined in the Preliminary Approval Order pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for purposes of the Settlement.

6. The Court appoints, solely for purposes of the Settlement, Plaintiffs Leah Boast, Crystal Turner, Rebecca McGuire, Michelle Hodge, Aurora Walker, and Hillary Williams as the representatives of the Settlement Class.

7. The Court appoints, solely for purposes of the Settlement, Taylor C. Bartlett and W. Lewis Garrison, Jr., to serve as Settlement Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court approves the Settlement as set forth in the Settlement Agreement and finds that:

(a) the Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Settlement;

(c) the Settlement was the product of informed, extensive arm's-length negotiations between competent, able counsel spanning months; and

(d) the Parties have adequately evaluated and considered their positions in this Action.

9. Accordingly, the Court authorizes and directs implementation and performance of all terms of the Settlement Agreement and this Order. The claims in this Action are dismissed on the merits and with prejudice pursuant to the terms set forth in the Parties' Settlement Agreement and in this Order. The Parties are to bear their own costs except as and to the extent provided in the Settlement Agreement and this Order.

10. Defendant has stipulated, and is hereby ordered, to implement the following changed practices within ninety (90) days after Final Approval and for a period of no less than four years:

(a) FanDuel shall agree to accept for processing third-party exclusion requests from spouses of players, upon adequate proof of a spousal relationship—without requiring additional proof that the requestor is jointly obligated on the payment method, or that the player has unmet financial or child support obligations.

(b) In processing these requests, FanDuel retains the discretion to determine whether a period of exclusion or deposit limits are appropriate under the facts and

3

circumstances provided.

(c) Details about this change in third-party exclusion practices will be published on FanDuel's Responsible Gaming page at https://www.fanduel.com/responsible-play.

11. To the extent FanDuel has not already paid the full amount of the *cy pres* charitable donation of $375,000 to national Responsible Gaming organization(s) per the terms of the Settlement, FanDuel shall complete such payment in full within twelve (12) months of the issuance of this Order.

12. Upon the Effective Date, and in exchange for the benefits under the Settlement, Plaintiffs, on behalf of the Individual Release Parties, fully and forever release and discharge the Released Parties from, and covenant not to sue any Released Parties for, the Individual Released Claims; and Settlement Class Members, on behalf of the Class Release Parties, fully and forever release and discharge the Released Parties from, and covenant not to sue any Released Parties for, the Class Released Claims. Any person who knowingly violates the foregoing releases and covenants shall pay the attorneys' fees and costs incurred by Defendants and/or any other Released Party as a result of the violation.

13. By the Settlement Agreement and this Order, in connection with and as part of the Released Claims, Plaintiffs and Settlement Class Members have or are deemed to have expressly acknowledged that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Notwithstanding California or other law, Plaintiffs and Settlement Class Members expressly acknowledge and agree (or are deemed to acknowledge and agree by operation of law) that, in connection with and as part of the Released Claims, the provisions, rights, and benefits of Section 1542 and all similar federal, state, or local laws, rights, rules, or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released, and relinquished to the fullest extent permitted by law in connection with the Released Claims and any unknown claims that are substantially similar to or overlap with the Released Claims; that the foregoing is an essential term of the releases provided herein; that they may discover claims presently unknown or unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein; and that such claims, to the extent that they are substantially similar to or overlap with the Released Claims, are hereby released, relinquished, and discharged.

14. This Court finds that Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and that more than ninety (90) days have elapsed since Defendants provided such notice.

15. The Court reaffirms its finding that no notice of the Settlement needed to be provided to the Settlement Class to comport with due process or the Federal Rules of Civil Procedure. By this Order, the Court certifies for settlement purposes the Settlement Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure, and therefore no notice or opt-out rights apply. Further, upon issuance of this Order, the Settlement Class Members, other than Plaintiffs, release only claims for injunctive, other equitable, and declaratory relief; Settlement Class Members, other than Plaintiffs, are not releasing claims for actual damages by this Order. In light

of the foregoing, and given that CAFA Notice was timely provided, the Court finds that discretionary notice to the Settlement Class Members was not necessary, and it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment.

16. Settlement Class Members and all other persons pursuing claims on behalf of any such person or entity (including by pursuing a class action, by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) are hereby permanently enjoined from, directly or indirectly, filing, commencing, prosecuting, intervening in, participating in, maintaining, or otherwise receiving any benefits from any lawsuit, arbitration, government action, administrative or regulatory proceeding, or order in any jurisdiction, forum, or tribunal asserting claims or seeking relief relating in any way to the Released Claims. Nothing in this paragraph shall require any person or entity to take any affirmative action with regard to other pending class action litigation in which it may be an absent class member.

17. The Court declares that the Settlement Agreement and the Final Approval Order shall be binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings against Defendants involving the Released Claims, and shall also be binding on their respective successors and assigns, regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or the Settlement.

18. Any of the Parties may file the Settlement Agreement and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, or any theory of claim preclusion, issue preclusion, or similar

defense or counterclaim.

19. Neither the Settlement, the Settlement Agreement (whether or not it shall become Final), any discussions and documents exchanged among the Parties and their respective counsel in connection with negotiating the Settlement, the Preliminary Approval Order, this Order, nor any act performed, document executed, or paper filed pursuant to or in furtherance of the Settlement or the Settlement Agreement:

(a) shall be offered or received against any of the Released Parties as evidence of, or be deemed to be evidence of, any adjudication, presumption, concession, or admission by any of the Parties with respect to the truth of any fact alleged by any of the Parties or the validity, or lack thereof, of any claim or counterclaim, or the existence of any class, that has been or could have been asserted in the Action or in any other litigation against Defendants, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation against Defendants, or of any liability, negligence, fault, or wrongdoing of any of the Released Parties;

(b) shall be offered or received against the Released Parties as evidence of, or deemed to be evidence of, any adjudication, presumption, concession, or admission of any act, liability, fault, wrongdoing, misrepresentation, or omission with respect to any conduct, practice, statement, or written document approved, undertaken, implemented, or made by any of the Released Parties, or against any of the Released Parties as evidence of any claim or defense asserted or may have been asserted in the Action;

(c) shall be offered or received against any of the Released Parties as evidence of, or deemed to be evidence of, any adjudication, presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for

any other reason as against any of the Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that the Released Parties may refer to the Settlement Agreement and Settlement to effectuate the liability protection granted them hereunder; or

(d) shall be construed against any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

20. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over all matters relating to the interpretation, administration, implementation, and enforcement of the Settlement and Settlement Agreement.

21. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settlement Class Members.

22. Except as otherwise provided in the Settlement Agreement, in the event the Settlement or the Settlement Agreement is terminated or if the Effective Date fails to occur for any reason: the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of the date of execution of the Settlement Agreement; this Order will be vacated in its entirety; and except as otherwise expressly provided, the Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered and without any prejudice in any way from the negotiation, fact, or terms of the Settlement, none of which shall be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be

used in any manner in any subsequent proceeding in this Action or any other action or proceeding in any court or other forum.

      23.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED:

DATED: __June 8, 2022__          /s/ George A. O'Toole, Jr.
                                             Hon. George A O'Toole, Jr.
                                             United States District Court Judge